UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,      )<br>                 Plaintiff,      )<br>                                )<br>          v.                    )<br>                                )<br>8 GILCREASE LANE, QUINCY        )<br>FLORIDA 32351, *ET AL.*,        )<br>                                )<br>              Defendants.       )<br>_____ )<br>                                )<br>Thomas A. Bowdoin, Jr.,         )<br>Bowdoin/Harris Enterprises, Inc. & )<br>Adsurfdaily, Inc.,              )<br>                                )<br>              Claimants.        )<br>_____ ) | Civil Action No. 08-1345 (RMC)<br>ECF |

## PLAINTIFF'S OPPOSITION TO CLAIMANTS' MOTION TO DISMISS

Presumably these claimants, the movants here, seek dismissal of the Complaint under Rule G(8)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, which incorporates Rule 12(b) of the Federal Rules of Civil Procedure.[1] But, the authorities that movants have cited in support of dismissal are inapposite. Further, the Court would have to elevate arid formula over true meaning before it could grant relief, so this Rule 12(b) dismissal motion amounts to a bootless quibble over indistinguishable wordings – arguments ". . . full of sound and fury, [but] signifying nothing."

## BACKGROUND

The government brought this Complaint on August 5, 2008. On August 15, 2008, the

---

[1] Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions governs "Forfeiture Actions In Rem." Rule G provides that "[t]o the extent that [Rule G] does not address an issue, Supplemental Rules C and E and the Federal Rules of Civil Procedure also apply."

Court docketed a pleading styling itself as containing verified claims by: (1) Bowdoin/Harris Enterprises, Inc.; (2) Adsurf Daily, Inc.; and (3) Mr. Thomas A. Bowdoin, Jr. The same counsel filed the pleading attaching all three claims.

Supplemental Rule G(8)(b)(i) states: "A claimant who establishes standing to contest forfeiture may move to dismiss the action under Rule 12(b)." On August 18, 2008, Bowdoin/Harris Enterprises, Inc.; Adsurf Daily, Inc.; and Mr. Thomas A. Bowdoin, Jr., as claimants, filed an "Emergency Motion For Return Of Seized Funds . . . And Motion To Dismiss." In this motion, the movants ask the Court to dismiss the Complaint because, they say, it was not properly verified. Although the motion to dismiss does not cite a specific subsection of Rule 12(b), because the Federal Rules provide no basis other than Rule 12(b) for seeking pre-answer dismissals of complaints, movants must be arguing either:

> (1) that the Court lacks subject matter jurisdiction over this action (which is a Rule 12(b)(1) attack), because the Court never acquires Act-of-Congress jurisdiction unless the statutory requirements have been met for filing a properly verified complaint for a forfeiture action *in rem*; or
>
> (2) that the Complaint fails to state a claim upon which relief can be granted (which is a 12(b)(6) attack), because the Complaint is not properly verified, and a civil forfeiture action *in rem* can only state a claim for forfeiture by the filing of a verified complaint.

Under whichever subsection of Rule 12(b) the Motion to Dismiss is intended or treated, however, it has no merit. The existing Complaint contained a proper statement of verification, pursuant to 28 U.S.C. § 1746. Therefore, this Court should reject the pending Rule12(b) dismissal motion.

## **ANALYSIS**

Supplemental Rule G(2)(a) states that a complaint in a forfeiture action *in rem* must "be verified . . . ." The statute that governs what "verified" means is 28 U.S.C. § 1746. It states:

> wherever, under any law of the United States or under any rule . . . any matter is required . . . to be supported . . . by the sworn . . . *verification* . . . of the person making the same . . . such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn . . . *verification*, or statement, in writing of such person which is subscribed by him, as *true under penalty of perjury*, and dated, in substantially the following form: . . .
>
> (2) If executed within the United States . . . "I declare (or certify, verify, or state) *under penalty of perjury that the foregoing is true and correct*. Executed on (date). (Signature)".

(Emphasis supplied.)

This action's Complaint for Forfeiture *In Rem* contained a proper statement of verification as required by Supplemental Rule G(2)(b) and 28 U.S.C. § 1746. On the Complaint's page 44, the following verification appeared:

> I, Roy Dotson, a Special Agent with the United States Secret Service, *declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing Complaint for Forfeiture In Rem* is based upon reports and information known to me and/or furnished to me by other law enforcement agents and that *everything represented herein is true and correct* to the best of my knowledge and belief.

