UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**8 GILCREASE LANE, QUINCY** )<br>**FLORIDA 32351,** *ET AL.*, )<br>)<br>**Defendants.** )<br>_____ )<br>)<br>**Thomas A. Bowdoin, Jr.** )<br>**Bowdoin/Harris Enterprises, Inc. &** )<br>**Adsurfdaily, Inc.,** )<br>)<br>**and** )<br>)<br>**Golden Panda Ad Builder &** )<br>**Clarence Busby, Jr.,** )<br>)<br>**Claimants.** )<br>_____ ) | Civil Action No. 08-1345 (RMC)<br>ECF<br><br>Plaintiff's Opposition to Emergency<br>Motion for Release of Property Pending<br>Forfeiture and for Evidentiary Hearing |

### PLAINTIFF'S OPPOSITION TO CLAIMANTS' EMERGENCY
### MOTION FOR RETURN OF SEIZED FUNDS

Plaintiff, the United States of America, by its attorney, the United States Attorney for the District of Columbia, respectfully opposes the Emergency Motion for Release of Property Pending Forfeiture, and for Evidentiary Hearing that a recent claimant to some of the defendant properties, Clarence Busby, Jr. ("Busby"), has, through his counsel, filed here. As further discussed herein, it does not appear that claimant Busby possesses any better factual basis to support his Emergency Motion for Return of Seized Funds than Thomas A. ("Andy") Bowdoin produced when he moved for similar relief on behalf of Adsurfdaily. Therefore, Busby's motion for release of property should be denied. But, claimants Busby and Bowdoin have both now

requested that this Court provide them with an evidentiary hearing in order to provide additional evidentiary support for their effort to challenge the government's opposition to a pre-trial release of seized funds.  Similarly, these claimants complain that the government's seizure, if not reversed by this Court now, will cause the demise of two legitimate advertising businesses.  Although the government continues to oppose both requests for return of seized funds, it <u>does not oppose these claimants' request that they be provided with an evidentiary hearing</u> to support their motions.  Movants Busby and Bowdoin bear the burden to demonstrate that they are entitled to pre-trial relief under section 983(f), <u>see</u> 18 U.S.C. 983(f)(6)(B).  This Court should require that these claimants/movants appear at any hearing it schedules, prepared to defend the assertions they have made in support of the pretrial relief they presently request.[1]

## BACKGROUND

The government brought this forfeiture case on August 5, 2008.  On August 15, 2008, the Court docketed a pleading styling itself as containing verified claims by:  (1) Bowdoin/Harris Enterprises, Inc.; (2) Adsurf Daily, Inc.; and (3) Mr. Thomas A. Bowdoin, Jr. ("Bowdoin").  In this first set of claims, Bowdoin, "as President" of Adsurfdaily, Inc., said that "Adsurfdaily, Inc. is the owner of the funds held on deposit at Bank of America in the names of Thomas A. Bowdoin, Jr., sole proprietor, d/b/a Adsurfdaily." <u>See</u> Docket 6-2 (page 4 of 6).  On August 18, 2008, Adsurfdaily, Inc. ("ASD") filed an "Emergency Motion for Return of Seized Funds" and a request for an evidentiary hearing.  ASD attached several affidavits to its emergency Motion,

---

[1] The government submits that scheduling a hearing also provides good cause to postpone decision on the merits of each claimant's section 983(f) motion past the 30-day deadline set forth at section 983(f)(5).  In discussions with the attorneys representing claimants Busby and Bowdoin, and their respective corporations, we understand that all parties would be available for a hearing after September 17, 2008.  Testimony might extend over two days.

including a "Declaration of Gerald P. Nehra, Esq." in which Mr. Nehra opined that ASD is not operating an illegal Ponzi scheme. According to Mr. Nehra, in reaching this opinion, he "interviewed in person, and at length, . . . Andy Bowdoin, the Founder and President of ASD." Bowdoin's statements about his operation of ASD were material to the opinion he tendered from the expert he retained. To secure any early relief from this Court, Bowdoin and his expert should be prepared to explain and defend ASD's operation from the witness stand.

