UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Case: 1:08-cv-01345 |
| ) | |
| 8 GILCREASE LANE, QUINCY ) | Hon. Rosemary M. Collyer |
| FLORIDA 32351, ) | |
| ) | |
|    and ) | |
| ) | |
| ONE CONDO LOCATED ON ) | |
| NORTH OCEAN BOULEVARD IN ) | |
| MYRTLE BEACH, SOUTH ) | |
| CAROLINA, ) | |
| ) | |
|    and ) | |
| ) | |
| ALL FUNDS, INCLUDING ) | |
| APPROXIMATELY $53 MILLION, ) | |
| HELD ON DEPOSIT AT BANK OF ) | |
| AMERICA ACCOUNTS IN THE NAMES ) | |
| OF (1) THOMAS A. BOWDOIN, JR., ) | |
| SOLE PROPRIETOR, DBA ) | |
| ADSURFDAILY, (2) CLARENCE ) | |
| BUSBY, JR. AND DAWN STOWERS, ) | |
| DBA GOLDEN PANDA AD BUILDER, ) | |
| AND (3) GOLDEN PANDA AD BUILDER, ) | |
| ) | |
|    Defendants, and ) | |
| ) | |
| ADSURFDAILY, INC., THOMAS A. ) | |
| BOWDOIN, JR., AND BOWDOIN HARRIS ) | |
| ENTERPRISES, INC., ) | |
| ) | |
|    Claimants. ) | |
| ) | |

{TY047459;1}

Dockets.Justia.com

## EMERGENCY MOTION AND POINTS AND AUTHORITIES TO QUASH SUBPOENAS (WITH INCORPORATED CERTIFICATE OF GOOD FAITH DISCUSSIONS)

Pursuant to Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure, THOMAS A. BOWDOIN, JR. ("Andy Bowdoin") and JUAN FERNANDEZ, by counsel, hereby move to quash the subpoenas for testimony (the "Subpoenas")[1] served by mail on Claimant's counsel, Jonathan Goodman of Akerman Senterfitt, by the plaintiff. In support of this Motion, Andy Bowdoin and Juan Fernandez ("Movants") state as follows:

### I.  INTRODUCTION

On September 23, 2008, undersigned counsel received by mail in Florida the two subpoenas, purporting to require Movants --  who are both Florida residents -- to appear in the United States District Court, District of Columbia, 300 Constitution Avenue, N.W, Washington, DC 20001, Courtroom 2, on September 30, 2008 at 9:30 A.M. for an evidentiary hearing.

The subpoenas are fatally flawed and unenforceable as a matter of law.  In fact, as demonstrated below, the subpoenas were improperly served on claimant's counsel and are beyond the court's subpoena power as set forth in Fed. R. Civ. P. 45.  Consequently, this Court is obligated to quash the Subpoena.

Moreover, it would be futile to enforce the subpoenas, regardless of their invalidity, because Movants would be asserting their Constitutional right to not testify if compelled to appear at the hearing.  Movants' motivation is clear:  they have been threatened with criminal prosecution.  In fact, in an August 12, 2008 conference call, the AUSA specifically and unequivocally advised that Mr. Bowdoin "would" be indicted and that "other" executives were targets.  The AUSA advised that criminal prosecution was a certainty.

---

[1] A true and correct copy of the Subpoenas is attached hereto as Composite Exhibit A.

<u>**INCORPORATED CERTIFICATE OF GOOD FAITH NEGOITATIONS**</u>

Over the past two days, counsel have had extensive communications about the applicable law concerning subpoenas, whether counsel is authorized to accept service for Movants (he is not), whether the subpoenas are valid beyond the district and the 100 miles beyond the district (they are not) and the Government's position that a motion to quash would be required (because it is insisting that the subpoenas be honored). Despite the exchange of case law and other authorities, the parties have been unable to resolve the dispute, thereby requiring this emergency motion.

<u>**EMERGENCY NATURE OF MOTION**</u>

The Court has scheduled an evidentiary hearing for September 30 and October 1, 2008. The subpoenas, received on September 23, 2008, would (if not otherwise invalid) require Movants to appear less than 5 business days later and do not include a witness fee check or travel expenses. If this motion is not heard on an emergency basis, then the standard briefing deadlines would not provide any meaningful relief, as the evidentiary hearing will have come and gone by the time the motion is briefed and ripe for a ruling.

## II. <u>MEMORANDUM OF LAW</u>

There are two separate and independent grounds which mandate that the Court quash the Subpoenas.

