UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>8 GILCREASE LANE, QUINCY, FLORIDA 32351,<br><br>ONE CONDO LOCATED ON NORTH OCEAN BOULEVARD IN MYRTLE BEACH, SOUTH CAROLINA<br><br>    and<br><br>ALL FUNDS, INCLUDING APPROXIMATELY $53 MILLION HELD ON DEPOSIT AT BANK OF AMERICA ACCOUNTS IN THE NAMES OF (1) THOMAS A. BOWDOIN, JR., SOLE PROPRIETOR, DBA ADSURFDAILY, (2) CLARENCE BUSBY, JR. AND DAWN STOWERS, DBA GOLDEN PANDA AD BUILDER, AND (3) GOLDEN PANDA AD BUILDER,<br><br>    Defendants, and<br><br>ADSURFDAILY, INC., THOMAS A. BOWDOIN, JR., AND BOWDOIN HARRIS ENTERPRISES, INC.,<br><br>    Claimants. | Case: 1:08-cv-01345<br><br>Hon. Rosemary M. Collyer<br><br><br><br>**NOTICE OF FILING OF CLAIMANT'S PETITION TO DETERMINE PROPORTIONALITY (WITH SUPPORTING MEMORANDUM OF LAW)** |

      Claimant, AdSurfDaily, Inc. ("ASD"), hereby gives notice of its filing of this Petition, pursuant to 18 U.S.C. § 983 (g) to determine whether the seizure of all funds at issue in this civil forfeiture Complaint was constitutionally excessive.

{TY047700;1}                                                          1

**PROCEDURAL BACKGROUND**

On August 18, 2008, ASD filed its Emergency Motion for Return of Seized Funds to Save Business and Jobs With Oversight and Monitoring and/or Evidentiary Hearing, and Motion to Dismiss and Supporting Points of Law and Authorities (hereinafter "Emergency Motion"). [DE #7] On August 25, 2008, the Government filed two separate responses in opposition to ASD's consolidated pleading. [DE #13 & 14]. In turn, ASD filed a consolidated reply that addressed both responses filed by the Government. [DE # 16]. In further support of its Emergency Motion and Reply, ASD submits the instant petition[1] to determine whether the Government's seizure is constitutionally excessive due to disproportionality, and states as follows:

**INTRODUCTION**

This petition supplements the arguments raised by ASD in its initial Emergency Motion and Reply and highlights the Constitutionally excessive and disproportionate nature of the Government's seizure. The Government has thus far been unwilling to agree to a court-monitored compliance plan that would allow ASD to continue doing business while this civil forfeiture litigation proceeds. In other words, the Government believes that **all** of the seized $53 million should be forfeited and that **none** of the funds should be returned now, pursuant to a compliance plan with a monitor and oversight measures. Under these circumstances, the Court should consider whether the Government's seizure is constitutionally excessive. In doing so, the Court must "**compare** the forfeiture to the **gravity** of the offense." 18 U.S.C. § 983 (g)(2) (emphasis supplied). ASD is filing this petition to place the proportionality factor before the Court as a significant consideration in the emergency hearing.

---

[1] Subsection (1) of 18 U.S.C. § 983 (g) (proportionality) provides that a claimant "may petition the court to determine whether the forfeiture was constitutionally excessive."

**MEMORANDUM OF LAW**

The Government suggests that there is no legal basis to support the return of any seized funds and that § 983(f) does not authorize an "immediate release" of property on the grounds that ASD is not a "legitimate business." [DE #7, at 17]. The relief sought by ASD is not precluded by law. The relief is entirely consistent with law, reason, and due process, as already set forth in ASD's Emergency Motion. [DE #7, at 16-18]. Moreover, under § 983(g), the court is obligated to compare the forfeiture to the "gravity of the offense" giving rise to the forfeiture. The Government's seizure of more than $53 million in ASD's bank accounts is grossly disproportionate to the alleged offense and is therefore violative of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

The Excessive Fines Clause limits the government's power to extract payments, whether in cash or in kind, as punishment for some offense. *United States v. Bajakajian*, 524 U.S. 321, 118 S.Ct. 2028, 2029 (1998) (citing *Austin v. United States*, 509 U.S. 602, 609-610, 113 S.Ct. 2801, 2805 (1993)). Forfeitures – payments in kind – are thus "fines" if they constitute punishment for an offense. *Id*. at 328. Traditionally, civil *in rem* forfeitures were viewed as nonpunitive and considered to occupy a place outside the domain of the Excessive Fines Clause. *Id*. at 331. It does not follow, however, that all modern civil *in rem* forfeitures are nonpunitive and thus beyond the coverage of the Excessive Fines Clause. Because more recent federal forfeiture laws have blurred the traditional distinction between civil *in rem* and criminal *in personam* forfeiture, the United States Supreme Court has held that a modern statutory forfeiture is a "fine" for Eight Amendment purposes if it constitutes punishment even in part, regardless of whether the proceeding is styled *in rem* or *in personam. Id*. at 331, n.6 (citing *Austin*, 509 U.S. at 621-622).

