# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
|       **Plaintiff,** ) | **Civil Action No. 08-1345 (RMC)** |
| ) | **ECF** |
|       **v.** ) | |
| ) | **Plaintiff's Opposition to Claimant's** |
| **8 GILCREASE LANE, QUINCY** ) | **Petition to Determine Proportionality** |
| **FLORIDA 32351,** *ET AL.,* ) | |
|       **Defendants.** ) | |
| ——————————————) | |
| ) | |
| **Thomas A. Bowdoin, Jr.,** ) | |
| **Bowdoin/Harris Enterprises, Inc. &** ) | |
| **Adsurfdaily, Inc.,** ) | |
|       **Claimants.** ) | |
| ——————————————) | |

## PLAINTIFF'S OPPOSITION TO CLAIMANT'S PETITION
## TO DETERMINE PROPORTIONALITY

    ***COMES NOW***, plaintiff United States of America, by and through its attorney, the

United States Attorney for the District of Columbia, to oppose the Motion to Determine

Proportionality that claimant ADSURFDAILY ("ASD") filed in this civil forfeiture action *in*

*rem*.  ASD submits that the Court should evaluate "the proportionality factor . . as a significant

consideration in the emergency hearing."  The proportionality factor the Court is asked to

consider is whether some funds should be returned now because forfeiture of the entire defendant

*res* might violate the excessive fines clause of the Eighth Amendment to the United States

Constitution.  As section 982(g) of Title 18 makes clear, a claimant has the burden to establish

that a forfeiture "was constitutionally excessive."  This means that the proportionality analysis

comes only after forfeiture is decreed.[1]

---

[1] Cf. United States v. Funds in the Amount of $170,926.00, 895 F. Supp. 810, 813 (N.D. Ill. 1997); One Parcel of Real Estate Located at 13143 S.W. 15th Lane, 872 F. Supp. 968, 974 (S.D. Fla. 1994).

In this case, however, an excessive fines analysis is not just premature – it is irrelevant. The United States asserts that the defendant property in this case is forfeitable as <u>proceeds</u> of criminal activity.  <u>See</u> Complaint, Counts I & II.  The excessive fines analysis does not apply to forfeiture of criminal proceeds.  <u>See United States v. Real Property Located at 22 Santa Barbara Dr.</u>, 264 F.3d 860, 874-75 (9th Cir. 2001) (the Eighth Amendment does not apply to the forfeiture of drug proceeds; all property traceable to such proceeds is forfeitable even though the property doubled in value due to appreciation); <u>United States v. Powell</u>, 2 Fed. Appx. 290, 294 (4th Cir. 2001) (forfeiture of proceeds is never excessive; for this purpose, proceeds and property traceable to proceeds are the same thing); <u>United States v. Betancourt</u>, 422 F.3d 240, 251 (5th Cir. 2005) (the fact that property acquired with drug proceeds has appreciated in value has no Eighth Amendment significance; drug dealer who used fraction of proceeds from $76,000 drug offense to purchase lottery ticket must forfeit all $5.4 million in lottery winnings); <u>United States v. 1948 South Martin Luther King Dr.</u>, 270 F.3d 1102, 1115 (7th Cir. 2001) (Eighth Amendment does not apply to forfeiture of property purchased with drug proceeds); <u>United States v. One Parcel of Real Property Known as 16614 Cayuga Road</u>, 69 Fed. Appx. 915, 919-20 (10th Cir. 2003) (the forfeiture of proceeds can never be constitutionally excessive); <u>United States v. One Parcel…Lot 41, Berryhill Farm</u>, 128 F.3d 1386 (10th Cir. 1997) (same, collecting cases); <u>United States v. Real Property…Parcel 03179-005R</u>, 287 F. Supp.2d 45, 59-60 (D.D.C. 2003) (forfeiture of property purchased with criminal fraud proceeds does not violate the excessive fines clause even if the property has substantially appreciated in value; to hold otherwise would reward a defendant who invested his criminal proceeds by allowing him to retain the capital gain).

## CONCLUSION

For the foregoing reasons, the United States respectfully submits that claimant's Petition

to Determine Proportionality should be DENIED.  A proposed order is attached.

Respectfully submitted,

*/s/ Jeffrey A. Taylor*
JEFFREY TAYLOR, DC Bar No. 498610
UNITED STATES ATTORNEY

*/s/ William R. Cowden*
WILLIAM R. COWDEN, DC Bar No. 426301
VASU B. MUTHYALA, CA Bar No. 210462
Assistant United States Attorneys
Criminal Division, Asset Forfeiture Unit
555 Fourth Street, N.W., Fourth Floor
Washington, DC 20530
(202) 307-0258
william.cowden@usdoj.gov


## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Opposition to be served by means of
the Court's ECF system on this 29th of September 2008 upon claimants' counsel of record.

*/s/ William R. Cowden*
WILLIAM R. COWDEN

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 08-1345 (RMC)** |
| | ) | **ECF** |
| **v.** | ) | |
| | ) | **ORDER DENYING PETITION TO** |
| **8 GILCREASE LANE, QUINCY** | ) | **DETERMINE PROPORTIONALITY** |
| **FLORIDA 32351, *ET AL.*,** | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |
| **Thomas A. Bowdoin, Jr.,** | ) | |
| **Bowdoin/Harris Enterprises, Inc. &** | ) | |
| **Adsurfdaily, Inc.,** | ) | |
| **Claimants.** | ) | |
| | ) | |

### O R D E R

Upon consideration of the Petition to Determine Proportionality at the outset of this case,

the Opposition thereto, and the entire record herein, it is this _____ day of

_____, 2008, HEREBY Ordered that the Petition is DENIED.


_____
ROSEMARY M. COLLYER
United States District Judge