UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>8 GILCREASE LANE, QUINCY, FLORIDA 32351,<br><br>ONE CONDO LOCATED ON NORTH OCEAN BOULEVARD IN MYRTLE BEACH, SOUTH CAROLINA<br><br>    and<br><br>ALL FUNDS, INCLUDING APPROXIMATELY $53 MILLION HELD ON DEPOSIT AT BANK OF AMERICA ACCOUNTS IN THE NAMES OF (1) THOMAS A. BOWDOIN, JR., SOLE PROPRIETOR, DBA ADSURFDAILY, (2) CLARENCE BUSBY, JR. AND DAWN STOWERS, DBA GOLDEN PANDA AD BUILDER, AND (3) GOLDEN PANDA AD BUILDER,<br><br>    Defendants, and<br><br>ADSURFDAILY, INC., THOMAS A. BOWDOIN, JR., AND BOWDOIN HARRIS ENTERPRISES, INC.,<br><br>    Claimants. | Case: 1:08-cv-01345<br><br>Hon. Rosemary M. Collyer<br><br><br>**CLAIMANT'S REPLY TO PLAINTIFF'S OPPOSITION TO CLAIMANT'S PETITION TO DETERMINE PROPORTIONALITY** |

    Claimant, AdSurfDaily, Inc. ("ASD"), hereby submits its reply to the Government's opposition to ASD's petition to determine proportionality, and states as follow:

    In further support of its Emergency Motion for Return of Seized Funds to Save Business and Jobs With Oversight and Monitoring and/or Evidentiary Hearing, and Motion to Dismiss and

{TY047777;1}                                                                                  1

Supporting Points of Law and Authorities (hereinafter "Emergency Motion") [DE #7] and its consolidated reply addressing both responses filed by the Government [DE # 16], ASD filed with this Court its Petition [DE # 27] seeking a determination as to whether the Government's seizure is constitutionally excessive due to disproportionality and placing the proportionality factor before the Court as a significant consideration in the emergency hearing. In response, the Government has filed an Opposition [DE # 29] arguing that ASD's Petition is both premature and irrelevant.

Specifically, the Government contends that the "excessive fines analysis does not apply to forfeiture of criminal proceeds." Opposition at page 2. This is not the law. Rather, it is the "forfeiture of **drug proceeds** pursuant to 21 U.S.C. § 882(a)(6) that can never be constitutionally excessive." *U.S. v. One Parcel of Real Property Known as 16614 Cayuga Road*, 69 Fed. Appx 915, 919-20 (10th Cir. 2003) (citing *United States v. Lot 41, Berryhill Farm Estates*, 128 F.3d 1386, 1395-96 (10th Cir. 1997). (emphasis added). Interestingly, the Government, in advancing its position, relies on a line of cases involving narcotics proceeds. Indeed, the Government's cites to the same *One Parcel of Real Property Known as 16614 Cayuga Road* case referenced above – with accompanying parenthetical – but failed to inform Counsel and the Court that the holding was limited to "**drug proceeds**". *See id*. The Government's reliance on this line of cases is not only misplaced, but somewhat misleading.

To the extent the Government also relies on cases **not** involving drug proceeds, its reliance is likewise misplaced. For example, the Government cites to *United States v. Real Property Identified As Parcel 03179-005R*, 287 F.Supp.2d 45, 59-60 (D.D.C. 2003) for the **blanket** proposition that "forfeiture of property purchased with criminal fraud proceeds does not violate the excessive fines clause even if the property has substantially appreciated in value".

Again, the Government mischaracterizes the holding in *Real Property Identified As Parcel 03179-005R* to comport with its position. What the *Real Property* court concluded was that "because the converted property is traceable to the unlawful monetary transaction…forfeiture of the **entire value** of the…property would not violate the Eight Amendment" *Id*. at 60. (emphasis added). The exact determination ASD now seeks from this Court in its Petition – that the Government's seizure and forfeiture of the **entire** $53 million would violate the Excessive Fines Clause.

## CONCLUSION

For the foregoing reasons, ASD respectfully requests that this Court enter an order finding the Government's seizure of ASD's bank accounts disproportionate and in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and requiring that an appropriate portion of the seized funds to be returned within two days of entry of an order, subject to the previously-outlined seven-oversight measures (acceptable to the Court) governing ASD's resumption of business.

**WHEREFORE**, on behalf of Claimants, Counsel respectfully requests that the Court grant the relief described herein.

Dated: September 30, 2008

                Respectfully submitted,

                **AKERMAN SENTERFITT**

                By: /s/
                  Michael L. Fayad, Esq.
                  D.C. Bar No. 91694
                  8100 Boone Boulevard, Suite 700
                  Vienna, VA 22182
                  Telephone: 703-790-8750
                  Fax: 703-448-1801

-and-

Jonathan Goodman, Esq.
(Admitted to Appear *Pro Hac Vice*)
Florida Bar Number: 371912
One Southeast Third Avenue
25th Floor
Miami, FL 33131-1714
Phone: (305) 374-5600
Fax: (305) 374-5095
Email: jonathan.goodman@akerman.com
ATTORNEYS FOR CLAIMANT ASD

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Reply was served this 30th day of September, 2008 via the Court's electronic filing system upon the following counsel:

William Rakestraw Cowden, Esq.
U.S. Attorney's Office
555 Fourth Street, NW
Washington, DC 20530

/s/
Michael L. Fayad, Esq.