UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>8 GILCREASE LANE, QUINCY, FLORIDA 32351,<br><br>ONE CONDO LOCATED ON NORTH OCEAN BOULEVARD IN MYRTLE BEACH, SOUTH CAROLINA<br><br>    and<br><br>ALL FUNDS, INCLUDING APPROXIMATELY $53 MILLION HELD ON DEPOSIT AT BANK OF AMERICA ACCOUNTS IN THE NAMES OF (1) THOMAS A. BOWDOIN, JR., SOLE PROPRIETOR, DBA ADSURFDAILY, (2) CLARENCE BUSBY, JR. AND DAWN STOWERS, DBA GOLDEN PANDA AD BUILDER, AND (3) GOLDEN PANDA AD BUILDER,<br><br>    Defendants, and<br><br>ADSURFDAILY, INC., THOMAS A. BOWDOIN, JR., AND BOWDOIN HARRIS ENTERPRISES, INC.,<br><br>    Claimants. | Case: 1:08-cv-01345<br><br>Hon. Rosemary M. Collyer<br><br><br>**ANSWER<br>TO CIVIL COMPLAINT FOR<br>FORFEITURE *IN REM*** |

## ANSWER TO COMPLAINT FOR FORFEITURE *IN REM*

    Claimants, ADSURFDAILY, INC., THOMAS A. BOWDOIN, JR., AND BOWDOIN

HARRIS ENTERPRISES, INC., (collectively referred to as "Claimants"), by and through their

{TY053705;1}

undersigned counsel, hereby file their Answer and Affirmative Defenses to the Plaintiff's Civil Complaint For Forfeiture *In Rem* and say:

1.  Claimants assert that the allegation in paragraph 1 of the Complaint is a legal conclusion to which no response is required. To the extent the Court requires a response, Claimants assert that the statutes referenced in paragraph 1 of Plaintiff's Complaint speak for themselves and therefore Plaintiff's allegations are denied.

2.  Claimants assert that the allegation in paragraph 2 of the Complaint is a legal conclusion to which no response is required. To the extent the Court requires a response, Claimants deny that this Court has jurisdiction over this action in order to preserve all appropriate defenses.

3.  Claimants assert that the allegation in paragraph 3 of the Complaint is a legal conclusion to which no response is required. To the extent the Court requires a response, Claimants deny that acts or omissions giving rise to forfeiture occurred in this district and, therefore, deny that venue is proper in this district.

4.  Claimants admit that defendant real properties, with all appurtenances and improvements thereon, are located at: (a) 8 Gilcrease Lane, Quincy, Florida 94590 ("Gilcrease Lane") and (b) One condominium owned by Thomas A. Bowdoin, Jr. in Myrtle Beach, South Carolina ("Myrtle Beach Condo"). Claimants admit that the legal description of Gilcrease Lane is accurately described in Paragraph 4. Claimants deny that the legal description of the Myrtle Beach Condo has been provided by Plaintiff in an Amended Complaint. Accordingly, the Claimants deny that such defendant real property has been properly incorporated into the Complaint and, therefore, should be excluded from this Complaint.

5. Claimants are without sufficient knowledge of the approximate total amount of funds seized and/or frozen from Bank of America ("BOA") accounts (hereafter collectively "the BOA Accounts"), which are referred to as "[t]he defendant personal properties" in paragraph 5 of the Complaint. Claimants are aware and admit that all BOA Accounts, identified and listed in Subparagraphs 5(a) through 5(j) have been frozen and/or seized by Plaintiff. Claimants are without knowledge regarding the status of accounts identified and listed in Subparagraphs 5(k) through 5(o).

6. Claimants deny that Thomas A. Bowdoin, Jr. ("Bowdoin"), is the owner of the defendant real properties. Claimants admit that Bowdoin controlled the AdSurfDaily BOA Accounts from which those funds were seized. Claimants are without knowledge regarding the operation or control of any Bank of America Accounts in the name of Clarence Busby, Jr. and/or Dawn Stowers.

7. Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and therefore deny all allegations contained therein.

**RESPONSE TO ALLEGED BASES FOR FORFEITURE**

8. Claimants deny that the allegations contained in Paragraph 8 of the Complaint are true and correct.

**RESPONSE TO ALLEGED FACTS**

9. Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and therefore deny all allegations contained therein.

10. Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and therefore deny all allegations contained therein.

11. Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and therefore deny all allegations contained therein.

12. Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and therefore deny all allegations contained therein.

13. Claimants deny that the allegations contained in Paragraph 13 of the Complaint are true and correct.

14. Claimants are without sufficient knowledge to form a belief as to the truth of the allegations received from an unidentified source of information contained in Paragraph 14 of the Complaint and therefore deny all allegations contained therein.

