UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| c/o United States Attorney's Office | § | |
| 555 Fourth St., N.W. | § | |
| Washington, D.C. 20530, | § | Civil Action No.: 1:08-CV-01345 |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| THOMAS A. BOWDOIN, JR., | § | |
| | § | |
| Defendant. | § | |

## MOTION TO EXCLUDE AND SUPPRESS EVIDENCE OBTAINED IN FORFEITURE ACTION

NOW COMES DEFENDANT, Thomas A. Bowdoin, Jr., to file this Motion and would show the Court the following, to wit:

This quasi-criminal case began from an investigation and prosecution from a combination IRS/Secret Service Task Force. During a search and seizure of assets involving the forfeiture enforcement, the Defendant was requested or demanded to submit to an interview by the agents. During said interview, the Defendant demanded to have his attorney present. This request was denied by the agents, and the agents continued the interrogation and interview without the Defendant's attorney being present. Also, the agents failed to apprise Defendant of the obvious criminal nature of the investigation which constituted deliberate deception by the agents in flagrant disregard of Defendant's rights. Thus, any information or evidence given by Defendant constituted an unreasonable search. United States v. Tweel, 550 F.2d 297 (5th Cir. 1977).

Also, Miranda warnings must be given to any person under criminal investigation by the agents at the inception of the first contact with defendant. The Miranda warnings are required

RECEIVED

FEB 2 7 2009

NANCY MAYER WHITTINGTON CLERK

1

prior to interrogating a suspect in his own bedroom (or home) if it appears he is not free to go where he pleases. Orozco v. Texas, 394 U.S. 324, 89 S.Ct. 1095, 22 L.Ed.2d 311; United States v. Dickerson, 413 F.2d 1111 (7th Cir. 1969). The Court doubted that the defendant really would feel free to walk out on the agents, and there are innumerable factors which act on defendant's mind compelling him to "cooperate" with the federal authorities if the government argues absence of custodial detention. United States v. Dickerson, supra.

Again, any and all evidence obtained by the search and seizure of the forfeiture enforcement and interrogation of Defendant must be excluded and suppressed in this forfeiture action and any subsequent civil and/or criminal prosecution hereafter on the following grounds:

1.) Defendant was refused the right to have counsel present at the interrogation. The interrogation should have been immediately terminated.

2.) The Defendant was in a freedomless, quasi-custody situation that would be an equivalent to a custodial interrogation.

3.) The Defendant was not warned that a civil and criminal investigation was being conducted.

4.) No Miranda warnings were given to the Defendant.

5.) The agents used coercion warnings and intimidation to solicit information from the Defendant. The Defendant's rights were violated under the 4th and 5th Amendments to the U.S. Constitution under Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602 (1966).

IT IS THEREFORE Prayed that this Motion to Exclude and Suppress any and all evidence from the illegal forfeiture action and interrogation of Defendant be granted.

Respectfully submitted,

*Thomas A. Bowdoin, Jr.*
Thomas A. Bowdoin, Jr.
Defendant – Pro se
8 Gilcrease Lane
Quincy, Florida 32351
(850) 363-9602

## Verification

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

2/25/09                    *Thomas A. Bowdoin, Jr.*
Date                        Thomas A. Bowdoin, Jr.

## Certificate of Service

The undersigned certifies that a true copy of the enclosed Motion to Exclude and Suppress Evidence Obtained in Forfeiture Action was mailed on the 25 day of February, 2009 upon the following:

William Cowden, Assistant U.S. Attorney
Chief Asset Forfeiture Unit
555 4th St. N.W.
Washington, D.C. 20001

Jeffrey Taylor, U.S. Attorney
United States Attorney's Office
555 4th St., N.W.
Washington, D.C. 20001

*Thomas A. Bowdoin, Jr.*
Thomas A. Bowdoin, Jr.