UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>c/o United States Attorney's Office<br>555 Fourth St., N.W.<br>Washington, D.C. 20530,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS A. BOWDOIN, JR.,<br><br>Defendant. | § § § § § § § § § § § § § | CIVIL COMPLAINT FOR<br>FORFEITURE *IN REM*<br><br>Civil Action No.: 1:08-CV-01345 |

## MOTION TO SET ASIDE ASSET FORFEITURE AND DISMISS
## FOR LACK OF JURISDICTION UNDER FRCivP RULE 60 (b) (4)

NOW COMES DEFENDANT, Thomas A. Bowdoin, Jr., to file this Motion and would show the Court the following, to wit:

This Honorable Court does not have jurisdiction because although this may be filed as a civil action, it must be treated as quasi-criminal with a standard of review or proof of clear and convincing evidence, not just preponderance of evidence.

Again, this case was not a civil action, but a quasi-criminal action against the Defendant. Referring to Barron's Law Dictionary; Quasi means nearly, almost, like. Quasi-criminal refers to a proceeding which, though not actually a criminal prosecution, is sufficiently similar in terms of the sanction to be imposed, e.g. civil fine, loss of property, loss of license, suspension..., etc. Thus, where substantial penalties and sanctions may result, a civil action becomes a quasi-criminal prosecution against the Defendant. Goldberg v. Kelly, 25 L. Ed. 2d 287; Greene v. McElroy, 360 U.S. 474 at 496-497; Upton v. S.E.C., 75 F. 3d 92; Village of Hoffman Estates v. Flipside, Hoffman Estates, 455 U.S. 489. Joint Anti-Fascist Refugee Committee v. McGrath,

RECEIVED
FEB 2 7 2009
NANCY MAYER WHITTINGTON, CLERK

1

341 U.S. 123; Matthews v. Eldridge, 424 U.S. 319; Addington v. Texas, 441 U.S. 418; United States v. Ward, 448 U.S. 242.

In a quasi-criminal prosecution, all of the due process rights must be made available to the Defendant except presentment of the charge to a grand jury. These rights are protected not only in criminal case, but also in all cases of penal action. Goldberg, supra. There was no probable cause to even file a complaint in this instant case.

A case that involves a quasi-criminal nature has a standard of review of clear and convincing evidence and vice-versa. The Supreme Court of the State of Washington in an En Banc decision decided that the standard of proof required in <u>cases deemed quasi-criminal in nature is clear and convincing evidence</u>. (Emphasis added.) Ongom v. State of Washington, En Banc No. 76618-5 (2006). This case and principle was upheld by the United States Supreme Court in Washington State Department of Health v. Ongom, 127 S.Ct. 2115.

The United States Supreme Court basically ruled and established the legal precedent that a medical practitioner before his or her medical board facing a complaint that could remove the license to practice is in the nature of quasi-criminal and the standard of proof or review is clear and convincing evidence. Washington State Department of Health v. Ongom, supra.

By the rule of law and legal precedence, this Honorable Court is bound by the above decision under the principle of "stare decisis".

Besides the U.S. Supreme Court in Ongom, supra, several State Supreme Courts and other courts already ruled concerning the quasi-criminal nature of the case and standard of proof or review of clear and convincing evidence as follows:

1.) State of California – Court of Appeals; Ettinger v. Board of Medical Quality Assurance, 135 Cal. App.3d 853

2.) State of South Carolina – Court of Appeals; <u>Anonymous v. The State Board of Examiners</u>, 473 S.E.2d 870

3.) State of Wyoming – Wyoming Supreme Court; <u>Painter v. Abels</u>, 998 P.2d 931

4.) State of Washington – Washington Supreme Court; <u>Nguyen v. Department of Health</u>, 144 Wn.2d 516, 29 P.3d 689; <u>Ongom v. Washington State Dept. of Health</u>, 148 P.3d 1029

The United States of America chose the Common-Law of England as the basis of its legal system. Therefore, the above cases have some legal precedent under the common-law.

The Defendant has provided this Honorable Court with the up-to-date legal precedent that trumps any other court cases. The <u>Ongom</u> decision is the precedent law that the courts must follow.

Every state…judicial officer is solemnly committed by oath taken pursuant to Art. 6, cl. 3 to support this Constitution. <u>Cooper v. Aaron</u>, 358 U.S. 1. The basic principle [is] that the federal judiciary is supreme in the exposition of the law of the Constitution. <u>Cooper v. Aaron</u>, supra. The U.S. Supreme Court has ruled in <u>Ongom</u> that practitioners being sanctioned have a Constitutional right of due process under the 5th Amendment <u>to have their case status be in the nature of quasi-criminal and the standard of review or proof be clear and convincing evidence</u>. The U.S. Supreme Court has spoken and this Honorable Court must follow.

Once again, since the Treasury Department and Secret Service and/or its agency and the Court did not follow the supreme law of the land that regulates the operation and administration of said agency, and this Court action cannot stand.

One cannot break the law in an attempt to "uphold the law".

3

An agency of the government must scrupulously observe rules, regulations or procedures which it has established. When it fails to do so, its action cannot stand and courts will strike it down. United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 98 L.Ed. 681; United States v. Heffner, 420 F.2d 809; Service v. Dulles, 1 L.Ed.2d 1403; Nelson v. I.N.S., 232 F.3d 258.

There has been no probable cause determination in this forfeiture, and this case has been treated as a civil case instead of quasi-criminal utilizing the incorrect standard of review. Therefore, this Honorable Court lacked jurisdiction to allow a forfeiture of any assets and said forfeiture must be set aside with all assets returned immediately to the Defendants.

THEREFORE, IT IS Prayed that Defendant's Motion to Set Aside Forfeiture and Dismiss for Lack of Jurisdiction Under FRCivP Rule 60 (b) (4) be granted.

Respectfully submitted,

Thomas A. Bowdoin, Jr.
Defendant – Pro se
8 Gilcrease Lane
Quincy, Florida 32351
(850) 363-9602

Verification

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

2/25/09
Date

Thomas A. Bowdoin, Jr.

4

Certificate of Service

The undersigned certifies that a true copy of the enclosed Motion to Set Aside Forfeiture and Dismiss for Lack of Jurisdiction Under FRCivP Rule 60 (b) (4) was mailed on the 25 day of February, 2009 upon the following:

William Cowden, Assistant U.S. Attorney
Chief Asset Forfeiture Unit
555 4th St. N.W.
Washington, D.C. 20001

Jeffrey Taylor, U.S. Attorney
United States Attorney's Office
555 4th St., N.W.
Washington, D.C. 20001

                                      Thomas A. Bowdoin, Jr.