UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>8 GILCREASE LANE, QUINCY<br>FLORIDA 32351, *et al.*,<br><br>Defendants,<br><br>and<br><br>ADSURFDAILY, INC., THOMAS A.<br>BOWDOIN, JR., AND<br>BOWDOIN/HARRIS ENTERPRISES,<br>INC.,<br><br>Claimants. | Civil Action No. 08-1345 (RMC) |

## ORDER

On August 5, 2008, Plaintiff United States of America filed a Verified Complaint for Forfeiture *In Rem* against the defendants, certain real properties located in Quincy, Florida and Myrtle Beach, South Carolina, and personal properties consisting of approximately $53 million in funds from Bank of America accounts. *See* Compl. ¶¶ 4-5. The United States seized the funds in the Bank of America accounts pursuant to warrants for arrest *in rem* issued by the United States District Court for the District of Columbia. *Id.* ¶ 5.

On August 15, 2008, Claimants AdSurfDaily, Inc. ("ASD"), Bowdoin/Harris Enterprises, Inc., and Thomas A. Bowdoin, Jr., filed verified claims for the defendant real properties

and Bank of America funds that the Government seized.[1]  *See* Verified Claims of Claimants [Dkt. # 6].  On August 18, 2008, Claimants filed an Emergency Motion for Return of Seized Funds and Motion to Dismiss the Complaint.  *See* Dkt. # 7.  After holding a two-day evidentiary hearing and reviewing the evidence, the Court issued a Memorandum Opinion and Order on November 19, 2008 denying the Emergency Motion for Return of Seized Funds and the Motion to Dismiss, and directing Claimants to file an answer by December 15, 2008.  *See* Dkt. ## 35 & 36.  The Claimants filed their Answer on December 15, 2008.  *See* Dkt. # 37.  Then, on January 13, 2009, Claimants filed a Motion for Leave to Withdraw their Claims to the Seized Property and Consent to Forfeiture.  *See* Dkt. # 39.  In that motion, Claimants sought leave to (1) withdraw and release with prejudice the verified claims they filed in this civil forfeiture action; and (2) consent to the forfeiture of the properties for which they have asserted claims.  *See id.*  The Court granted Claimants' motion on January 22, 2009.  *See* Dkt. # 41.

Recently, Mr. Bowdoin filed a series of motions, *pro se*, including, *inter alia*, a "Notice of Recission and Withdrawal of Release of Claims to Seized Property and Consent to Forfeiture" [Dkt. # 47].  *See also* Dkt. ## 48-50.  However, the docket indicates that all three Claimants referenced herein, including Mr. Bowdoin, are represented in this civil matter by counsel, specifically, Michael Fayad and Jonathan Goodman of the Akerman Senterfitt law firm.  Mr. Bowdoin's recent court filings appear to indicate that he may have decided to no longer retain his civil attorneys, but those attorneys have not sought to withdraw from this case.  The Court directs

---

[1] Bowdoin/Harris Enterprises, Inc. submitted a verified claim to the real property in Quincy, Florida; ASD submitted a claim to the funds held in the Bank of America accounts; and Mr. Bowdoin also submitted a claim to the funds held in the Bank of America accounts, declaring that the accounts were opened in his name but were owned by ASD and were treated as corporate assets.

counsel to indicate whether they intend to continue their representation of Mr. Bowdoin and/or any of the other Claimants in this case, and if they no longer intend to represent ASD or Bowdoin/Harris Enterprises, Inc., to indicate that they have explained to Mr. Bowdoin that, while he may represent himself in this civil matter, a corporation cannot proceed *pro se*. *See Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 166 n.1 (D.C. Cir. 1990).

Accordingly, it is hereby

**ORDERED** that, no later than April 9, 2009, current counsel for Claimants, Mr. Fayad and Mr. Goodman, shall file with the Court a notice indicating (a) whether they intend to continue their representation of the Claimants, including Mr. Bowdoin; or (b) whether they will seek to withdraw from the case; if counsel seek to withdraw from the case, they shall file a motion to withdraw no later than April 9, 2009, and they shall indicate whether they have explained to Mr. Bowdoin that while he may represent himself in this matter, the corporations may not proceed *pro se*.

**SO ORDERED**.

Date:   March 26, 2009 /s/
ROSEMARY M. COLLYER
United States District Judge