# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 08-1345 (RMC) |
| 8 GILCREASE LANE, QUINCY FLORIDA 32351, *et al.*, | ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| ADSURFDAILY, INC., THOMAS A. BOWDOIN, JR., AND BOWDOIN/HARRIS ENTERPRISES, INC., | ) ) ) ) ) | |
| Claimants. | ) ) | |

## ORDER TO SHOW CAUSE

On August 5, 2008, Plaintiff United States of America filed a Verified Complaint for Forfeiture *In Rem* against the defendants, certain real properties located in Quincy, Florida and Myrtle Beach, South Carolina, and personal properties consisting of approximately $53 million in funds from Bank of America accounts. *See* Compl. ¶¶ 4-5. The United States seized the funds in the Bank of America accounts pursuant to warrants for arrest *in rem* issued by the United States District Court for the District of Columbia. *Id.* ¶ 5.

On August 15, 2008, Claimants AdSurfDaily, Inc. ("ASD"), Bowdoin/Harris Enterprises, Inc., and Thomas A. Bowdoin, Jr., filed verified claims for the defendant real properties

and Bank of America funds that the Government seized.[1]  *See* Verified Claims of Claimants [Dkt. # 6].  On August 18, 2008, Claimants filed an Emergency Motion for Return of Seized Funds and Motion to Dismiss the Complaint.  *See* Dkt. # 7.  After holding a two-day evidentiary hearing and reviewing the evidence, the Court issued a Memorandum Opinion and Order on November 19, 2008, denying the Emergency Motion for Return of Seized Funds and the Motion to Dismiss, and directing Claimants to file an answer by December 15, 2008.  *See* Dkt. ## 35 & 36.  The Claimants filed their Answer on December 15, 2008.  *See* Dkt. # 37.  Then, on January 13, 2009, Claimants filed a Motion for Leave to Withdraw their Claims to the Seized Property and Consent to Forfeiture.  *See* Dkt. # 39.  In that motion, Claimants sought leave to (1) withdraw and release with prejudice the verified claims they filed in this civil forfeiture action; and (2) consent to the forfeiture of the properties for which they have asserted claims.  *See id.*  The Court granted Claimants' motion on January 22, 2009.  *See* Dkt. # 41.

Recently, Mr. Bowdoin filed a series of motions, *pro se*, including: (1) a "Notice of Rescission and Withdrawal of Release of Claims to Seized Property & Consent to Forfeiture" [Dkt. # 47];[2] (2) a Motion to Exclude and Suppress Evidence Obtained in Forfeiture Action [Dkt. # 48];

---

[1] Bowdoin/Harris Enterprises, Inc. submitted a verified claim to the real property in Quincy, Florida; ASD submitted a claim to the funds held in the Bank of America accounts; and Mr. Bowdoin also submitted a claim to the funds held in the Bank of America accounts, declaring that the accounts were opened in his name but were owned by ASD and were treated as corporate assets.

[2] In this Notice, Mr. Bowdoin states that the Claimants, "after re-evaluation and reconsideration of the withdrawal and release of claims[,] have decided that the decision to withdraw and release claims was a grave mistake and error. . . . THEREFORE, this rescission is now legally accomplished as a matter of law."  *See* Notice of Rescission at 2, 4.  Mr. Bowdoin cites no law for the proposition that his "Notice of Rescission and Withdrawal of Release of Claims to Seized Property & Consent to Forfeiture" "legally accomplishe[s]" his goal of re-instituting Claimants' claims to the defendant property which the Court ordered withdrawn on January 22, 2009 pursuant to Claimants' own motion.  *See* Dkt. # 41.  The Court will therefore treat Mr. Bowdoin's "Notice

(3) a Motion to Set Aside Asset Forfeiture and Dismiss for Lack of Jurisdiction under Fed. R. Civ. P. 60(b)(4) [Dkt. # 49]; and (4) a Motion to Dismiss due to Lack of Advance Fair Notice [Dkt. # 50]. The Government has responded to the Motion to Exclude and Suppress Evidence Obtained in Forfeiture Action, *see* Dkt. # 52, but has not yet responded to Mr. Bowdoin's other motions. The delay thus far is understandable given the uncertainties surrounding the status of Claimants' counsel, but no further delays will be permitted.

Accordingly, it is hereby

**ORDERED** that the Government shall show cause, no later than **April 24, 2009**, why the Court should not grant Mr. Bowdoin's (1) "Notice of Rescission and Withdrawal of Release of Claims to Seized Property & Consent to Forfeiture" [Dkt. # 47], which the Court deems a motion to vacate the Court's January 22, 2009 Order granting Claimant's Motion for Leave to Withdraw Claims and Release of Claims to Seized Property and Consent to Forfeiture, or in the alternative, for leave to file a new claim to the defendant property out of time; (2) Motion to Set Aside Asset Forfeiture and Dismiss for Lack of Jurisdiction under Fed. R. Civ. P. 60(b)(4) [Dkt. # 39]; and (3) Motion to Dismiss for Lack of Advance Fair Notice [Dkt. # 50].

**SO ORDERED**.

Date: April 3, 2009
/s/
ROSEMARY M. COLLYER
United States District Judge

---

of Rescission and Withdrawal of Release of Claims to Seized Property and Consent to Forfeiture" as a **motion** to vacate the Court's January 22, 2009 Order granting the Motion for Leave to Withdraw Claims, *see* Dkt. # 41, or in the alternative, for leave to file a new claim out of time.