UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                                                                  )<br>                        Plaintiff,           )<br>                                                                  )<br>            v.                                              )<br>                                                                  )<br>8 GILCREASE LANE, QUINCY           )<br>FLORIDA 32351, *ET AL.*,                )<br>                                                                  )<br>                        Defendants.     )<br>_____)  | Civil Action No. 08-1345 (RMC)<br>ECF |

**PLAINTIFF'S OPPOSITION TO THOMAS A. BOWDOIN, JR.'S
MOTION TO DISMISS FOR LACK OF FAIR NOTICE**

Plaintiff, the United States of America, by its attorney, the United States Attorney for the District of Columbia, respectfully submits this Opposition to Thomas A. Bowdoin, Jr.'s Motion To Dismiss Due To Lack Of Advance Fair Notice.

Mr. Bowdoin's *pro se* "Motion To Dismiss, *etc.*" rests on the disingenuous assertion that he "did not know or realize that his conduct was illegal until this instant case was filed against him." See "Motion To Dismiss, *etc.*" at 1. Because this bald assertion is baseless, Mr. Bowdoin's claim for this case's dismissal should be rejected on precisely the same analysis as this Court used in United States v. E-Gold, Ltd., 550 F. Supp.2d 82, 97-101 (D.D.C. 2008) (denying motion to dismiss indictment charging unlicensed money-transmitting crimes because statute "did not give fair warning of scope of conduct that is proscribed," arguing "void-for-vagueness" doctrine, "rule of lenity," and that government's "novel construction" constituted *ex post facto* law).

Generally, Mr. Bowdoin's assertions run afoul of:

[T]he rule that ignorance of the law will not excuse [which] is deep in our law.

> Lambert v. State of California, 355 U.S. 225, 228 (1958); see also Cheek v. United States, 498 U.S. 192, 199 (1991) (ignorance of the law or a mistake of law is no defense to criminal prosecution). Lambert itself is the only Supreme Court case to recognize a "mistake of law" defense. The registration statute invalidated in Lambert criminalized the act of being present in Los Angeles as a convicted felon without registering, regardless of one's knowledge of the registration requirement.
>
> Unlike the statute at issue in Lambert, [this statute, § 1960] requires affirmative action . . . . See United States v. Talebnejad, 460 F.3d 563, 570 (2006)(contrasting passive presence regulated in Lambert with the unquestionably active conduct of operating a business). This is in contrast to the registration statute in Lambert, where the Court noted that violation of its provisions is unaccompanied by any activity whatsoever, mere presence in the city being the test. Moreover, the Lambert Court emphasized that there were no surrounding circumstances which might move one to inquire as to the necessity of registration. Here, however, [defendant] operated his business in a highly regulated industry, and could reasonably have been expected to know [of legal requirements regarding the business.]

United States v. Dimitrov, 546 F.3d 409, 414 (7th Cir. 2008): (quotation marks and some subsidiary citations omitted).[1]

    Mr. Bowdoin's assertion that he "did not know or realize that his conduct was illegal"

---

[1] This is a civil forfeiture action, not a criminal prosecution, so Mr. Bowdoin's references to himself as the "defendant" are miscast. Thus, citations to precedent dismissing criminal prosecutions are not strictly apposite to this case. Properly speaking, the defendants in this case are not Mr. Bowdoin or his confederates at Ad-Surf Daily or Golden Panda, but the real properties and many millions of dollars garnered in a "Ponzi" style fraud. Ironically, even on its own terms, Mr. Bowdoin's *pro se* filing cites only fatally vague generalities. Examples include: "[i]n criminal prosecution, unclarity alone is enough to resolve the doubt in favor of the defendant" (citation omitted); "[t]he 'rule of lenity' is a principle of statutory construction which provides that criminal statutes must be narrowly construed, and any ambiguity be resolved in favor of lenity" (citation omitted); and, "vice of vagueness in criminal statutes is treachery" (citation omitted).

In this Circuit, two seminal void-for-vagueness decisions are the late Judge Spottswood Robinson's opinions in Ricks v. District of Columbia, 134 U.S. App. D.C. 201, 414 F.2d 1097 (D.C. Cir. 1968) (D.C. criminal law against vagrancy deemed unconstitutionally vague), and Ricks v. United States, 134 U.S. App. D.C. 215, 414 F.2d 1111 (D.C. Cir. 1968) (same for D.C. narcotic vagrancy statute).

cannot survive a moment's analysis. The central claim underpinning the government's forfeiture action is that Ad Surf Daily (ASD) and Golden Panda (GP) were unlawful, fraudulent ventures operating over the Internet. The government's complaint alleges that ASD and GP operators falsely stated that they were offering legitimate business opportunities in which "members" could invest and expect a profitable return of at least 125%, at the rate of about 1% per day, on each dollar invested. But, as the two related forfeiture complaints show, ASD and GP had no actual independent operations and, thus, earned no profits from which to pay out the returns they promised to their members-investors. Rather, in a classic "Ponzi" style scheme, money from investments by later "members" was (and would have been) used to redeem promises of fantastical returns made to earlier member-investors. At bottom, Mr. Bowdoin's protestations of ignorance are yet another lie: he not only knew that he lacked sufficient revenue to pay the returns he promised, he knew the revenue numbers he posted were made-up. With such knowledge, and given that Mr. Bowdoin does not deny having used the Internet to publicize his false promises and misrepresentations, his argument for dismissal on void-for-vagueness principles is meritless.