Complaint at 44 (emphasis supplied). Manifestly, Agent Dotson's "verification" is in "substantially" the same form as that set forth in 28 U.S.C. § 1746.

To challenge this verification under 28 U.S.C. § 1746, and to advance a Rule 12(b) claim for dismissal, movants assert that the syntax of Agent Dotson's statement is so utterly deficient that it amounts to a constructive "non-verification." There is no blinking the consequences of the motion's logic – the Complaint is to be dismissed because the agent has blundered in his wording. But, if movants fail to show that Agent Dotson's statement was so irredeemably flawed that it is a "constructive non-verification," their 12(b) dismissal claim falls instead.

This is a burden that movants's arguments do not launch off the ground, much less

shoulder. The most cursory glance at Agent Dotson's verification shows that it contains:

>   (1) a specific citation to 28 U.S.C. § 1746;
>   (2) a statement that the verification was made "under penalty of perjury;" and,
>   (3) a statement that the information in the Complaint was "true and correct."

Thus, the Complaint was properly verified under 28 U.S.C. § 1746, and movants's quibbles over the verification's syntax point to a querulous distinction without a substantive difference from the statute's text. Indeed, section 1746's phrase "substantially the following form" dictates that this Court should reject an argument founded only upon claims of empty, meaningless "formula-ism" or talismanic, word-for-word incantations.[2]

Relevant case law also warrants denying the Rule 12(b) dismissal motion. In Schroeder v. McDonald, 55 F.3d 454, 460 n.10 (9th Cir. 1995), a statement of verification averred that "'the facts stated in the . . . complaint [are] true and correct *as known to me.*'" Id. (emphasis, ellipsis, and brackets in original). Schroeder ruled that, pursuant to section 1746, these words passed muster as a proper verification, because it "stated under penalty of perjury that the contents were true and correct" even if the verifier "did not follow § 1746's form with precision[.]" Id.[3]

---

[2] Before filing a Motion to Dismiss that quibbles over Agent Dotson's phrasing, an entity known as Adsurfdaily, Inc., through Thomas A. Bowdoin, Jr., filed a claim to what it identifies as the approximately $53 million previously held on deposit . . . in accounts in the names of Thomas A. Bowdoin, Jr., sole proprietor, d/b/a Adsurfdaily." See Docket, Document 6-2. But, concerned about the apparent illegitimacy of a corporation's effort to claim funds that Thomas Bowdoin held in bank accounts he opened (for his apparent sole proprietorship) and exclusively controlled, Bowdoin filed a contemporaneous claim in which he swore that the funds might be his, alone. Id. Plaintiff does not concede that either claim satisfies applicable standing rules and, of course, only valid claimants may challenge forfeiture cases. Bowdoin's inconsistent ownership claims, which cannot both be true, cannot both survive.

[3] Schroeder was not a forfeiture case, but it is persuasive nonetheless because it decided the sufficiency of a verification statement under 28 U.S.C. § 1746, something not at issue in any of the authorities that movants have cited.

Other decisions counsel denying the 12(b) dismissal motion.  <u>Trammell Real Estate Corp. v. Trammell</u>, 748 F.2d 1516 (11th Cir. 1984), held that the phrase, "I declare under penalty of perjury that the foregoing costs are correct . . ." met the requirements of section 1746 because the declaration was "substantially similar to the permissible substitute set forth in section 1746." <u>Id</u>. at 1518.  Similarly, <u>Commodities Futures Trading Com'n v. Topworth Intern., Ltd.</u>, 205 F.3d 1107 (9th Cir. 1999), held that a declaration made in Hongkong was in substantially the same form as section 1746's requirements for statements made outside the United States when it stated that it was made under penalty of perjury under the laws of "any applicable jurisdiction," rather than specifically mentioning the laws of the United States.