On August 25, 2008, ten days after Bowdoin filed his and ASD's verified claims, Golden Panda Ad Builder ("GP") and Clarence Busby, Jr. filed their verified claims asserting interests (1) in the funds in the two accounts at the Bank of America that were in Busby's and Dawn Stowers's names and (2) in the two accounts at the Bank of America that were in GP's name. On August 29, 2008, Busby and GP filed their own Emergency Motion by which they, like Bowdoin, have sought the pretrial release of property that has been sued for forfeiture. Attached to this second Emergency Motion is an Affidavit from Busby in which he asserts that because the funds he used to start GP were not derived from ASD, the government erred when it supposed that GP was "an extension of ASD[.]" GP Emergency Motion at 14-15. In his affidavit, Busby testifies that Bowdoin had "no involvement in forming Golden Panda beyond planting the idea" and that [w]hile the focus of ASD maybe income generation . . . the focus of my business was advertising[.]" Exhibit 1 to GP's Emergency Motion at 6. According to Busby, "Golden Panda profits from the sale of advertising." Id. at 8. As a result of the pretrial relief Busby requests, Busby's, like Bowdoin's, credibility is now at issue. Like Bowdoin, Busby should be prepared to explain how a company that promises to return 125% of its revenue is a profitable advertising

3

company, not operating as a Ponzi scheme.[2] After all, if Busby can demonstrate that GP legally earns a profit, the government might consent to a release of some seized funds at this time.

The Court may choose to decide the emergency motion on the papers. Thus, the government has set forth its arguments in opposition to the requested relief, below.

## **ANALYSIS**

Civil forfeiture cases are governed by the procedures codified at 18 U.S.C. § 983 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (particularly Supplemental Rule G). Section 983(f) sets forth the procedures that a "claimant" within the meaning of subsection 983(a) must satisfy before a Court may release property that has been seized for civil forfeiture. See e.g., United States v. Douleh, 220 F.R.D. 391, 396 (W.D.N.Y. 2003) (section 983(f) is the exclusive remedy for seeking pre-trial release of property to avoid a hardship; Rule 41(g) motion dismissed).[3] Section 983(f) motions are, by the terms of the statute, limited to cases where pretrial release of seized property subject to civil forfeiture is necessary to prevent substantial hardship. Even then, a court may return property pending its forfeiture only

---

[2] OSRecovery, Inc. v. One Groupe Intern., Inc., 262 F. Supp.2d 302, 310 (S.D.N.Y. 2003) ("[Litigant] waived his privilege against self-incrimination with regard to matters relevant to his affidavit."); Brown v. United States, 356 U.S. 148 (1958) (witness who testifies on direct examination voluntarily may not invoke Fifth Amendment to decline to answer questions on cross-examination).

[3] As the Eight Circuit noted in United States v. One Lincoln Navigator, 328 F.3d 1011, 1012 n.1 (8th Cir. 2003), "[t]he substantial hardship provision was one of eight 'core reforms' enacted by Congress in § 2 of the Civil Asset Forfeiture Reform Act of 2000 ["CAFRA"] 'to make federal civil forfeiture procedures fair to property owners and to give owners innocent of any wrongdoing the means to recover their property and make themselves whole after wrongful government seizures.'" (quoting H.R. Rep. No. 106-192, at 11 (1999)). See also Malladi Drugs & Pharmaceuticals, Ltd. v. Tandy, 538 F. Supp.2d 162 (D.D.C. 2008) (CAFRA reforms included section 983(f)).