### A. The Subpoenas Were Improperly Mailed to Counsel and Not Served on the Witnesses Named on the Subpoena

Serving a subpoena requires that it be delivered to the named person and, if the subpoena requires that person's attendance, tendering the fees for one day's attendance and the mileage allowed by law. Fed. R. Civ. P. 45(b). A subpoena may be served by any person who is not a

party and is not less than 18 years of age.  Service of a subpoena upon a person named therein

shall be made by delivering a copy thereof to such person.... Fed.R.Civ.P. 45(b)(1).  A majority

of courts have held that Rule 45 requires **personal service** of subpoenas. *FTC v. Compagnie De*

*Saint-Gobain-Pont-A-Mousson,* 636 F.2d 1300, 1312-1313 (D.C.Cir. 1980) (holding that rule

does not permit any form of mail service and that compulsory process may be served upon an

unwilling witness only in person); *Terre Haute Warehousing Serv., Inc. v. Grinnell Fire*

*Protection Sys. Co.,* 193 F.R.D. 561, 563 (S.D.Ind. 1999) (holding that certified mail is

insufficient method of service); *Smith v. Midland Brake, Inc.,* 162 F.R.D. 683, 686 (D.Kan.

1995) (same); *In re Nathurst,* 183 B.R. 953, 954-955 (Bankr. M.D.Fla. 1995) (same); *In re*

*Smith,* 126 F.R.D. 461, 462 (E.D.N.Y. 1989) (holding that district court lacked discretion under

rule to permit alternative service); *In re Johnson & Johnson,* 59 F.R.D. 174, 177 (D.Del.1973)

(determining that personal service of individuals required).

Wright & Miller also explains that the "longstanding interpretation of Rule 45 has been

that personal service of subpoenas is required" based on the literal construction of the word

"delivering" in the rule:

> The use of the word "delivering" in subdivision (b)(1) of the rule
> with reference to the person to be served has been construed
> literally.  Under this construction, contrary to the practice with
> regard to the service of a summons and complaint, it is not
> sufficient to leave a copy of the subpoena at the dwelling place of
> the witness.  Moreover, unlike service of most litigation papers
> after the summons and complaint, **service on a person's lawyer
> will not suffice**.

9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2454 (2d ed. 2007)

(emphasis supplied); *see e.g., Briarpatch Ltd., L.P. v. Geister Roberdeau, Inc.,* 2006 WL

1311967 (S.D.N.Y. 2006); *Chima v.. U.S. Dept. of Defense,* 23 Fed Appx. 721, 724 (9th Cir.

2001) (District court did not err in refusing to compel defense witnesses to comply with

subpoenas served by mail rather than personal service.); *Agran v. City of New York,* 1997 WL 107452, at \*1 (S.D.N.Y. March 11, 1997) (holding that the court was without authority to sanction service of a subpoena by mail); *F.T.C. v. Compagnie de Saint-Gobain-Pont-A-Mousson,* 636 F.2d 1300, 1312-13 (D .C.Cir. 1980) ("[C]ompulsory process [under Rule 45] may be served upon an unwilling witness only in person.") (citing *Bank of Oklahoma v. Arnold*, No. 06-CV-543-GKF-PJC (N.D. Okla. 2008)).

Even if this Court were to follow the alternate position that allows for substitute forms of service, the form of service in this matter is still defective. *See In re Falcon Air Express*, No. 06-11877-BKC-AJC (Bank. S.D. Fla. 2008). In *Falcon Air*, the court held that substituted service on the wife of the named party was "reasonably calculated to insure the receipt of the subpoena by the witness." However, the court, citing *Harrison v. Prather*, acknowledged that, even in states that follow the minority rule, the service of a subpoena for a party on that party's **counsel** is **not** service which conforms to the rule. *Id.* at \*4 (citing *Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968). Put simply, service on a party's counsel only "renders such service a nullity." *Harrison,* 404 F.2d at 273.

Following the plain language of Rule 45 and the precedent set forth by this Court in *F.T.C. v. Compagnie de Saint-Pont-A-Mousson*, the service rendered in this case was improper because it was not personally served upon Andy Bowdoin and Juan Fernandez.

As an aside, government counsel was never advised that Movants' counsel would accept service of the subpoenas by mail (or by any other means, for that matter). To the contrary, the Government has been advised that undersigned counsel has not been authorized to accept service.

**B.**     **Even if Personal Service is Effective, Andy Bowdoin and Juan Fernandez are Outside the 100-Mile Radius in Violation of Rule 45(b)(2), Federal Rules of Civil Procedure.**

Andy Bowdoin and Juan Fernandez are outside the 100-mile radius, and accordingly, cannot be subject to the subpoena for testimony under Federal Rule of Civil Procedure 45(b)(2). Rule 45(c)(3)(A)(ii), Fed. R. Civ. P., should be interpreted to function as a limitation on the scope of rule 45(b)(2)(B), rather than as an expansion of authority. *Mazloum v. Dist. of Columbia Metropolitan Police Dept.*, Civil Action No. 06-002 (JDB) (D.C. 2008)(adopting minority position).