While the government thus far has proceeded against the money itself, the forfeiture here bears all the hallmarks of a fine (e.g. serves no remedial purpose and designed to punish the owner/offender) and is therefore within the domain of the Excessive Fines Clause.

Because the forfeiture of ASD's bank accounts would constitute punishment and is thus a "fine" within the meaning of the Excessive Fines Clause, the next question is whether it is "excessive". *Id.* at 334. The test for the excessiveness of a punitive forfeiture involves solely a proportionality determination. *Id*. The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish. *Id*. (citing *Austin*, 509 U.S. at 622-623). Said differently, if the amount of the forfeiture is grossly disproportionate to the gravity of the offense, it is unconstitutional. *Id*. at 337.

Courts have often looked to the "factors similar to those used by the United States Supreme Court in *Bajakajian*." *United States v. $100,348.00 In U.S. Currency*, 354 F.3d 1110, 1122 (9th Cir. 2004). In *Bajakajian*, the Supreme Court considered four factors in weighing the gravity of the offense: (1) the nature and extent of the crime, (2) whether the violation was related to other illegal activities, (3) the other penalties that may be imposed for the violation, and (4) the extent of the harm caused. *See Bajakajian,* 524 U.S. at 337-40. In light of these factors, the Government's seizure and forfeiture of the entire $53 million seized from ASD's bank accounts would violate the Excessive Fines Clause and is therefore unconstitutional.

(1)    The nature and extent of the crime

The Government, for obvious tactical reasons, has broadly alleged that members were not interested in the advertising benefits of ASD. The Complaint alleges (§ 17) that "*most* of the so-called advertisers are not paying ASD for advertising services at all; instead they are paying ASD with the expectation that ASD will provide a full rebate and additional revenue." As

explained in ASD's Emergency Motion, the Affidavit and Verified Complaint filed by the Government in this case is replete with misstatements, omissions, nebulous and conclusory allegations and baseless hyperbole. More importantly, the Government misrepresents the extent to which members were not interested in the advertising benefits and otherwise overstates the gravity of the alleged offense.

The Government hasn't alleged, and certainly cannot prove, that every single dollar of the amount seized is from a member not interested in promoting products or services on the internet. As we've pointed out, many members benefited from the advertising. We again point the Court to the 1,250 emails mentioned in Mr. Gerry Nehra's declaration attached to ASD's Emergency Motion illustrating the bona fide nature of the business. To date, ASD has received more than 3,500 supportive e-mails from its members. By way of example, ASD attached to its Reply a letter written by an ASD member, Will York (who describes himself as holding two masters degrees), sent to the Attorney General of Florida.

As established by Mr. Nehra's declaration and is will be further demonstrated at the hearing, ASD is a legitimate internet adverting company, and <u>not</u> an illegal Ponzi scheme. Thus, the Government's seizure and forfeiture demand – of the full $53 million – is grossly disproportionate to the alleged offense. The Court cannot permit this. Instead, it should order the return of a portion of the seized funds in an amount sufficient to eliminate the disproportionality.

<u>**CONCLUSION**</u>

For the foregoing reasons, ASD respectfully requests that this Court enter an order finding the Government's seizure of ASD's bank accounts disproportionate and in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and requiring that an appropriate portion of the seized funds to be returned within two days of entry of an

order, subject to the previously-outlined seven-oversight measures (acceptable to the Court) governing ASD's resumption of business.

**WHEREFORE**, on behalf of Claimants, Counsel respectfully requests that the Court grant the relief described herein.

Dated: September 29, 2008

Respectfully submitted,

**AKERMAN SENTERFITT**

By: /s/
    Michael L. Fayad, Esq.
    D.C. Bar No. 91694
    8100 Boone Boulevard, Suite 700
    Vienna, VA 22182
    Telephone: 703-790-8750
    Fax: 703-448-1801

    -and-
    Jonathan Goodman, Esq.
    (Admitted to Appear *Pro Hac Vice*)
    Florida Bar Number: 371912
    One Southeast Third Avenue, 25th Floor
    Miami, FL 33131-1714
    Phone: (305) 374-5600
    Fax: (305) 374-5095
    Email: jonathan.goodman@akerman.com
    ATTORNEYS FOR CLAIMANT ASD

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Notice of Filing of Claimant's Petition to Determine Proportionality (with Supporting Memorandum of Law) was served this 29th day of September, 2008 via the Court's electronic filing system upon the following counsel:

    William Rakestraw Cowden, Esq.
    U.S. Attorney's Office
    555 Fourth Street, NW
    Washington, DC 20530

    Michael L. Fayad, Esq.