15. Claimants admit that ASD operated over the internet at www.asdcashgenerator.com and at www.lafuentedinero.com. Claimants admit that these two sites offered members the opportunity to earn profits by paying fees to advertise webpages; by surfing other members' webpages; and by recruiting more members to do the same. All other allegations contained in Paragraph 15 of the Complaint are denied.

16. Claimants deny that the allegations contained in Paragraph 16 of the Complaint are true and correct.

17. Claimants deny that the allegations contained in Paragraph 17 of the Complaint are true and correct.

18. Claimants admit that Bowdoin controlled and operated ASD, and that Bowdoin filed or caused to be filed papers to incorporate AdSurfDaily in Nevada, as alleged. Claimants admit that Bowdoin served as CEO and President of the respective corporations as alleged in Paragraph 18. Claimants deny that the remaining allegations contained in Paragraph 18 of the Complaint are true and correct.

19. Claimants admit that at the time the Complaint was filed, Claimant Bowdoin was 74 years old. Claimants admit that Bowdoin was arrested in Alabama on criminal charges, which were resolved in 1997 and dismissed after Bowdoin completed all requirements of Pre-Trial Diversion. Claimants admit that Bowdoin plead guilty to charges in Wilcox County, as described in the last sentence of paragraph 19. Claimants deny that the remaining allegations contained in Paragraph 19 of the Complaint are true and correct.

20. Claimants assert that the public records referenced in paragraph 20 of Plaintiff's Complaint speak for themselves and therefore Plaintiff's allegations are denied. Claimants deny that Bowdoin was a Registered Agent of Re-Tube Lite International, Inc. Claimants deny that the remaining allegations contained in Paragraph 20 of the Complaint are true and correct.

21. Claimants admit that ASD launched its original website in the Fall of 2006 at http://www.adsurfdaily.com and that this website operated until approximately March 2007. Claimants deny that the remaining allegations contained in Paragraph 21 of the Complaint are true and correct.

22. Claimants deny that the allegations contained in Paragraph 22 of the Complaint are true and correct.

23. Claimants deny all conspiracy allegations contained in Paragraph 23 of the Complaint. Claimants deny that any payouts were promised to members. Claimants admit that

ASD members could earn up to 125% of the ad packages purchased. Claimants deny that the remaining allegations contained in Paragraph 23 of the Complaint are true and correct.

24. Claimants admit the allegations contained in Paragraph 24 of the Complaint.

25. Claimants deny that memberships were referred to as "participantships". Claimants admit the remaining allegations contained in Paragraph 25 of the Complaint.

26. Claimants deny that memberships were referred to as "participantships". Claimants admit the remaining allegations contained in Paragraph 26 of the Complaint.

27. Claimants admit that the message quoted did appear on ASD's website in approximately July 2008. Claimants admit that ASD divided 50% of its daily profit among members who had active "ad packages" and that the gross profits from the day are totaled and paid out to members based upon their current active "ad packages." Claimants admit that to receive a portion of the profit as a "rebate", an upgraded member was required to view at least 24 webpages per day, and each webpage must be viewed for 15 seconds. Claimants deny that the remaining allegations contained in Paragraph 27 of the Complaint are true and correct.

28. Claimants admit that the message quoted did appear on ASD's website in approximately July 2008, and assert that the message speaks for itself. Claimants deny that the remaining allegations contained in Paragraph 28 of the Complaint are true and correct.

29. Claimants admit that ASD held rallies in Las Vegas, Nevada, Tampa and Miami, Florida, and in Chicago, Illinois, and that another rally was planned to take place in Tulsa, Oklahoma. Claimants admit that the rallies did cause the business to grow rapidly. Claimants deny any remaining allegations contained in Paragraph 29 of the Complaint.

30. Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and therefore deny all allegations contained therein.

31. Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and therefore deny all allegations contained therein.

32. Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and therefore deny all allegations contained therein.

33. Claimants admit that ASD members could access ASD's website over the internet from different states and that ASD members could open accounts from multiple locations. Claimants are without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 33 of the Complaint and, therefore, deny all remaining allegations contained therein.

34. Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and, therefore, deny all allegations contained therein.

35. Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and, therefore, deny all allegations contained therein.

36. Claimants admit that the language quoted in Paragraph 36 appeared on ASD's webpage, and assert that the language speaks for itself. Claimants deny that the remaining allegations contained in Paragraph 36 of the Complaint are true and correct.

37. Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint and, therefore, deny all allegations contained therein.

38. Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and, therefore, deny all allegations contained therein.

39. Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint and, therefore, deny all allegations contained therein.

40. Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint and, therefore, deny all allegations contained therein.

41. Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint and, therefore, deny all allegations contained therein.

42. Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint and, therefore, deny all allegations contained therein.

43. Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint and, therefore, deny all allegations contained therein.

44. Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint regarding actions taken by unidentified

Task Force Agents and, therefore, deny those allegations. Claimants admit that the banner message referred to Paragraph 44 appeared on the ASD website, and assert that the language speaks for itself. Claimants deny that the remaining allegations contained in Paragraph 44 of the Complaint are true and correct.

45. Claimants deny that the allegations contained in Paragraph 45 of the Complaint are true and correct. Claimants acknowledge that Exhibit 4 to the Complaint is a photograph of its headquarters building in Quincy, Florida.

46. Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint and, therefore, deny all allegations contained therein.

47. Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint and, therefore, deny all allegations contained therein.

48. Claimants admit that Bowdoin wrote a letter relinquishing his role as President and his ownership rights in Golden Panda. Claimants are without sufficient knowledge to form a belief as to the truth of allegations regarding what an unidentified Task Force Agent reviewed as set forth in Paragraph 48 of the Complaint and, therefore, deny all allegations contained therein.

49. Claimants are without sufficient knowledge to form a belief as to the truth of allegations based on the purported "public Internet search" described in Paragraph 49 of the Complaint and, therefore, deny all allegations contained therein.

50. Claimants deny that the allegations contained in Paragraph 50 of the Complaint are true and correct.

51. Claimants admit that ASD held a rally in Miami, Florida, on July 12, 2008, and that a rally-only promotion was offered. Claimants are without sufficient knowledge to form a belief as to the truth of allegations regarding the attendance at the rally by an unidentified Task Force Agent and, therefore, deny all remaining allegations contained in Paragraph 51.

52. Claimants deny that the allegations contained in Paragraph 52 of the Complaint are true and correct.

53. Claimants admit that Thomas A. Bowdoin, Jr., spoke at the rally in Miami. Claimants deny that the remaining allegations contained in Paragraph 53 of the Complaint are true and correct.

54. Claimants deny that the allegations contained in Paragraph 54 of the Complaint are true and correct.

55. Claimants are without sufficient knowledge to form a belief as to the truth of allegations asserted in Paragraph 55 of the Complaint and, therefore, deny all allegations contained therein.

56. Claimants are without sufficient knowledge to form a belief as to the truth of allegations asserted in Paragraph 56 of the Complaint and, therefore, deny all allegations contained therein.

57. Claimants are without sufficient knowledge to form a belief as to the truth of the allegations asserted in Paragraph 57 of the Complaint and, therefore, deny all allegations contained therein.

58. Claimants are without sufficient knowledge to form a belief as to the truth of the allegations asserted in Paragraph 58 of the Complaint and, therefore, deny all allegations contained therein.

59. Claimants are without sufficient knowledge to form a belief as to the truth of the allegations asserted in Paragraph 59 of the Complaint and, therefore, deny all allegations contained therein.

60. Claimants are without sufficient knowledge to form a belief as to the truth of the allegations asserted in Paragraph 60 of the Complaint and, therefore, deny all allegations contained therein.

61. Claimants are without sufficient knowledge to form a belief as to the truth of the allegations asserted in Paragraph 61 of the Complaint and, therefore, deny all allegations contained therein.

62. Claimants are without sufficient knowledge to form a belief as to the truth of the allegations asserted in Paragraph 62 of the Complaint regarding what an unidentified Task Force Agent found on the internet and, therefore, deny the allegations.

63. Claimants are without sufficient knowledge to form a belief as to the truth of the allegations asserted in Paragraph 63 of the Complaint regarding the business operated as Solid Trust Pay and, therefore, deny the allegations.

64. Claimants deny that the allegations contained in Paragraph 64 of the Complaint are true and correct.

65. Claimants deny that the allegations contained in Paragraph 65 of the Complaint are true and correct.

66. Claimants admit that ASD utilized bank accounts at BOA to conduct its financial transactions, including deposits made by or on behalf of participants for the purpose of purchasing "ad packages" and withdrawals to pay participants their rebates and commissions. Claimants admit that the accounts at BOA were under the control and ownership of Thomas A.

Bowdoin, Jr. D/B/A ADSURFDAILY, 13 S. Calhoun Street, Quincy, Florida 32351. Claimants deny that the remaining allegations contained in Paragraph 66 of the Complaint are true and correct.

67. Claimants are without sufficient knowledge to form a belief as to the truth of the allegations regarding the ownership, control, or operation of the BOA Accounts in the name of Golden Panda as asserted in Paragraph 67 of the Complaint and, therefore, deny all allegations relating to such accounts. Claimants deny that the remaining allegations contained in Paragraph 67 of the Complaint are true and correct.

68. Claimants deny that the allegations contained in Paragraph 68 of the Complaint are true and correct.

69. Claimants deny that the allegations contained in Paragraph 69 of the Complaint are true and correct.

## COUNT I

70. All responses made to Paragraphs 1 through 69 of the Complaint are re-alleged and incorporated, herein, by reference.