The statute proscribing "fraud by wire, radio, or television," 18 U.S.C. § 1343, makes it criminal for a person "having devised . . . any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, pretenses" to communicate these by wire to execute the fraudulent scheme. Consequently, accepting Mr. Bowdoin's argument requires the Court to rule that a reasonable person could not possibly know that the wire fraud statute outlaws the conduct of using the Internet to spread one or more lies in order to cause individuals to part with their money, that is that the wire-fraud

statute is unconstitutionally void as applied *in this case*.  See United States v. Rybicki, 354 F.3d 124, 129-132 (2d Cir. 2003) (extensive analysis of void-for-vagueness doctrine concludes that outside the First Amendment context, vagueness challenges will be considered only as applied) (citing Chapman v. United States, 500 U.S. 453, 467 (1991) (when First Amendment freedoms are not infringed by the statute at issue, vagueness claim must be evaluated as statute is applied), Maynard v. Cartwright, 486 U.S. 356, 361 (1988) (vagueness challenges to statutes not threatening First Amendment interests are examined in light of the facts of the case at hand; the statute is judged on an as-applied basis), Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489 (1982), and United States v. Salerno, 481 U.S. 739 (1987)).

To examine Mr. Bowdoin's proposition, at the outset, the Court should recall precisely what the government has alleged in seeking forfeiture in this civil action: the defendants in this case, several parcels of real property and millions of dollars – were amassed through a wire fraud. In particular, the government asserts that Mr. Bowdoin ran a "Ponzi" style scam that made false promises to deceive investors into sending their money off to Mr. Bowdoin and his associates. The government asserts that Mr. Bowdoin and his associates failed to tell the investors that ASD was merely shuffling their money – that it had no true profits with which to pay the profitable returns it promised them. In light of the government's allegations here, Mr. Bowdoin seems to be asserting (1) that he did not know that it was illegal for him to lie to investors in order to cause them to send him their money in the first place, and (2) that he should therefore get to keep all of the money he secured by lying. He offers, not surprisingly, no authority for his proposition.

Mr. Bowdoin's motion fails to measure up to a colorable challenge to the statutes

4

underpinning this forfeiture action, either facially or as applied. As our circuit has observed:

> It is true . . . that regulations with criminal sanctions must "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Kolender v. Lawson, 461 U.S. 352, 357 (1983). This principle, however, does not lead to the conclusion that any person can have a regulation wiped off the books (or prompt a limiting judicial construction of the regulation) merely by showing that it will be impermissibly vague in the context of some hypothetical application.

Sweet Home Chapter Of Communities For A Great Oregon v. Babbitt, 303 U.S. App. D.C. 42, 45, 1 F.3d 1, 4, (D.C. Cir. 1994). Similarly, the facts set forth in the government's forfeiture complaint overcome a vagueness challenge to the statute's as applied. See United States v. Lancaster, 296 U.S. App. D.C. 379, 382-383, 968 F.2d 1250, 1253-1254 (D.C. Cir. 1992) (when statute "furnishes fair notice that opening one's house to the kind of wholesale drug use proven at trial is proscribed," it is not vague as applied to defendant's conduct so as to warrant reversal of his convictions, even if it is ambiguous enough to "be construed to prohibit simple possession and personal consumption of drugs in one's residence, although it does not give fair notice that it does"); United States v. Thomas, 274 U.S. App. D.C. 385, 864 F.2d 188 (D.C. Cir. 1988) (affirming Judge Flannery's denial of applied void for vagueness challenge to rule forbidding use of a park " for living accommodation purposes" when trial evidence showed that defendants had "spen[t] substantially all of their time, including sleeping hours, in the park on a continuing basis"). In the contest of this case, Mr. Bowdoin's motion has traction only if the government was required to have told him, before seizing his fraud proceeds, that fraud is illegal. Even then, he supposes, the government must also give him a chance to craft a legal business model with his investors' funds, before it intervenes. This Court rejected a similar invitation late last year.

5

In this case, Mr. Bowdoin's motion to dismiss on vagueness grounds is all the more remarkable because he was previously arrested for having used money he took from individuals who invested in a new opportunity he had been promoting to repay debts he owed to individuals who lost money after investing with him in a different venture.  See Complaint 08-1345 ¶19.  Mr. Bowdoin even acknowledged that he lost money in a similar auto-surf "Ponzi" scam that the government closed before he started ASD.  See Complaint 08-2205 ¶53.  The "I forgot what I knew" inference Mr. Bowdoin would have this Court draw certainly provides no basis for dismissing the government's wire fraud allegations on vagueness grounds.

In short, the Court should reject the contentions hinted at in Mr. Bowdoin's *pro se* Motion To Dismiss Due To Lack Of Advance Fair Notice.  Even making allowances for *pro se* submissions to the Court, Mr. Bowdoin's motion, ironically, is itself so vague that it fails to make out any colorable claim for relief.

## **CONCLUSION**

For the reasons set forth above, Thomas A. Bowdoin, Jr.'s motion to dismiss due to lack of fair notice should be denied.

Respectfully submitted,

_/s/_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

_/s/_____
WILLIAM R. COWDEN, DC Bar #426301
Senior Trial Attorney, Department of Justice
(202) 307-1754
VASU B. MUTHYALA, DC Bar #496935
Assistant United States Attorney
U.S. Attorney's Office, Criminal Division

555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7541

## CERTIFICATE OF SERVICE

    I hereby certify that I caused a copy of the foregoing Opposition to be served by means of the Court's ECF system on this 6th day of April 2009 upon all counsel of record and by mail the next day to Thomas A. Bowdoin, Jr.

_/s/_____
William R. Cowden