<u>Nissho-Iwai American Corp. v. Kline</u>, 845 F.2d 1300 (5th Cir. 1988), also shows what is essential to comply with section 1746:  (1) an assertion that the facts are true and correct; and (2) an averral that the first assertion is made under penalty of perjury.  <u>Id</u>. at 1306.  <u>Nissho-Iwai American Corp.</u> decided that an affidavit was "not in substantial conformity with either formula because, as drafted, it allows the affiant to circumvent the penalties for perjury in signing onto intentional falsehoods" and the affiant "never declared her statement to be true and correct[.]" <u>Id</u>.

To the same effect is <u>Burgess v. Moore</u>, 39 F.3d 216 (8th Cir. 1994), which held that a petitioner who "signed his complaint and affidavit under penalty of perjury," had complied with § 1746.  <u>Id</u>. at 217-218.  Thus, a judge "should have treated both documents as verified." <u>Id</u>. at 218.  <u>Matter of Muscatell</u>, 106 B.R. 307 (M.D. Fla. 1989), makes much the same point.  Indeed, <u>Muscatell</u> stated that section 1746

> does not mandate strict compliance with the exemplary clause provided in the

>statute. The statute clearly states the clause needs to be in substantially the same form as the one in the statute. . . . Thus, as long as the unsworn declaration includes the phrase, "penalty of perjury", and states the document is true, the verification requirements of 28 U.S.C. § 1746 will be satisfied.

Id. at 308.[4]  Based on these precedents, this Court should rule that Agent Dotson's verification meets the requirements of section 1746.

In contrast to these authorities, movants have brought to the Court's attention no competent, recent federal precedent favoring their argument.  Hahn v. Frederick, 66 So. 2d 823 (Fla. 1953), is inapposite on issues, facts, posture, procedure, and analysis.  Hahn denied a writ of prohibition based on its construction of a Florida statute on judicial disqualification, Section 38.10 Florida Statutes 1951, F.S.A.  Hahn v. Frederick, *supra*, 66 So. 2d. at 824.  Hahn decided the sufficiency of an affidavit, not the adequacy of a statement verifying the facts in a forfeiture complaint.  Thus, Hahn has no value – it did not decide a forfeiture issue, was not a federal decision, and is not even a recent state decision.  Hahn dates to nearly a quarter-century before Congress enacted section 1746 in 1976, which itself was more than twenty-five years ago.  Similarly, a citation to a secondary authority, and a state treatise at that, *Florida Practice & Procedure*, is unpersuasive in a federal court.  And, even the cited part of this Florida treatise discusses the content of affidavits, not statements of verification.

Movants's only other citation is to Malek v. Martin Marietta Corp., 859 F.Supp. 458, (D. Kan. 1994).  Although Malek at least is a federal decision that arose after Congress passed

---

[4] Nissho-Iwai American Corp., Burgess, and Matter of Muscatell all arose in the context of motions for summary judgment and decided if what purported to be an affidavit was proper evidence under Fed.R.Civ.P. 56(e).  Plaintiff cites the opinions not for their construction of Rule 56(e), but because they decided what language a statement must include in order to comply with section 1746.

section 1746, it does not construe section 1746. Rather, <u>Malek</u> decided an affidavit's sufficiency under the rule governing summary judgment, Fed.R.Civ.P. 56(e), and possibly a Kansas state statute. <u>Id</u>. at 460-461 ("court is compelled to enforce Rule 56(e) and disregard the plaintiff's affidavit"). What readily distinguishes <u>Malek</u> from this case is that, unlike affidavits to support probable cause, and unlike civil complaints themselves, Rule 56 affidavits in support of, or in opposition to, summary judgment cannot normally include hearsay. <u>See</u> Rule 56(e) ("A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.") Verified complaints may include hearsay and even be pled "on information and belief." Forfeiture complaints must only "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Rule G(2)(f).

In contrast to Rule 56's requirement that papers supporting summary judgment must offer sufficient admissible evidence, there is no requirement that a forfeiture complaint include only facts that the verifier witnessed. Nor is the sufficiency of evidence requirement the same. Indeed, "the [forfeiture] complaint may not be dismissed on the ground that the government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property." Rule G(8)(b)(ii). <u>Malek</u> concerned only the propriety of granting summary judgment. It did not base its holding on an analysis of section 1746 – the opinion does not mention section 1746 even once – and it is no authority for granting a Rule 12(b) motion to dismiss for constructive non-verification.