where a claimant seeking release establishes that the substantial hardship outweighs the risk that the property will not be available for forfeiture. See e.g., United States v. Undetermined Amount of U.S. Currency, 376 F.3d 260 (4th Cir. 2004) (under section 983(f)(1)(D), court must make three findings: (1) the risk that the property will not be available; (2) the hardship to the claimant; and (3) whether the hardship outweighs the risk)). As shown below, the arguments claimant GP offers in its section 983(f) motion fall far short of meeting the threshold showing. Moreover, under section 983(f)(8), the balancing test does not come into play because, by statute, no pretrial release of currency, other monetary instruments or electronic funds is available "unless such currency, or other monetary instrument, or electronic funds constitutes the assets of a legitimate business which has been seized." GP's business (regardless of its illegitimacy) has not been seized.

        1.       **The Funds Will Not Be Available For Forfeiture If Released.**

In drafting section 983(f), Congress recognized that currency was almost never likely to be available for trial if released pretrial and, therefore, it precluded the release of currency (including other monetary instruments and electronic funds) in almost all civil forfeiture cases. See 18 U.S.C. § 983(f)(8); see also United States v. $1,231,349.68 in Funds, 227 F. Supp.2d 125, 129 (D.D.C. 2002) (denying pretrial release of seized cash because the likelihood that it would be unavailable for trial is "almost assured"). In this case, as further discussed in subsection 3, a statutory prohibition bars the requested relief.

But, even were a blanket prohibition inapplicable, GP's 983(f) motion should be rejected because GP concedes that the seized funds will not be available for forfeiture should they be released now. GP says that "Busby has no incentive to deplete the seized property," GP

Emergency Motion at 11, but acknowledges that it needs this Court to order the seized funds returned so that GP can pay its employees and "abid[e] by its terms of agreement with customers." Customers' terms of agreement are not detailed by GP it its Emergency Motion, but in the affidavit from Busby that is attached to the Emergency Motion, Busby explains how funds, before their seizure, were to be returned to advertisers (just like ASD) provided they surfed each day. See Exhibit 1 to GP's Emergency Motion at 8. Although Busby does not explain how much of a return was available to those who surfed at GP, it appears that to encourage participants to pay funds into its operation, GP promised returns that were similar to those of ASD, up to 125% for each ad package purchase, as well as special matching bonuses and other special promotions that were promised for the first 30 days of its operation. Like ASD, aside from the revenue it secured from new participants, GP had no means for paying the rebates to its so-called "advertisers."[4] Because GP appears to intend to dissipate seized funds should they be returned, the property's unavailability is assured. No alleged hardship outweighs certain dissipation of the defendant *res*.[5] See Kaloti Wholesale, Inc. v. United States, 525 F. Supp.2d 1067, 1070 (E.D. Wis. 2007) (claimant's admission that it would sell seized merchandise upon release pending trial made release under section 983(f) impossible); United States v. One 2003 Mercedes Benz, et al., __ F. Supp.2d __, 2008 WL 2966263 (E.D. Mich. July 24, 2008) (release of seized currency not permitted under section 983(f) because "it certainly would not be available, it its entirety, for

---

[4] In his Affidavit, Busby avoids identifying the amount of money GP promised to return to participants. But in its website, it offered a 125% return. See Exhibit 1 (page view captured from GP's website).

[5] As indicated above, if GP can prove that under its business model it can earn profits from selling advertising, such profits might be reserved and available to replenish any of the returned *res*. The government might reconsider its opposition to the release of seized funds.

trial.").

> 2. **GP Cannot Demonstrate That A Substantial Hardship Exists.**

GP reports that "the Government has seized all of Golden Panda's operating accounts" and, thus, a substantial hardship exists because, "[w]ith its assets frozen, Golden Panda remains idle during the Government's forfeiture proceedings." But GP fails to explain why a seizure of its supposed sales proceeds would preclude GP's members from continuing to purchase GP's advertising, or preclude GP from continuing to display websites of those who previously paid for advertising. GP should explain why the prior seizure of funds means it can no longer sell or deliver advertising. The unspoken reality may be that a promise of profitable rebates was all GP had to sell.