The Government argues that it can compel Movants to travel from Florida to Washington D.C. on short notice for a civil case hearing through a subpoena served by mail on its counsel in Florida because they are "parties." Specifically, Mr. Bowdoin is president of Claimant AdSurfDaily, Inc. and Mr. Fernandez is the CEO. With respect to party witnesses, Rule 45(c)(3)(A)(ii) allows a court the flexibility in ruling on a motion to quash. *Id.*

To be sure, a court is not required to quash a **properly served** subpoena even if it required a party witness to travel more than 100 miles. *Id.* In other words, if Andy Bowdoin or Juan Fernandez had been personally served with the subpoena for testimony while either of them were **present in the District**, Rule 45(c)(3)(A)(ii) would not compel a court to quash that subpoena even if they would have to later travel to attend the proceeding. *Id.* However, as adopted by Courts following the minority view, Rule 45(c)(3)(A)(ii) does not authorize service of a subpoena upon a party witness beyond the normal 100-mile range of a Federal court's subpoena power. *Id.* Two other federal courts, besides the District of Colombia, have reached this conclusion as well. *See Jamsport & Entm't, LLC v. Paradama Prods., Inc.*, 2005 WL 14917 at *1 (N.D. Ill. 2005); *Johnson v. Land O'Lakes*, 181 F.R.D 388, 397 (D. Iowa 1998).

Although Movants urge the minority position, that minority position **is the one followed in this district.** *Mazloum.*

Because Andy Bowdoin and Juan Fernandez both reside and work well outside 100 miles from the place specified for their testimony (i.e., Washington, D.C.), the subpoenas are invalid.

Following the language of Rule 45, as interpreted by this Court in *Mazloum v. Dist. of Columbia Metropolitan Police Dept.*, Civil Action No. 06-002 (JDB) (D.C. 2008), the service rendered in this case was beyond the subpoena power of the District Court and is therefore improper and should be quashed.

### C. GIVEN THE THREATS, MOVANTS' APPEARANCE WOULD BE A WASTE OF TIME

The Government has unequivocally advised Movant Bowdoin that he "will" be indicted and has threatened Movant Fernandez with criminal prosecution as a target. Setting aside the issue of whether these comments are inappropriate, the consequences are not difficult to imagine: Movants will need to assert their Constitutional rights if forced to appear at the D.C. hearing.

Movants are entitled to assert their Fifth Amendment rights in a civil proceeding like this *in rem* civil forfeiture case. *See, e.g., Lefkowitz v. Cunningham,* 431 U.S. 801 (1977) (privilege available to a witness in a civil proceeding, as well as to a defendant in a criminal prosecution); *Lefkowitz v. Turley,* 414 U.S. 70 (1973) (privilege protects individual in all types of proceedings, "civil or criminal, formal or informal").

Movants' intent to assert the Fifth Amendment should not be construed as a litmus test of guilt. Movants have not committed any criminal activity and the AdSurfDaily business plan is not an illegal Ponzi scheme, as we intend to show at the evidentiary hearing scheduled for September 30 and October 1. In fact, the privilege "serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances." *Slochower v. Board of Higher Education*, 350

U.S. 551, 557-58 (1956)(*cited with approval in Schwartz v. Secretary of Treasury,* 364 F.Supp. 344 (1973).

### III.  CONCLUSION

For all of foregoing reasons, Andy Bowdoin and Juan Fernandez, respectfully request that this Court enter an Order quashing the Subpoenas on the basis that the Subpoenas (i) were improperly mailed to the party's counsel and not served on the party named on the subpoena; (ii) were beyond the subpoena power of the court in violation of Rule 45(b)(2), and (iii) would waste the Court's and the Movants' time and squander the Government's money (for travel expenses) because Movants have been pressured into asserting their Fifth Amendment rights by the Government's clear and strident threat of criminal indictment and prosecution.

Respectfully submitted,

**AKERMAN SENTERFITT**

By:  /s/ Michael L. Fayad
    Michael L. Fayad, Esq.
    D.C. Bar No. 91694
    8100 Boone Boulevard, Suite 700
    Vienna, VA  22182
    Telephone:  703-790-8750
    Fax:  703-448-1801

    and

    Jonathan Goodman, Esq.[2]
    Florida Bar Number:  371912
    One Southeast Third Avenue
    25th Floor
    Miami, FL  33131-1714
    Phone:  (305) 374-5600
    Fax:  (305) 374-5095
    Email:  jonathan.goodman@akerman.com

---

[2] Mr. Goodman has been admitted to appear *Pro Hac Vice* in this case..

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion was served this 24th day of September, 2008

via the Court's electronic filing system upon the following counsel:

William Rakestraw Cowden, Esq.
U.S. Attorney's Office
555 Fourth Street, NW
Washington, DC  20530


   /s/ Michael L. Fayad
           Michael L. Fayad