71. Claimants deny the allegations contained in Paragraph 71 of the Complaint.

72. Claimants deny the allegations contained in Paragraph 72 of the Complaint.

## COUNT II

73. All responses made to Paragraphs 1 through 69 of the Complaint are re-alleged and incorporated, herein, by reference.

74. Claimants deny the allegations contained in Paragraph 74 of the Complaint.

75. Claimants deny the allegations contained in Paragraph 75 of the Complaint.

## COUNT III

76. All responses made to Paragraphs 1 through 69 of the Complaint are re-alleged and incorporated, herein, by reference.

77. Claimants deny the allegations contained in Paragraph 77 of the Complaint.

78. Claimants deny the allegations contained in Paragraph 78 of the Complaint.

## COUNT IV

79. All responses made to Paragraphs 1 through 69 of the Complaint are re-alleged and incorporated, herein, by reference.

80. Claimants deny the allegations contained in Paragraph 80 of the Complaint.

81. Claimants deny the allegations contained in Paragraph 81 of the Complaint.

The remainder of Plaintiff's Complaint, beginning with the word "WHEREFORE" constitutes a prayer for specific relief to which no answer is required. To the extent a response is appropriate, Defendants deny that the relief requested is proper or justified by the facts of this case.

**Claimants deny any and all allegations not specifically admitted above.**

**Claimants' Affirmative Defenses follow on the next page.**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim that Claimants violated 18 U.S.C. § 1343, which subjected the defendant property to this civil forfeiture pursuant to 18 U.S.C. 981(a)(1)(C), is a claim upon which relief cannot be granted in this case because the Claimants were engaged in a legal business enterprise that was conducted primarily through electronic communication.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim that Claimants violated 18 U.S.C. §§ 1956 and/or 1957, which subjected the defendant property to this civil forfeiture pursuant to 18 U.S.C. 981(a)(1)(A), is a claim upon which relief cannot be granted in this case because the Claimants were engaged in a legal business enterprise that did not involve money laundering activities.

### THIRD AFFIRMATIVE DEFENSE

Claimants acted in good faith at all times relevant to the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from pursuing this civil forfeiture action because it has failed to conduct an adequate investigation and filed its Complaint without sufficient prior analysis of the facts or understanding of ASD's business model.

### FIFTH AFFIRMATIVE DEFENSE

The allegations contained in Plaintiff's Complaint are compound, vague and ambiguous.

### SIXTH AFFIRMATIVE DEFENSE

Claimants, as innocent owners, did not know, or have reason to know, that the property in question was being employed or was likely to be employed in criminal activity.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's seizure of the defendant property violates the Claimants' Fourth Amendment right to be free from illegal searches and seizures.

**EIGHTH AFFIRMATIVE DEFENSE**

The government is estopped from obtaining a forfeiture judgment because it obtained the seizure warrant through incorrect, misleading or incomplete allegations.

**NINTH AFFIRMATIVE DEFENSE**

The government cannot obtain a forfeiture judgment pursuant to the unclean hands doctrine.

**TENTH AFFIRMATIVE DEFENSE**

The government cannot obtain the forfeiture it seeks because that result would be constitutionally disproportionate.

**ELEVENTH AFFIRMATIVE DEFENSE**

The government is estopped from obtaining a forfeiture judgment in order to provide restitution to victims because it is the government that created the victims by prematurely seizing the property.

**TWELFTH AFFIRMATIVE DEFENSE**

The government cannot obtain a forfeiture judgment because it has not acted in good faith.

**RESERVATION OF RIGHTS**

Claimants reserve the right to assert additional affirmative defenses or amend these affirmative defenses as discovery warrants.

# CLAIMANTS' DEMAND FOR JURY TRIAL

Claimants hereby demand a trial by jury of all issues so triable.

Respectfully submitted,

**AKERMAN SENTERFITT**

By: /s/
Michael L. Fayad, Esq.
D.C. Bar No. 91694
8100 Boone Boulevard, Suite 700
Vienna, VA  22182
Telephone:  703-790-8750
Fax:  703-448-1801


Jonathan Goodman, Esq.[1]
Florida Bar Number:  371912
One Southeast Third Avenue
25th Floor
Miami, FL  33131-1714
Phone:  (305) 374-5600
Fax:  (305) 374-5095
Email:  jonathan.goodman@akerman.com

ATTORNEYS FOR CLAIMANTS

---

[1] Mr. Goodman has been admitted to appear in this proceeding *Pro Hac Vice.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Answer and Affirmative Defenses was served this 15th day of December, 2008 via the Court's electronic filing system upon the following counsel:

>William Rakestraw Cowden, Esq.
>U.S. Attorney's Office
>555 Fourth Street, NW
>Washington, DC  20530

>	/s/
>	Michael L. Fayad, Esq.