Ultimately, this is a federal forfeiture case, properly commenced with a verified Complaint that complied fully with 28 U.S.C. § 1746. Movants have failed to make out a

meritorious Rule 12(b) motion to dismiss – Agent Dotson's statement passes muster as a verification.[5]

## CONCLUSION

For the foregoing reasons, the United States respectfully submits that claimants' Motion to Dismiss should be DENIED. A proposed order is attached.

                                        Respectfully submitted,

                                         /s/ Jeffrey A. Taylor
                                        JEFFREY TAYLOR, D.C. Bar No. 498610
                                        UNITED STATES ATTORNEY

---

[5] Even if Agent Dotson's declaration were so deficient as to amount to a constructive non-verification, movants have not made out proper grounds for dismissing this case. Were their arguments to have merit, movants would not be entitled to the relief they seek, that is, a dismissal. Rather, movants at most would be entitled to an order directing the government to file a statement of verification that better complied with section 1746. After all, it is not that movants assert that this forfeiture Complaint omitted entirely a statement of verification.

     In this regard, an analogy to criminal procedure is apt here. When the government files a criminal complaint, it normally attaches to the charging document a statement of facts making out probable cause, which a police officer swears to. Colloquially, this sworn statement is called a "Gerstein" after the Supreme Court's decision in Gerstein v. Pugh, 420 U.S. 103 (1975). Under Gerstein, without this sworn statement of probable cause, a defendant may not be detained or held to bail pending a preliminary hearing beyond a very brief period after arrest without a sworn statement of probable cause. Id. at 113-116. Under the Gerstein doctrine, if the sworn statement of probable cause is defective, the remedy is not to dismiss the criminal complaint outright, but either to allow the government to revise the Gerstein statement or to discharge the defendant from bail. See United States v. Means, No. 06-10715, 252 Fed.Appx. 830 (9th Cir. 2007) (unpublished decision available at 2007 WL 3226617) (citing Gerstein v. Pugh, *supra*, 420 U.S. at 119); cf. United States v. All Funds . . . Held in the Name of Kobi Alexander, No. 06-CV-3730 (NGG) (E.D.N.Y. Sept. 10, 2007) (to extent that civil complaint was flawed for failing to plead sufficient facts to make out forfeiture claim, defect could be cured by allowing government to amend complaint, rather than by dismissing it) (unpublished decision available at 2007 WL 2687660). In the analogous circumstances before this Court, if the forfeiture Complaint's verification is ruled deficient to permit the continued arrest of the defendant property, this case should not be dismissed. Instead, the Court should direct the government to file the shorter verification that movants apparently desire before they file their Answer.

                    */s/ William R. Cowden*
                    WILLIAM R. COWDEN, D.C. Bar No. 426301
                    Assistant United States Attorney
                    Criminal Division, Asset Forfeiture Unit
                    555 Fourth Street, N.W., Fourth Floor
                    Washington, D.C. 20530
                    (202) 307-0258
                    william.cowden@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that I caused a copy of the foregoing Opposition to be served by means of the Court's ECF system on this 25th day of August 2008 upon claimant's counsel of record.

                    */s/ William R. Cowden*
                    WILLIAM R. COWDEN

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**         ) | |
| Plaintiff,         ) | Civil Action No. 08-1345 (RMC) |
| ) | ECF |
| v.         ) | |
| ) | |
| **8 GILCREASE LANE, QUINCY**         ) | |
| **FLORIDA 32351,** *ET AL.***,**         ) | |
| ) | |
| Defendants.         ) | |
| ) | |
| ) | |
| **Thomas A. Bowdoin, Jr.,**         ) | |
| **Bowdoin/Harris Enterprises, Inc. &**         ) | |
| **Adsurfdaily, Inc.,**         ) | |
| ) | |
| Claimants.         ) | |
| ) | |

**O R D E R**

Upon consideration of the Motion to Dismiss, the Opposition thereto, and the entire record herein, it is this _____ day of _____, 2008

HEREBY Ordered that the Motion to Dismiss is DENIED.

_____
ROSEMARY M. COLLYER
United States District Judge