> 3. **Even If A Balancing Of Equities Were To Cut In GP's Favor, Section 983(f)(8) Precludes The Relief GP Requests.**

Under applicable law, GP has no basis for requesting that the seized funds be returned to Busby prior to adjudication of their forfeitability. Congress, recognizing that currency, other monetary instruments, and electronic funds were the type of property most likely to be dissipated upon return, prohibited the pretrial release of such property – except in cases where a legitimate business was seized (and even then, only after the legitimate business establishes that its hardship outweighs the risk of dissipation or loss). See 18 U.S.C. § 983(f)(8)(A); see also United States v. All Funds Seized from Suntrust Account xxx8359, et al., No. 05-2497 (RMC) (D.D.C. Mar. 17, 2006) (denying section 983(f) motion seeking funds of a business that has not, itself, been seized) (copy attached as Exhibit 2); United States v. Contents of Account 4000393242, No. C-1-01-729 (S.D. Ohio Mar. 13, 2002) (under section 983(f)(8), claimant may not seek release of funds

seized from bank account unless he establishes that they were funds from a legitimate business that was seized; the reference is to *the seizure of the business*, not to the seizure of the funds) (copy attached as Exhibit 3); $1,231,349.68 in Funds, supra, 227 F. Supp.2d at 129 (recognizing that claimants must prove legitimacy of business and denying pretrial release of seized cash).

In this case, the government seized cash from the bank accounts of individuals and an apparent corporation. But even if some of the funds belonged to a business, the government did not seize the business, itself. Because the business was not seized, any effort on GP's part to establish that the seized funds constitute assets of a *legitimate* business is, at this stage, irrelevant. Rather, GP should assert any defenses in its Answer to the forfeiture Complaint, and then, during discovery, supply whatever evidence it can muster to support its allegations about the legitimacy of its operation.

## CONCLUSION

For the foregoing reasons, the United States respectfully submits that GP's Emergency Motion for the Release of Property Pending Forfeiture should be DENIED.

Respectfully submitted,

/s/_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

/s/_____
WILLIAM R. COWDEN, DC Bar # 426301
Assistant United States Attorney
U.S. Attorney's Office, District of Columbia
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 307-0258
wiliam.cowden@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that I caused a copy of the foregoing Opposition to be served by means of the Court's ECF system on this 10th day of September 2008 upon each counsel of record for each claimant.

                                                         /s/_____
                                                 William R. Cowden

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | Civil Action No. 08-1345 (RMC) |
| ) | ECF |
| v. ) | |
| ) | |
| **8 GILCREASE LANE, QUINCY** ) | |
| **FLORIDA 32351,** *ET AL.***,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| ) | |
| **Thomas A. Bowdoin, Jr.** ) | |
| **Bowdoin/Harris Enterprises, Inc. &** ) | |
| **Adsurfdaily, Inc.,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **Golden Panda Ad Builder &** ) | |
| **Clarence Busby, Jr.,** ) | |
| ) | |
| **Claimants.** ) | |

**O R D E R**

Upon consideration of claimant Golden Panda Ad Builder's Emergency Motion for Release of Property Pending Forfeiture, the Opposition thereto, and the entire record herein, it is this \_\_\_\_\_ day of _____, 2008

\_\_\_\_\_ HEREBY Ordered that claimant's motion is DENIED.

\_\_\_\_\_ HEREBY Ordered that all claimants' requests for an evidentiary hearing is granted, and all parties are ORDERED to appear at an evidentiary hearing scheduled for _____, 2008, at _____ a.m./p.m. Good cause exists to postpone a decision on claimants' emergency motions in order to provide claimants and the

government with an opportunity to elicit testimony in support of their arguments.

```
                              _____
                              ROSEMARY M. COLLYER
                              United States District Judge
```