Michael Haws
Joyce Haws
809 NE Vail Ct.
Ankeny, Iowa 50021
Tel: (515) 964-1811

Atty. In Fact

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,    ( CASE NO: 1:08-cv-01345
    (
         Plaintiff    (MICHAEL & JOYCE HAWS, INNOCENT
    (OWNERS QUALIFIED UNDER 18 U.S.C.
         vs.    ( SEC 983 (e) FOR A MOTION TO SET
    ( ASIDE FORFEITURE & CIVIL ASSET
Michael & Joyce Haws    ( FORFEITURE REFORM ACT OF 2000
Qualified Innocent Owners Defense    ( AS FACTS & LAW WILL PROVE
Under 18 U.S.C. Sec. 983 ASD#10423 & 6728 (
    (
         Claimant    ( Judge: Rosemary Collyer
    (

The Claimants Michael & Joyce Haws comes to this Court to present Michael &

Joyce Haws, Innocent Owners Qualified Under 18 U.S.C. 983 (e) For A Motion To Set

Aside Forfeiture & Civil Asset Forfeiture Reform Act Of 2000 As Facts & Law Will

Prove. This Court has a Duty & Obligation To Obey These 2 Federal Statutes that fall

under Article VI Supremacy Clause of the U.S. Constitution and where Any Violation

Will Be A Civil Rights Violation among other Federal Statute Violations.

State of Iowa
County of Polk, SS:

Michael & Joyce Haws, being first duly cautioned and sworn, under penalty of perjury,
deposes and says as follows:

RECEIVED

APR 2 0 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

[FOR THE RECORD, UPON THE OATH OF OFFICE AND BOND OF THE COURT (CLERK, JUDGES, AND ALL OTHER OFFICERS OF THE COURT] I STANDING IN GOD'S kingdom, accept for value and honor the Judges and Officers of the Court, particularly Judge Rosemary Collyer, U.S. Attorneys William Cowden and Jeffrey Taylor, their Oaths of Office without the UNITED STATES and each of you and I now have a Binding Private Contract "so help me God", that each of you will Protect and Defend ALL My God given and Constitutionally Declared Rights. **Any Violation of a Binding Contract Is Subject To Legal Damages.**

This Motion To Set Aside a Forfeiture under 18 U.S.C. Sec. 983 is reinforced & supported by the Demand For Legal Evidence Notarized Affidavits by ASD Members that were Never Rebutted resulting in the Fact & Law that Every Statement of a Non Rebutted Affidavit has to be Taken As Statements of Truth under the Appellate Court Citations to be covered below. The Non Rebutted Demand For Legal Evidence Affidavits that were Unlawfully Returned prove that U.S. Attorney Jeffrey Taylor, Asst. U.S. Atty. William Cowden, Clerk of the Court Nancy Mayer-Whittington, and Judge Rosemary Collyer had No Legal Evidence for their Fraudulent Claims and Admitted By Their Silence that they had No Legal Evidence, thus becoming Co-Conspirators. **The element of secrecy in clandestine schemes was recognized by the U.S. Supreme Court when it declared that "the law rightly gives room for allowing the conviction of those discovered upon showing sufficiently the essential nature of the plan and their connection with it, without requiring evidence of knowledge of all its details or the participation of others." Blumenthal v. United States, 332 U.S. 539, 557 (1947).**

They also Admitted By Their Silence that ASD Members including Michael & Joyce Haws have a Constitutional Right to Make a Contract. **The key to this whole controversy revolves around the Constitutional Right To Make a Contract as the Claimant will explain. It also revolves around the Absolute Legal Right that Judges and Officers of the Court have No Authority or Jurisdiction to Willfully Violate**

2

Article VI Supremacy Clause of the U.S. Constitution & To Willfully Violate a U.S. Citizen's Constitutional Rights in the Process. Public Officials Are Servants of the Public, Not Dictators To Rule As They Wish.

The following is a Legal Review of the Facts leading up to the Unlawful Acts against the Constitutional Rights of ASD Members including Michael & Joyce Haws. The Deprivation of Civil Rights started against ASD Members when the U.S. Prosecutor without Any Evidence other than the Opinion of an Attorney that is Not Admissible As Evidence In Court, so sayeth the U.S. Supreme Court, illegally obtained an Order To Freeze $53 million in ASD Bank Accounts, most of which was Owned By ASD Members, and $40 million of Cashier Checks made out to ASD by ASD Members who had a Valid Contract With ASD. The U.S. Atty. had a Legal Obligation under 18 U.S.C. Sec. 983 to Protect All ASD Member Assets by Returning All the Innocent Ownership Interest Assets To All ASD Members if they were going to shut down ASD. **The U.S. Atty. and/or U.S. Judge Had No Authority or Jurisdiction to Steal Most of the $93 million of ASD Member Ownership Interest. All of the ASD Members had a Constitutional Right To Make A Contract With ASD and None of the ASD Members had a Contract With The U.S. Government.**

**None of the ASD Members had Committed Any Crime nor were they Accused Of Committing a Crime, thus the U.S. Govt. had No Legal Authority under the Civil Asset Forfeiture Act of 2000 & 18 U.S.C. Sec. 983 To Punish the ASD Members when there is "No Preponderance Of Evidence" of any ASD Member Crime. This was a clear Violation of 18 U.S.C. Sec. 1951 Interference With**

<u>Commerce, Civil Rights, and Anti-Trust Violations that includes Criminal RICO</u>
<u>where 2 or more people Extort Money from a U.S. Citizen.</u>

**IRREFUTABLE LEGAL EVIDENCE AGAINST**
**THE U.S. ATTORNEYS & JUDGES**

#1.  Michael & Joyce Haws set out to Prove Beyond Any Legal Doubt that the ASD Members had a Constitutional Right To Make a Contract With ASD, thus giving the U.S. Government & Judge Collyer No Legal Authority or Jurisdiction to Interfere With Commerce under 18 U.S.C. Sec. 1951 or the Constitutional Rights of the ASD Members.  **This was accomplished by sending by Return Receipt with a "Demand For Legal Evidence Affidavit" to William Cowden, Assist. U.S. Atty., Jeffrey Taylor, U.S. Atty., and Roy Dotson, Special Agent, U.S. Secret Service giving them 7 Days to present Legal Evidence that the Statements Made in the Demand For Legal Evidence including the Listed Constitutional Rights WERE FALSE.  The Demand for Legal Evidence were part of Notarized Affidavits and clearly stated "Your Silence will be an Admission that you do not have the Legal Evidence."  Under Fed. Rule 4, a Return Receipt Is Evidence of a Contract and Acts As An Estoppel after a Willing Default.  <u>Atty. Cowden, Taylor, & Agent Dotson Knowingly, Willingly Defaulted because they had No Legal Evidence or believed they were above the law. Attorneys & Judges Are Not Above The Law.  A Lawful Default Is a Lawful Default.</u>**

#2.  Curtis Richmond prepared and mailed "Curtis Richmond ASD Member With a Third Party Financial Interest Filing An Amicus Curie Motion To Dismiss Case Affidavit."  Because Of 19 Notarized Affidavits In Support" Proving Plaintiff Failed To State A Claim & Is Guilty Of Fraud Upon The Court Under Fed. Rule 60 (b) to the Court.

4

These 20 Notarized Affidavits were Received on Nov. 6, 2008 and were Never Filed as

required Under Notice to Clerk of Court Nancy Mayer-Whittington under Title LXX –

Crimes – CH. 4 Crimes Against Justice Sec. 5403, 5407, & 5408. (See Exhibit of Notice

To Clerk)  This Notice To Clerk of Court that includes Any Officer of the Court (Judges)

that Are Guilty of Failure To File 20 Notarized Affidavits times 3 Felony Statutes or 60

Felony Violations calling for up to 12 years in Prison Per Affidavit that Was Not Filed As

Required By Statute. **For absolute Evidence of this Failure To File 20 Affidavits as**

**soon as the Affidavits were received, Judge Collyer sat on the Motion To Dismiss &**

**the 20 Notarized Affidavits for approximately a week before Ruling on the ASD**

**Attorneys Motion To Dismiss that had No Notarized Affidavits As Proof Of No**

**Legal Evidence of the U.S. Attorney's Charges.  Then the final and arrogant**

**Admission of Guilt of Failure To File an Affidavit as Required By Statute, Judge**

**Collyer had the Clerk of the Court Return All Of The Motion To Dismiss Affidavits**

**including the 19 Demand For Legal Evidence Notarized Affidavits In Support to**

**Curtis Richmond.  This is like having 21 Witnesses to a Murder.  Judge Collyer Is**

**Guilty As Charged because she Totally Ignored the Fact that the Demand For Legal**

**Evidence Was a Defaulted Contract that provided Irrefutable Legal Evidence that**

**Curtis Richmond's Motion To Dismiss Affidavit With 19 Notarized Demand For**

**Legal Evidence Affidavits gave Judge Collyer No Legal Authority or Jurisdiction to**

**do anything but to Grant Curtis Richmond's Motion To Dismiss under Civil Asset**

**Forfeiture Reform Act of 2000 & 18 U.S.C. Sec. 983 General Rules For Civil**

**Forfeiture Proceedings.  (See Exhibits Civil Asset Forfeiture Reform Act of 2000 &**

**18 U.S.C. Sec. 983)**

**Even though it would have been a Void Judgment and a Violation of her Judicial Oath to Support and Defend the U.S. Constitution, Judge Collyer could have avoided the Criminal Charges of Failure To File Notarized Affidavits by Filing the Motion To Dismiss Affidavit with its 19 Notarized Affidavits as Exhibits in Support. Then the Affidavits would have been On The Record. By the Clerk of the Court and the Judge removing the 20 Notarized Affidavits from the Clerk of the Court's possession, both Are Guilty of Violating Sec. 5403, 5407, & 5408 among other Felony Violations to be listed below.**

#3. Curtis Richmond mailed "Curtis Richmond ASD Member With A Third Party Financial Interest Filing a Petition To Vacate A Void Judgment Under Fed. Rule 60 (b) Where Void Judgments Can Be Attacked At Anytime In Any Court." **This was obviously Any Time In Any Court.** Chief Judge Royce Lamberth became a Co-Conspirator when he tried to label a "Petition To Vacate a Void Judgment" as a New Case. <u>The Title of the Case & the Case # were clearly typed as currently shown in the ASD Case that is still Open & Active.</u> Either Judge Lamberth is unbelievably Biased, believing he is Above The Law, or he does not know how to read the English Language. Both Judges Collyer and Lamberth have clearly shown Extreme Bias and their refusal to Obey Their Judicial Oath that "Disqualifies Them according to the U.S. Supreme Court. (See Disqualification of Judges) **Providing Absolute, Irrefutable Legal Evidence of Fraud Upon The Court & Failure To File a Notarized Affidavit by Judge Royce Lamberth & Clerk of the Court, Curtis Richmond's Petition To Vacate a Void Judgment Affidavit Was Returned to Curtis Richmond Without Being Filed As Required By Sec. 5403, 5407, & 5408. In support of the Petition To Vacate a Void**

**Judgment was an Exhibit titled "No Judge can use discretion outside the Law."**

**Both Judges Collyer & Lamberth ignored these statutes showing Extreme Bias.**

**They also fulfilled Black's Law Dictionary Definition of a Kangaroo Court. The**

**Petition To Vacate a Void Judgment contained Irrefutable Legal Evidence of Judge**

**Collyer's Denial of Curtis Richmond's Motion To Dismiss Being a Void Judgment.**

Under Fed. Rule 4, the Return Receipt can be Evidence of a Default Contract. The following are legal citations proving that Non Rebutted Affidavits Are Affidavits of Truth. The U.S. Supreme Court Ruled a Non Rebutted Affidavit Is "Prima Facie Evidence in the Case."

United States v. Kis, 658 F.2d, 526, 536-537 (7th Cir. 1981); Cert. Denied, 50 U.S.L.W. 2169; S.Ct. March 22, 1982. "Indeed, no more than (Affidavits is necessary to make a Prima Facie Case."

Seitzer v. Seitzer, 80 Cal. Rptr. 688 "Uncontested Affidavit taken as true in Support of Summary Judgment."

Melorich Builders v. The SUPERIOR COURT of San Bernardino County (Serbia) 207 Cal. Rptr. 47 (Cal.App.4 Dist. 1984. "Uncontested Affidavit taken as true in Opposition of Summary Judgment."

**Law Notes:** 1. Silence constitutes acquiescence and it can equate to fraud for one who has the duty to respond.

2. Silence constitutes an implied representation of the existence of the state of facts in question and will operate as an estoppel.

3. "Silence can only be equated with fraud when there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading." U.S.v. Tweel, 550 F.2d. 297, 299 (5th Cir. 1977), quoting U.S. v. Prudden, 424 F.2d 1021, 1032 and Carmine v. Bowen, 64 A. 932 (1906)

4. "He who is silent when conscience requires him to speak shall be debarred from speaking when conscience requires him to be silent." Seaboard Air Line Railway Co. v. D.A. Dorsey, 1932.Fl.40867, 149 So. 759 (1932)

5. Federal Rules of Evidence Rule 301 provides for "Admission by silence."

**The Previous Legal Citations provide Irrefutable Evidence that the U.S.**

**Attorney & Judge Collyer Knowingly, Willingly Defaulted and the Demand For**

**Legal Evidence Proved the ASD Members had a Constitutional Right To Make a**

Contract under Fed. Rule 4 as well as having an "Innocent Owner's Defense" under 18 U.S.C. Sec. 983(d). The Demand For Legal Evidence Affidavits provide Absolute Legal Evidence that the U.S. Attorney had No Legal Evidence of a Ponzi Scheme existing at the time of the Freezing & Seizure of ASD Assets. Any Statement About a Possible Future Violation Would Be Only The Opinion Of An Atty. That Is Not Admissible As Evidence In Court, so sayeth the U.S. Supreme Court. Without "Preponderance of Evidence" At The Time of the Freezing & Seizure, the Freezing & Seizure that has continued since around Aug. 1, 2008 has been a Willful Violation of ASD Member Constitutional & Civil Rights that includes the Civil Asset Forfeiture Reform Act of 2000 & 18 U.S.C. Sec. 983. Since the U.S. Atty. could not present Any Court Order giving him Authority to Seize the $40 million of Cashier Checks and deposit them in an Account Of His Choosing, he is Guilty of Misappropriation Of Funds as a minimum and very possibly Embezzlement. The Demand For Legal Evidence Affidavits Demanded Legal Evidence for Each Allegation in the Complaint. By not being able to present Any Legal Evidence, the U.S. Atty. had No Claim, thus Judge Collyer Was Required By Law To Dismiss the Case For Lack of Evidence.

The key to the whole ASD Member Defense is the Constitutional Right to Make a Contract and 18 U.S.C. Sec. 983. Under Fed. Rule 4, the Return Receipts become Evidence of a Contract. When one Knowingly, Willingly Defaults on Legal Documents & Agreements, there are Absolute Legal Consequences under 18 U.S.C. Sec. 983 where ASD Members "Ownership Interest Money MUST Be Returned." That is what should have happened with the Demand For Legal Evidence. The

8

**Legal Evidence above proves that Silence or Acquiescence acts as an Estoppel and why Judge Rosemary Collyer is required under Law to Grant P.M.G. Int.'s Motion To Set Aside Forfeiture Under 18 U.S.C. Sec. 983.**

**Judge Rosemary Collyer, the Clerk of the Court Nancy Mayer Whittington, and U.S. Attorneys William Cowden & Jeffrey Taylor Have Been Guilty of Interference With Commerce 18 U.S.C. Sec. 1951.**

**18 U.S.C. Sec. 1951 Interference With Commerce by threats or violence.**

(a) Whoever in any way or degree obstructs, delays, or affects Commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspiring so to do, or commits or threatens physical violence to any person or **Property** in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisonment nor more than twenty years or both.

(2) The term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.

(3) The term "commerce" means commerce within the District of Columbia, or any Territory or Possession of the United States; all commerce between any poit in a state, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same state through any place outside such state; and all other commerce over which the United States has Jurisdiction.

## U.S. ATTORNEYS HAD DUTY & OBLIGATION TO OBEY CIVIL ASSET FORFEITURE REFORM ACT OF 2000

(See 4 Page Exhibit from Expert Witness Chief of the Rules Committee Support Office of the Administrative Office of U.S. Courts John Rabiej)  Civil Forfeiture shifts the Burden of Proof to the U.S. Government who must prove its Claim Under a Preponderance Of Evidence.  This was established under the Civil Asset Forfeiture Act of 2000.  Under this Act of 2000 and 18 U.S.C. Sec. 983(d) "An Innocent Owner's Interest In Property Shall Not Be Forfeited Under Any Forfeiture Statute."  ASD Members had a Valid Contract with ASD, but were totally unaware of the Day To Day Operation Of

ASD. Without a "Preponderance of Evidence" of Knowledge and Participation by the

ASD Members of any Illegal Acts which is not available, the ASD Members Are

Innocent Owners with an Ownership Interest. As a result, the U.S. Government has No

Legal Authority to Steal ASD Members' Ownership Interest as of Aug. 1, 2008 because

they had an Innocent Ownership Interest that MUST Be Returned According to Federal

Statute. By Definition, an "Ownership Interest" includes both the Principal Amount &

Any Profit Accumulated as of Aug. 1, 2000. The U.S. Government has No Legal Claim

To Any ASD Money Until After the ASD Member Claims Have Been Satisfied

according to 18 U.S.C. Sec. 983.

## U.S. ATTORNEYS VIOLATED 18 U.S.C. 983
### General Rules For Civil Forfeiture Proceedings

Under (A) (i) "Government is required to send Written Notice to Interested Parties, such Notice shall be sent in a manner to achieve Proper Notice as soon as practicable, and in No Case More Than 60 days after the Date of the Seizure." **It has now been over 6 months since the Seizure of ASD Assets and the U.S. Government Has Not Notified the required "Interested Parties" that are the Innocent ASD Membership Owners who had an Innocent Ownership Interest as of Aug. 1, 2008.**

Under (A) (F) "If the Government does not send Notice of a Seizure of Property in accordance with subparagraph (A) to the person from whom the Property Was Seized, and no extension of time is granted, the Government shall return the property to that Person ..." **The ASD Members who had an Ownership Interest have not been Notified. It is time for the U.S. Government to Return the ASD Ownership Interest as of Aug. 1, 2008 as soon as possible. For Michael & Joyce Haws that amount was $254,019 & $211,286.**

Under (2) (A) "Any person claiming Property Seized in a non judicial Civil Forfeiture proceeding under a Civil Forfeiture Statute may File a Claim with the appropriate Official After the Seizure." **This proves ASD Members have a Lawful Right to Make & File a Claim as well as to Receive Their Ownership Interest.**

On Page 4 of 18 U.S.C. Sec. 983 (c) "Burden of Proof (1) The Burden of Proof is on the Government to establish, by a Preponderance of the Evidence that the Property is subject to Forfeiture."

On Page 4 (d) Innocent Owner Defense. (1) "An innocent Owner's Interest in Property SHALL NOT Be Forfeited under Any Civil Forfeiture Statute. The Claimant shall have the Burden of proving that the Claimant is an Innocent Owner by a Preponderance of the Evidence." The 20 plus Non Rebutted & Notarized Demand For Legal Evidence Affidavits are Prima Facie Evidence that the U.S. Atty. has No Legal Evidence against the ASD Members who had a Valid Contract and Ownership Interest in ASD. The Amount of Ownership Interest is in the Seized Computers as of Aug. 1, 2008.

On Page 6 (e) Motion To Set Aside Forfeiture. (1) "Any person entitled to Written Notice in any non judicial forfeiture proceeding under a Civil Procedure Statute who does not receive such notice may file a Motion To Set Aside a Declaration of Forfeiture with respect to that person's interest in the property, which motion shall be granted if-" (A) "The Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with Notice;" (2) (A) "Notwithstanding the expiration of any applicable statute of limitations, if the court grants a motion under paragraph (1), the court shall set aside the declaration of forfeiture as to the Interest of the Moving Party without prejudice to the right of the Government to commence a subsequent forfeiture proceeding as to the interest of the moving party." Curtis Richmond filed a Motion To Dismiss, similar to a Motion To Set Aside Forfeiture, but Judge Collyer Denied the Right To File. She also Denied a Petition To Vacate a Void Judgment Under Rule 60(b). By not allowing these two pleadings to be Filed and heard was clear Evidence of Extreme Bias & Abuse of Discretion as the Facts Relate To & Violate 18 U.S.C. Sec. 983 and a clear Violation of 18 U.S.C. Sec. 1951 Interference With Commerce, a Felony.

(f) Release Of Seized Property- (1) "A claimant under subsection (a) is entitled to Immediate Release of Seized Property if-" (A) "The claimant has a possessory interest in the property;" (C) "The continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the Claimant," (D) "The Claimant's likely hardship from the continued possession by the Government outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred it if is returned to the Claimant during the pendency of the proceeding;"

(5) "The court shall render a decision on a Petition filed under paragraph (3) not later than 30 days after the date of the filing." Curtis Richmond filed both a Motion To Dismiss relating to ASD Members and a Petition To Vacate a Void Judgment, but Judges Collyer & Lambert would not allow either Pleading to be Filed, thus Violating the ASD Members Constitutional Right of Due Process plus Violating 18 U.S.C. Sec. 1951 Interference With Commerce. Neither Judge mentioned to the Pro Se Litigant that a Claimant Motion needed to be filed as a Motion to Set Aside Forfeiture under this section of 18 U.S.C. Sec. 983 as required by U.S. Supreme Court regarding treatment of Pro Se Litigant Procedural Errors.

CONCLUSION: I firmly believe that the Facts and Law included in the Non Rebutted Notarized Affidavits, the Civil Asset Forfeiture Reform Act of 2000, 18 U.S.C. Sec. 983, and this Motion To Set Aside Forfeiture provide Irrefutable Legal Evidence of the Claimant's Legal Right under 18 U.S.C. Sec. 983 to have this Motion To Set Aside the Innocent Ownership Interest of Michael & Joyce Haws in ASD as of Aug. 1, 2008 to be Granted.

If this Motion To Set Aside Forfeiture Is Not Granted as it is so clearly Ordered and Authorized in 18 U.S.C. Sec. 983 above and Michael & Joyce Haws Innocent Ownership Interest Is Not Returned within 30 days, All Co-Conspirators In Any Denial of Michael & Joyce Haws Ownership Interest being Returned according to 18 U.S.C. Sec. 983 Will Be Held Personally Liable Because They Will Be Acting In Their Personal Capacity instead of their Official Capacity. This Personal Liability can be obtained through a Lawful Expressed Administrative Hearing and then an Anti-Trust Civil Lawsuit which includes Interference With Commerce under 18 U.S.C. Sec. 1951, Civil Rights, and RICO. All of these Statutes fall under a Civil Anti-Trust Lawsuit. Justice is going to be Served either quickly and painlessly or the Hard and Expensive Way if the Co-Conspirators believe they are Above the Law. 18 U.S.C. Sec. 983 Speaks Loud and Clear.

Reserving ALL Natural GOD-Given Unalienable Birthrights and Waiving None of the Liberties grant by Almighty God. 28 U.S.C. 1746.

I declare under penalty of perjury the laws of the United States of America that the foregoing is true and correct.

Further Affiant sayeth naught

_Michael Haws_
Michael Haws, Affiant

_Joyce Haws_
Joyce Haws, Affiant

_Anne R. Rethwish_
Notary Public

Notary for the State of ~~Minnesota~~ *Iowa*
My Commission Expires _____

ANNE R RETHWISH
Commission Number 714722
My Commission Expires
January 25, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of the enclosed Motion To Set Aside
Forfeiture according to 18 U.S.C. 983 was mailed on April ___, 2009 upon the
following:

William Cowden, Assist. U.S. Atty., DC Bar No. 426301
Chief Asset Forfeiture Unit
555 4th St. N.W.
Washington, D.C. 20530

Jeffrey Taylor, U.S. Atty. DC Bar No. 498610
United States Attorney's Office
555 4th St., N.W.
Washington, D.C. 20001

_Michael Haws_
Michael Haws

Michael Haws
Joyce Haws
809 NE Vail Ct.
Ankeny, Iowa 50021
Tel: (515) 964-1811

Atty. In Fact


## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ( MICHAEL & JOYCE HAWS INNOCENT |
| | ( OWNERS QUALIFIED UNDER 18 U.S.C. |
| Plaintiff | ( SEC 983 (e) FOR A MOTION TO SET |
| | ( ASIDE FORFEITURE IS FILING A |
| vs. | ( MOTION TO INTERVENE AS ALLOWED |
| | ( UNDER 18 U.S.C. SEC 983 (e) |
| Michael & Joyce Haws Qualified | ( |
| Owners Defense Under 18 U.S.C. Sec. 983 | ( |
| ASD# 10423 & ASD# 6723 | ( |
| | ( Judge: Rosemary Collyer |
| Claimants | ( |
| | ( |

The Claimants Michael & Joyce Haws come to this Court to present Michael &

Joyce Haws Innocent Owners Qualified Under 18 U.S.C. 983 (e) For A Motion To Set

Aside Forfeiture Is Filing A Motion To Intervene As Allowed Under 18 U.S.C. Sec. 983

(e). This is Fully Qualified under Sec. 983 (e) as the Motion To Set Aside Forfeiture

Proves. U.S. Attorneys William Cowden & Jeffrey Taylor as well as Judge Rosemary

Collyer are required By Contract Law in their Defaulted Demand For Legal Evidence to

"Support & Defend All of the Claimants Constitutional Rights. This clearly includes

Article VI Supremacy Clause that includes Federal Statutes, U.S. Supreme Court Cases,

and Appellate Court Cases.

**PRIMA FACIE EVIDENCE:** U.S. Attorneys William Cowden & Jeffrey Taylor are required under the U.S. Constitution in general and Article VI Supremacy Clause in particular to Obey the Civil Forfeiture Reform Act of 2000 and U.S.C. Sec. 983. They Have Knowingly, Willfully Violated Both Plus Violating their Oath of Office to "Support & Defend the U.S. Constitution." This makes them Guilty of Fraud Upon The Court, Perjury of Oath, Obstruction of Justice, and Interference With Commerce under 18 U.S.C. Sec. 1951. **The following is Prima Facie Evidence Against U.S. Attorneys.** Before the Claimants got involved with making their Claim, The 2 U.S. Attorneys Defaulted well over 20 times to the Demand For Legal Evidence Affidavits that were Mailed By Return Receipt. According to the U.S. Supreme Court Kis Case and 5 Appellate Cases, these Defaults are an Admission That the U.S. Govt. does not have any Legal Evidence that ASD is guilty of Operating a Ponzie Scheme. Without such Legal Evidence, this Court Has No Jurisdiction because the U.S. Govt. has failed to State a Claim under Fed. Rule 12 (b)(6) where Relief Can Be Granted. **None of the Legal Issues raised in the Demand For Legal Evidence Was Ever Rebutted. The U.S. Govt. has totally failed to Obey the Civil Forfeiture Reform Act where the Govt. is required to produce a "Preponderance of Evidence of ASD Operating a Ponzi Scheme." All the U.S. Attorneys presented was the Opinion of an Attorney that is not admissible as Evidence in Court, so sayeth the U.S. Supreme Court. Under Article VI Supremacy Clause, this Court is required to Obey Statutes, U.S. Supreme Court Cases, & Appellate Court Cases. As a result, the Claimants have a Constitutional Right of Due Process to have their Motion To Set Aside Forfeiture Ruled Upon.**

The Claimants would like to Take Judicial Notice related to the U.S. Attorneys 35 Pages Opposition To Members and Victims Motions To Intervene. It was purely the Opinion of An Atty. that is Not Admissible as Evidence in Court, so sayeth the U.S. Supreme Court and also under Fed. Rule 801 where it is called Hearsay Evidence. Furthermore, the Opinions & Facts were in direct contradiction to the Civil Forfeiture Reform Act of 2000, 18 U.S.C. Sec. 983, and the ASD Members Constitutional Right To Make a Contract With ASD. **As a result, there is No Evidence, only Opinion, that the ASD Members Are Creditors instead of having an Ownership Interest. Furthermore, the U.S. Attorneys Opinions are in direct Conflict With 18 U.S.C. Sec. 983 where the Govt. failed to Notify the ASD Members within 60 days of Forfeiture, thus requiring the Govt. to Return The Ownership Interest Money as soon as a Motion To Set Aside Forfeiture Is Filed. In addition, the U.S. Attorneys did not present Any Legal Evidence that the ASD Members did not have a Constitutional Right To Make a Contract & did not provide Any Legal Evidence that the U.S. Govt. Was Not Guilty of Violating 18 U.S.C. Sec. 1951 Interference With Commerce, a Felony. All of this proves that the Claimants have a Constitutional Right of Due Process to have their Motion To Set Aside Forfeiture Filed.**

CONCLUSION: The Claimants believe that the Legal Evidence Presented gives the Claimants the Legal Right to have this Motion To Intervene Granted so that the Motion To Set Aside Forfeiture can be Filed and Ruled Upon according to 18 U.S.C. Sec. 983.

**Reserving ALL Natural God-Given Unalienable Birthrights and Waiving None of the Liberties granted by Almighty God. 28 U.S.C. 1746.**

3

I declare under penalty of perjury the laws of the United States of America that the foregoing is true and correct.

Further Affiant sayeth naught

_____          _____
Michael Haws, Affiant              Joyce Haws, Afiant

                                   _____
                                   Notary Public

                                   Notary for the State of Iowa
                                   My Commission Expires _____

                                   [Notary Seal: ANNE R RETHWISH
                                   Commission Number 714722
                                   My Commission Expires
                                   January 25, 2011]

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the enclosed Motion To Intervene was mailed on this April ___, 2009 upon the following:

William Cowden, Assist. U.S. Atty., DC Bar No. 426301
Chief Asset Forfeiture Unit
555 4th St., N.W.
Washington, D.C. 20530

Jeffrey Taylor, U.S. Atty., DC Bar No. 498610
United States Attorney's Office
555 4th St. N.W.
Washington, D.C. 20530

_____
Michael Haws

Mar. 6, 2009

William Crowden, Assist. U.S. Atty.          Roy Dotson, Special Agent, U.S. Secret Svc.
 Chief Asset Forfeiture Unit                 % United States Attorney's Office
555 4th St. N.W.                             Judiciary Center Building
Washington D.C. 20530                        555 4th St. N.W.
                                             Washington D.C. 20530

Jeffrey Taylor, U.S. Atty.
United States Attorney's Office
555 4th St. N.W.
Washington D.C. 20530

Dear Mr. Crowden, Taylor, & Dotson,

            RE: U.S. ATTORNEY'S SEIZURE OF ASD ASSETS & COMPLAINT
                & DEMAND FOR LEGAL EVIDENCE

State of Iowa
County of Polk, SS:

Michael Haws, being first duly cautioned and sworn, under penalty of perjury, deposes
and says as follows:

        [FOR THE RECORD, UPON THE OATH OF OFFICE AND BOND OF THE
COURT (CLERK, JUDGES, AND ALL OTHER OFFICERS OF THE COURT] I
STANDING IN GOD'S kingdom, accept for value and honor the Judges and officers of
the Court, particularly William Crowden, Jeffrey Taylor, and Roy Dotson, their Oaths of
Office without the UNITED STATES and each of you and I now have a Binding Private
Contract "so help me God", that each of you will Protect and Defend All My God given
and Constitutionally Declared Rights. **Any Violation of a Binding Contract Is Subject
To Legal Damages.**

        **The following is a "Legal Review & In No Way A Legal Procedure of the
U.S. Attorney's Legal Action Against ASD and Its Members. The following
Statements of Fact are made under a Notarized Affidavit Format. In Oct. 2006,
Thomas A. Bowdoin, Jr. started AdSurfDaily, Inc. ASD became an Internet
network marketing company which sold website advertising . They considered their
business model to be unique and legal. ASD's own customers were the base upon
which the advertisers were reliant upon utilizing an Ad Surf program. Their
growth was moderate until Mar. 2008 and then it rapidly increased through July
2008. During the period of early to mid July 2008, ASD's Website started to slow
down because of the large influx of new volume requiring an Upgrading of their
Computers to handle the increased volume. This Computer Up Grade was mostly
completed before the U.S. Atty. Froze & Seized Assets under the Forfeiture Statute
without Any Legal Evidence of a Ponzi Scheme, only the Opinion of an Atty. that is
Not Admissible as Evidence in Court, so sayeth the U.S. Supreme Court. (See**

1

**Exhibit Page 17-18 Richard Cornforth Re: Opinion of an Atty. & Judge) <u>I demand Legal Evidence that the Statements Made In This Paragraph Are False or they Must Be Taken As True.</u>**

As admitted by the U.S. Atty. under Complaint Point 5, freezing/seizing of $53 million in funds kept in specific bank accounts but he does not mention the $40 million of Cashier's Checks that were Seized. Without Legal Authority, the U.S. Atty. Deposited Some If Not All of the $40 million in Non ASD Bank Accounts. It does not appear that Any of the $40 million in Cashier's Checks were deposited in ASD Bank Accounts. The ASD Members who sent in the $40 million of Cashier Checks had Contracts With ASD, not with the U.S. Govt. This $40 million of Cashier Checks were Assets of the ASD Members with Contracts to be Deposited in ASD Accounts, not elsewhere. The ASD Members and ASD have a Constitutional Right to Make a Contract and to conduct Interstate Business without Government Interference. Unless the U.S. Atty. has a Specific Court Order to allow him to Seize the $40 million in Cashier Checks and to Deposit them in a Non ASD Acct., he is Guilty of Misappropriation of Funds & possibly Embezzlement. In the Interest of Justice and the Legal Rights of the ASD Members, I demand a list of All of the Banks & the name of the Accounts where the $40 million Was Deposited. If the U.S. Atty. refuses to turn over this list of Banks & where the Deposits or Funds are with a Court Order Authorizing Such Action, then we can and will assume by his Silence that All of the $40 million was deposited in Non ASD Accounts and directed by the U.S. Atty. providing Default Evidence of Misappropriation of Funds and possible Embezzlement of Funds. <u>I demand Legal Evidence that the Statements Made In This Paragraph Are False or they Must Be Taken As True.</u>

## ANALYSIS OF PONZI SCHEME & IN REM

Ponzi Scheme: Webster's Dictionary Definition: "An Investment Swindle in which some early investors are paid off with money put up by later ones in order to encourage more and bigger risks." If the U.S. Atty. does not have Legal Evidence of this Definition Being Met, his Claim and Excuse for Freezing and Seizing of Assets was a Fraud Upon the Court and an Act of Defrauding the ASD Members Out Of Their Lawful Assets. #1. All U.S. Citizens have a Constitutional Right to Make a Contract & to engage in Interstate Commerce. ASD Members exercised the Right To Make a Contract and to engage in Interstate Commerce between Oct. 2006 and July 2008 with the Parties being satisfied with the Contract and the Results. The ASD Contract provisions called for No Fee/Investment to Sign Up With ASD. Then they had the Option to Buy Advertising and to participate in the Advertising Program if they wish, a Constitutional Right. <u>No one was forced to do so.</u> When No Money was required to join ASD and one only participated Voluntarily To Buy Advertising, this is just another Constitutional Right, not a Fraud. No Evidence has been presented that ASD did not have the money nor failed to meet its Financial Obligations according to its Contracts & ASD Member Cash Rebates or Withdrawals before the U.S. Government Unlawfully Froze $53 million in ASD Bank Accounts and Seized $40 million in Cashier Checks Voluntarily Sent To ASD

by its Members, thus Violating the ASD Members Constitutional Right to Make a Contract that controls Who Owns & Controls the Member Assets. Without Legal Evidence of a Ponzi Scheme Currently Existing, the Seizing of ASD Member Assets Clearly Violates Article IV & V of the Bill of Rights that Prohibits the Seizure of U.S. Citizen Assets without Probable Cause of a Crime Being Committed. The ASD Members Committed No Crime. UNTIL DEPOSITED IN AN ASD BANK ACCT., THE $40 MILLION BELONGED TO ASD MEMBERS, NOT THE U.S. GOVT. OR THE U.S. ATTY. Without Legal Evidence of ASD not meeting their Financial Obligations or not having the money to meet their Financial Obligations, there cannot be Any Legal Evidence of a Ponzi Scheme Swindle. ASD was selling Advertising. Just because the U.S. Atty. doesn't like the type of Advertising is only the Opinion of an Atty. that is Not Admissible as Evidence in Court, so sayeth the U.S. Supreme Court. It is not Evidence of a Ponzi Scheme. ASD also had at least two Outside Sources of Revenue to add to their Revenue Base. Without Legal Evidence that ASD could not meet its Financial Obligations, all the U.S. Atty. presented was the Opinion of an Atty., not Evidence of a Ponzi Scheme Violation. Just because the U.S. Atty. believes that there might be a Ponzi Scheme Violation sometime in the Future, His Opinion is not Legal Evidence & does not give him Legal Evidence to there being a Current Ponzi Scheme Violation and the Right to Freeze & Seize either ASD Assets or ASD Member Assets. I demand Legal Evidence that the Statements Made In This Paragraph Are False or they Must Be Taken As True.

#2. The U.S. Atty. mentions the Right to Seize/Forfeiture Assets under an "In Rem Procedure." This is the "Legal Proceedings of Actions instituted against the Thing", not the Person. "Actions in which the Court is required to have Control of the Thing or object and in which an Adjudication is made as to the Object which binds the Whole World and not simply the interests of the parties to the proceedings." Flesch v. Circle City Excavating & Rental Corp. 137 Ind.App. 695, 210 N.E.2d 865. Black's Law Dictionary. Unless the U.S. Atty. can provide a Lawful Court Order Signed By a Judge before Freezing/Seizing the Funds & Assets of ASD under "In Rem", the U.S. Atty. Is Guilty of Fraud Upon the Court. Furthermore unless the Judge provided Explicit Instructions that the U.S. Atty. could Legally Remove from the Control of ASD the $40 million of Cashier Checks and Deposit the $40 million in the Accounts of the U.S. Atty.'s Choosing before the $40 million of Cashier Checks were Seized, the U.S. Atty. Is Guilty of Misappropriation of Funds and possible Embezzlement. In Complaint 7, this states "the government will serve notice on the Defendant real properties and warrants of arrest In Rem on the Personal Properties pursuant to Rule G." This sentence makes one believe that the Court Order Was Obtained After the Seizure of the $40 million instead of before the Seizure. I demand Legal Evidence that the Statements Made In This Paragraph Are False or they Must Be Taken As True.

OTHER POSSIBLE VIOLATIONS BY THE U.S. ATTORNEY

1. Let me address the subject of Jurisdiction relating to Complaint #2 & #33.

3

The U.S. Atty. has the Legal Obligation of establishing the Fact that the U.S. Govt. has Legal Jurisdiction over the Case. It is a Fact that ASD is not Registered To Do Business in Washington D.C. Furthermore, it has not done Business in Washington D.C. Just because the U.S. Govt. used an Undercover Agent or Agents to Gather Information by deceiving ASD in the Process does not mean ASD was doing business in Washington D.C. I demand the Name & Address of all Secret Agents that supposedly joined ASD & Legal Evidence from ASD Records that they Officially & Legally joined ASD. If the Secret Agents did not Officially Join ASD or they did not Live In Washington D.C., then the Washington D.C. U.S. Atty. does not have Jurisdiction over the ASD Case. In addition if the U.S. Attorney's Office or DOJ Is Not Registered To Do Business in Washington D.C., the U.S. Attorney does not have Standing To Sue ASD. I demand Legal Evidence that the U.S. Atty. or DOJ Is Registered To Do Business in Washington D.C. <u>I demand Legal Evidence that the Statements Made In This Paragraph Are False or they Must Be Taken As True.</u>

2. Let me address Complaint #8. The U.S. Atty. tries to give validity to the U.S. Attorney's Seizure and other Actions stating the Items were obtained with Proceeds that were Violations of the Law. This statement is purely the Opinion of an Atty. that is Not Admissible as Evidence in Court, so sayeth the U.S. Supreme Court. Where is the Legal Evidence that ASD Members do not have a Constitutional Right to Make a Contract and to engage in Interstate Commerce? Where is the Legal Evidence of a Ponzi Scheme Swindle Existing? Where is the Legal Evidence of ASD not being able to meet All of their Financial Obligations before the U.S. Atty. Unlawfully Froze and Seized All ASD Assets? The U.S. Atty. tries to Charge ASD with "Wire Fraud." This will not pass the Evidence Test. To be Wire Fraud, there MUST Be a Violation of a Statute. With No Evidence of a Ponzi Scheme Swindle Existing, where is the Crime? Every U.S. Citizen & U.S. Business has a Constitutional Right to Wire Money From One Bank To Another Bank Without It Being a Crime. Without a Crime Being Committed, there can be No Wire Fraud Violation. Without such Legal Evidence and a Court Order Before the Freezing & Seizure, the Freezing and Seizing of ASD Assets is a clear Violation of Article IV & V of the Constitutional Bill of Rights. <u>I demand Legal Evidence that the Statements Made In This Paragraph Are False or they Must Be Taken As True.</u>

3. Let me address Complaint #10. The U.S. Atty. tries to establish the fact that funds from later investors are used to pay earlier investors. The problem is the U.S. Atty. only presented the Opinion of an Atty. that is Not Admissible as Evidence in Court, so sayeth the U.S. Supreme Court. In addition, there was No Mention made to the fact as stated in the Terms & Agreements that All Purchases Are Sales of Advertising and Not Investments. There is No Evidence that the ASD Members do not have a Constitutional Right to Make a Contract and to Engage In Interstate Commerce with ASD. Without Legal Evidence that ASD & ASD Members did not have a Constitutional Right to Make a Contract to Sell & Buy Advertising, there can be No Legal Evidence of ASD not being able to meet its Financial Obligations and of conducting a "Ponzi Swindle" as required by the Ponzi Scheme Definition. <u>I</u>

4

<u>demand Legal Evidence that the Statements Made In This Paragraph Are False or they Must Be Taken As True.</u>

      **4. Let me address Complaint #57. Task Force Agent consulted with an Economist at the FTC who explained that Pyramid, Ponzi, Auto-Surf, and HYIP Schemes are all Schemes where the participants make money based on recruitment and <u>only a small minority of participants will make money.</u> I demand the name and address of the Economist. This was purely the Opinion of a Biased Government Employee Witness that will not pass the Smell Test. The Record Speaks For Itself! Almost All ASD Members had made a profit, some in sizable amounts, before the U.S. Atty. Unlawfully Froze $53 million and Seized $40 million preventing ASD from continuing to Pay ASD Members their Rightful & Lawful Rebates from Advertising Profits. Amway was attacked many years ago as a Ponzi Scheme but many of its Members are still making sizable profits after over 40 years. These Facts are Real Evidence, not the Opinion of a Biased Govt. Employee posing as an Expert Witness. <u>I demand Legal Evidence that the Statements Made In This Paragraph Are False or they Must Be Taken As True.</u>**

      **5. Let me address Complaint #60 regarding Civilian Complaints. In early to mid July 2008, ASD addressed the Fact that their Computer needed to be Up Graded to handle the large volume of new business. ASD said they hired Expert Computer Specialists to Up Grade their Computers to be able to handle a large volume of new business. Almost all of the 140,000 Members were patient and understood the problem. The "Bell Curve" predicts that 5-10% of any sizable group either will not adhere or follow the other 90-95% or understand a seemingly simple message. ASD only had a very small number of people that would not wait for the Computer Up Grading to be completed. Most important is the Fact that ASD had $53 million in their Bank Accounts and $40 million in Cashier Checks that were to be deposited as soon as the Computer Up Grade Was Completed. These Liquid Assets covered the few Impatient ASD Members many times over and provided Absolute, Irrefutable Evidence that No Ponzie Scheme "Swindle" Existed giving the U.S. Atty. No Legal Evidence or Authority to Freeze $53 Million in ASD Bank Accounts and $40 million of Non Deposited Cashier Checks. <u>I demand Legal Evidence that the Statements Made In This Paragraph Are False or they Must Be Taken As True.</u>**

## DEMAND LEGAL EVIDENCE PROVING FOLLOWING CONSTITUTIONAL RIGHTS DO NOT APPLY TO ASD MEMBERS & TO ASD

      1. Provide Legal Evidence that the U.S. Atty. & Judges have the Legal Right to Willfully Violate Article VI Supremacy Clause of the U.S. Constitution that is the "Supreme Law of the Land" and clearly covers All Statutes, Appellate Court Cases, U.S. Supreme Court Cases, Common Law, and International Treaties as well as other Provisions of the U.S. Constitution and the Bill of Rights. **These Constitutional Rights include the Constitutional Right to Make a Contract, the <u>Right to be Judged Under Common Law where there MUST Be Proof of Someone Being Damaged,</u> the First**

Amendment Right to Address Grievances, the Constitutional Right of Due Process, and the 14th Amendment Right of Equal Protection Under the Law.

2. Provide Legal Evidence that ASD Members & ASD do not have a Constitutional Right to Make a Contract per Exhibit Pages 355-358 Re Contract Law & 3 Pages from Barrons Editorial Re Constitutional Right to Make a Contract. Provide Legal Evidence that the Contract Between ASD Members & ASD was not a Lawful & Valid Contract.

3. Provide Legal Evidence that Article IV & V of the Bill of Rights Do Not Apply to either ASD Members or to ASD. The following is a quote from Article IV & V.

Article IV of Bill of Rights. "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or Affirmation, and particularly describing the place to be searched, and the persons or things to be seized." **The U.S. Atty. only presented the Opinion of an Atty. that is Not Admissible as Evidence in Court, so sayeth the U.S. Supreme Court. No Legal Evidence of a Ponzi Scheme "Swindle" Existing has been presented because it does not exist.**

Article V of Bill of Rights. "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, **nor be deprived of Life, Liberty, or Property, without Due Process of Law; nor shall private property be taken for Public Use without Just Compensation."**

**Without Legal Evidence that the Constitutional Rights cited above Do Not Apply to the ASD Members & ASD, then the Listed Constitutional Rights Do Apply to the ASD Members & ASD and have been Willfully Violated by the U.S. Atty. when he Unlawfully Froze ASD Bank Accts of $53 Million and Seized $40 Million of Non Deposited Cashier Checks, thus also Violating The Civil Rights of the ASD Members and of ASD.**

ASD Members and ASD have the following Duties, Obligations, and Protections Under the Law. Under 18 U.S.C. Sec 4 MISPRISION any person who becomes aware of a Crime and Does Not Report it is Guilty of a Felony. If you cannot or will not provide the Legal Evidence Demanded in this Notarized Affidavit, then the ASD Members and ASD will have had their Constitutional Right of Due Process & Civil Rights Violated. **We believe in Obeying The Law, but we also believe Public Officials are not Above the Law. The Lawful Assets of ASD Members & ASD have been Willfully Removed From Their Control Like a Thief In the Night Without Any Legal Evidence of being a Ponzi Scheme "Swindle" Existing. You have made what I believe are**

**Unsubstantiated Charges that you cannot prove. If you cannot Prove Your Charges, then you are Guilty of Violating My Constitutional Rights. I understand the English Language and will obey the Law. I just insist of you Providing Legal Evidence of your Charges. As previously stated, the Opinion of an Atty. is Not Admissible as Evidence in Court, so sayeth the U.S. Supreme Court. I will give you One Week to provide the Legal Evidence Demanded in this Notarized Affidavit. Your Silence will be an Admission that you do not have the Legal Evidence and will prove Your Actions to Freeze ASD Bank Accounts of $53 Million and to Seized $40 Million of Cashier Checks was Unlawful and Interfered With Interstate Commerce as well as Fraud Upon the Court.**

I am not an expert in the law however I do know right from wrong and I understand the English Language. If there is any human being damaged by any statements therein; if he will inform me by facts I will sincerely make every effort to amend my ways. I hereby and herewith reserve the right to amend and amendments to this document as necessary in order that the truth may be ascertained and proceedings justly determined. If the parties including any Attorney or Judge given notice by means of this document have information that would contravene or overcome this Affidavit, please advise me IN WRITTEN AFFIDAVIT FORM within 7 days from receipt hereof provide me with your counter-affidavit, proving with particularity by stating all requisite actual evidentiary facts or conclusions of law, and not merely the ultimate facts or conclusions of law, that this Affidavit Statement is substantially and materially false or sufficient to change materially my status and factual declarations. <u>Your silence stands as consent to and tacit approval of the factual declarations herein being established as fact as a matter of law.</u> May the will of our Heavenly Father YHWH, through the power and authority of the Holy Spirit sent by his son Jesus Christ be done in earth as in Heaven. AMEN!

**Reserving ALL Natural GOD-Given Unalienable Birthrights and Waiving None of the Liberties granted by Almighty God. 28 USC 1746.**

I declare under penalty of perjury the laws of the United States of America that the foregoing is true and correct.

Further Affiant sayeth naught

_Michael Haws_
Michael Haws, Affiant

_Anne R. Rethwish_
Notary Public

Notary for the State of Iowa
My Commission Expires _____

ANNE R RETHWISH
Commission Number 714722
My Commission Expires
January 25, 2011

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the enclosed "Legal Review and Demand For Evidence" with Exhibits was mailed on this Mar. ___, 2009 upon the following:

William Crowden, Assist. U.S. Atty., DC Bar No. 426301
Chief Asset Forfeiture Unit
555 4th St., N.W.
Washington, D.C. 20530

Jeffrey Taylor, U.S. Atty., DC Bar No. 498610
United States Attorney's Office
555 4th St., N.W.
Washington, D.C. 20530

Roy Dotson, Special Agent, U.S. Secret Service
% United States Attorney's Office
Judiciary Center Building
555 4th St., N.W.
Washington, D.C. 20530

Michael Haws

Mar. 6, 2009

William Crowden, Assist. U.S. Atty.    Roy Dotson, Special Agent, U.S. Secret Svc.
 Chief Asset Forfeiture Unit        % United States Attorney's Office
555 4th St. N.W.                 Judiciary Center Building
Washington D.C. 20530         555 4th St. N.W.
                                    Washington D.C. 20530

Jeffrey Taylor, U.S. Atty.
United States Attorney's Office
555 4th St. N.W.
Washington D.C. 20530

Dear Mr. Crowden, Taylor, & Dotson,

RE: U.S. ATTORNEY'S SEIZURE OF ASD ASSETS & COMPLAINT<br>& DEMAND FOR LEGAL EVIDENCE

State of Iowa
County of Polk, SS:

Joyce Haws, being first duly cautioned and sworn, under penalty of perjury, deposes and
says as follows:

      [FOR THE RECORD, UPON THE OATH OF OFFICE AND BOND OF THE
COURT (CLERK, JUDGES, AND ALL OTHER OFFICERS OF THE COURT] I
STANDING IN GOD'S kingdom, accept for value and honor the Judges and officers of
the Court, particularly William Crowden, Jeffrey Taylor, and Roy Dotson, their Oaths of
Office without the UNITED STATES and each of you and I now have a Binding Private
Contract "so help me God", that each of you will Protect and Defend All My God given
and Constitutionally Declared Rights. **Any Violation of a Binding Contract Is Subject
To Legal Damages.**

      **The following is a "Legal Review & In No Way A Legal Procedure of the
U.S. Attorney's Legal Action Against ASD and Its Members. The following
Statements of Fact are made under a Notarized Affidavit Format. In Oct. 2006,
Thomas A. Bowdoin, Jr. started AdSurfDaily, Inc. ASD became an Internet
network marketing company which sold website advertising . They considered their
business model to be unique and legal. ASD's own customers were the base upon
which the advertisers were reliant upon utilizing an Ad Surf program. Their
growth was moderate until Mar. 2008 and then it rapidly increased through July
2008. During the period of early to mid July 2008, ASD's Website started to slow
down because of the large influx of new volume requiring an Upgrading of their
Computers to handle the increased volume. This Computer Up Grade was mostly
completed before the U.S. Atty. Froze & Seized Assets under the Forfeiture Statute
without Any Legal Evidence of a Ponzi Scheme, only the Opinion of an Atty. that is
Not Admissible as Evidence in Court, so sayeth the U.S. Supreme Court. (See**

1

Exhibit Page 17-18 Richard Cornforth Re: Opinion of an Atty. & Judge) <u>I demand</u>
<u>Legal Evidence that the Statements Made In This Paragraph Are False or they</u>
<u>Must Be Taken As True.</u>

  As admitted by the U.S. Atty. under Complaint Point 5, freezing/seizing of
$53 million in funds kept in specific bank accounts but he does not mention the $40
million of Cashier's Checks that were Seized. Without Legal Authority, the U.S.
Atty. Deposited Some If Not All of the $40 million in Non ASD Bank Accounts. It
does not appear that Any of the $40 million in Cashier's Checks were deposited in
ASD Bank Accounts. The ASD Members who sent in the $40 million of Cashier
Checks had Contracts with ASD, not with the U.S. Govt. This $40 million of
Cashier Checks were Assets of the ASD Members with Contracts to be Deposited in
ASD Accounts, not elsewhere. The ASD Members and ASD have a Constitutional
Right to Make a Contract and to conduct Interstate Business without Government
Interference. Unless the U.S. Atty. has a Specific Court Order to allow him to Seize
the $40 million in Cashier Checks and to Deposit them in a Non ASD Acct., he is
Guilty of Misappropriation of Funds & possibly Embezzlement. In the Interest of
Justice and the Legal Rights of the ASD Members, I demand a list of All of the
Banks & the name of the Accounts where the $40 million Was Deposited. If the U.S.
Atty. refuses to turn over this list of Banks & where the Deposits or Funds are with
a Court Order Authorizing Such Action, then we can and will assume by his Silence
that All of the $40 million was deposited in Non ASD Accounts and directed by the
U.S. Atty. providing Default Evidence of Misappropriation of Funds and possible
Embezzlement of Funds. <u>I demand Legal Evidence that the Statements Made In</u>
<u>This Paragraph Are False or they Must Be Taken As True.</u>

ANALYSIS OF PONZI SCHEME & IN REM

  Ponzi Scheme: Webster's Dictionary Definition: "An Investment Swindle in
which some early investors are paid off with money put up by later ones in order to
encourage more and bigger risks." If the U.S. Atty. does not have Legal Evidence of
this Definition Being Met, his Claim and Excuse for Freezing and Seizing of Assets
was a Fraud Upon the Court and an Act of Defrauding the ASD Members Out Of
Their Lawful Assets. #1. All U.S. Citizens have a Constitutional Right to Make a
Contract & to engage in Interstate Commerce. ASD Members exercised the Right
To Make a Contract and to engage in Interstate Commerce between Oct. 2006 and
July 2008 with the Parties being satisfied with the Contract and the Results. The
ASD Contract provisions called for No Fee/Investment to Sign Up With ASD. Then
they had the Option to Buy Advertising and to participate in the Advertising
Program if they wish, a Constitutional Right. <u>No one was forced to do so.</u> When No
Money was required to join ASD and one only participated Voluntarily To Buy
Advertising, this is just another Constitutional Right, not a Fraud. No Evidence has
been presented that ASD did not have the money nor failed to meet its Financial
Obligations according to its Contracts & ASD Member Cash Rebates or
Withdrawals before the U.S. Government Unlawfully Froze $53 million in ASD
Bank Accounts and Seized $40 million in Cashier Checks Voluntarily Sent To ASD

by its Members, thus Violating the ASD Members Constitutional Right to Make a Contract that controls Who Owns & Controls the Member Assets. Without Legal Evidence of a Ponzi Scheme Currently Existing, the Seizing of ASD Member Assets Clearly Violates Article IV & V of the Bill of Rights that Prohibits the Seizure of U.S. Citizen Assets without Probable Cause of a Crime Being Committed. The ASD Members Committed No Crime. UNTIL DEPOSITED IN AN ASD BANK ACCT., THE $40 MILLION BELONGED TO ASD MEMBERS, NOT THE U.S. GOVT. OR THE U.S. ATTY. Without Legal Evidence of ASD not meeting their Financial Obligations or not having the money to meet their Financial Obligations, there cannot be Any Legal Evidence of a Ponzi Scheme Swindle. ASD was selling Advertising. Just because the U.S. Atty. doesn't like the type of Advertising is only the Opinion of an Atty. that is Not Admissible as Evidence in Court, so sayeth the U.S. Supreme Court. It is not Evidence of a Ponzi Scheme. ASD also had at least two Outside Sources of Revenue to add to their Revenue Base. Without Legal Evidence that ASD could not meet its Financial Obligations, all the U.S. Atty. presented was the Opinion of an Atty., not Evidence of a Ponzi Scheme Violation. Just because the U.S. Atty. believes that there might be a Ponzi Scheme Violation sometime in the Future, His Opinion is not Legal Evidence & does not give him Legal Evidence to there being a Current Ponzi Scheme Violation and the Right to Freeze & Seize either ASD Assets or ASD Member Assets. I demand Legal Evidence that the Statements Made In This Paragraph Are False or they Must Be Taken As True.

#2. The U.S. Atty. mentions the Right to Seize/Forfeiture Assets under an "In Rem Procedure." This is the "Legal Proceedings of Actions instituted against the Thing", not the Person. "Actions in which the Court is required to have Control of the Thing or object and in which an Adjudication is made as to the Object which binds the Whole World and not simply the interests of the parties to the proceedings." Flesch v. Circle City Excavating & Rental Corp. 137 Ind.App. 695, 210 N.E.2d 865. Black's Law Dictionary. Unless the U.S. Atty. can provide a Lawful Court Order Signed By a Judge before Freezing/Seizing the Funds & Assets of ASD under "In Rem", the U.S. Atty. Is Guilty of Fraud Upon the Court. Furthermore unless the Judge provided Explicit Instructions that the U.S. Atty. could Legally Remove from the Control of ASD the $40 million of Cashier Checks and Deposit the $40 million in the Accounts of the U.S. Atty.'s Choosing before the $40 million of Cashier Checks were Seized, the U.S. Atty. Is Guilty of Misappropriation of Funds and possible Embezzlement. In Complaint 7, this states "the government will serve notice on the Defendant real properties and warrants of arrest In Rem on the Personal Properties pursuant to Rule G." This sentence makes one believe that the Court Order Was Obtained After the Seizure of the $40 million instead of before the Seizure. I demand Legal Evidence that the Statements Made In This Paragraph Are False or they Must Be Taken As True.

## OTHER POSSIBLE VIOLATIONS BY THE U.S. ATTORNEY

1. Let me address the subject of Jurisdiction relating to Complaint #2 & #33.

3

The U.S. Atty. has the Legal Obligation of establishing the Fact that the U.S. Govt. has Legal Jurisdiction over the Case. It is a Fact that ASD is not Registered To Do Business in Washington D.C. Furthermore, it has not done Business in Washington D.C. Just because the U.S. Govt. used an Undercover Agent or Agents to Gather Information by deceiving ASD in the Process does not mean ASD was doing business in Washington D.C. I demand the Name & Address of all Secret Agents that supposedly joined ASD & Legal Evidence from ASD Records that they Officially & Legally joined ASD. If the Secret Agents did not Officially Join ASD or they did not Live In Washington D.C., then the Washington D.C. U.S. Atty. does not have Jurisdiction over the ASD Case. In addition if the U.S. Attorney's Office or DOJ Is Not Registered To Do Business in Washington D.C., the U.S. Attorney does not have Standing To Sue ASD. I demand Legal Evidence that the U.S. Atty. or DOJ Is Registered To Do Business in Washington D.C. <u>I demand Legal Evidence that the Statements Made In This Paragraph Are False or they Must Be Taken As True.</u>

2. Let me address Complaint #8. The U.S. Atty. tries to give validity to the U.S. Attorney's Seizure and other Actions stating the Items were obtained with Proceeds that were Violations of the Law. This statement is purely the Opinion of an Atty. that is Not Admissible as Evidence in Court, so sayeth the U.S. Supreme Court. Where is the Legal Evidence that ASD Members do not have a Constitutional Right to Make a Contract and to engage in Interstate Commerce? Where is the Legal Evidence of a Ponzi Scheme Swindle Existing? Where is the Legal Evidence of ASD not being able to meet All of their Financial Obligations before the U.S. Atty. Unlawfully Froze and Seized All ASD Assets? The U.S. Atty. tries to Charge ASD with "Wire Fraud." This will not pass the Evidence Test. To be Wire Fraud, there MUST Be a Violation of a Statute. With No Evidence of a Ponzi Scheme Swindle Existing, where is the Crime? Every U.S. Citizen & U.S. Business has a Constitutional Right to Wire Money From One Bank To Another Bank Without It Being a Crime. Without a Crime Being Committed, there can be No Wire Fraud Violation. Without such Legal Evidence and a Court Order Before the Freezing & Seizure, the Freezing and Seizing of ASD Assets is a clear Violation of Article IV & V of the Constitutional Bill of Rights. <u>I demand Legal Evidence that the Statements Made In This Paragraph Are False or they Must Be Taken As True.</u>

3. Let me address Complaint #10. The U.S. Atty. tries to establish the fact that funds from later investors are used to pay earlier investors. The problem is the U.S. Atty. only presented the Opinion of an Atty. that is Not Admissible as Evidence in Court, so sayeth the U.S. Supreme Court. In addition, there was No Mention made to the fact as stated in the Terms & Agreements that All Purchases Are Sales of Advertising and Not Investments. There is No Evidence that the ASD Members do not have a Constitutional Right to Make a Contract and to Engage In Interstate Commerce with ASD. Without Legal Evidence that ASD & ASD Members did not have a Constitutional Right to Make a Contract to Sell & Buy Advertising, there can be No Legal Evidence of ASD not being able to meet its Financial Obligations and of conducting a "Ponzi Swindle" as required by the Ponzi Scheme Definition. I

demand Legal Evidence that the Statements Made In This Paragraph Are False or
they Must Be Taken As True.

4. Let me address Complaint #57. Task Force Agent consulted with an
Economist at the FTC who explained that Pyramid, Ponzi, Auto-Surf, and HYIP
Schemes are all Schemes where the participants make money based on recruitment
and only a small minority of participants will make money. I demand the name and
address of the Economist. This was purely the Opinion of a Biased Government
Employee Witness that will not pass the Smell Test. The Record Speaks For Itself!
Almost All ASD Members had made a profit, some in sizable amounts, before the
U.S. Atty. Unlawfully Froze $53 million and Seized $40 million preventing ASD
from continuing to Pay ASD Members their Rightful & Lawful Rebates from
Advertising Profits. Amway was attacked many years ago as a Ponzi Scheme but
many of its Members are still making sizable profits after over 40 years. These
Facts are Real Evidence, not the Opinion of a Biased Govt. Employee posing as an
Expert Witness. I demand Legal Evidence that the Statements Made In This
Paragraph Are False or they Must Be Taken As True.

5. Let me address Complaint #60 regarding Civilian Complaints. In early to
mid July 2008, ASD addressed the Fact that their Computer needed to be Up
Graded to handle the large volume of new business. ASD said they hired Expert
Computer Specialists to Up Grade their Computers to be able to handle a large
volume of new business. Almost all of the 140,000 Members were patient and
understood the problem. The "Bell Curve" predicts that 5-10% of any sizable
group either will not adhere or follow the other 90-95% or understand a seemingly
simple message. ASD only had a very small number of people that would not wait
for the Computer Up Grading to be completed. Most important is the Fact that
ASD had $53 million in their Bank Accounts and $40 million in Cashier Checks that
were to be deposited as soon as the Computer Up Grade Was Completed. These
Liquid Assets covered the few Impatient ASD Members many times over and
provided Absolute, Irrefutable Evidence that No Ponzie Scheme "Swindle" Existed
giving the U.S. Atty. No Legal Evidence or Authority to Freeze $53 Million in ASD
Bank Accounts and $40 million of Non Deposited Cashier Checks. I demand Legal
Evidence that the Statements Made In This Paragraph Are False or they Must Be
Taken As True.

## DEMAND LEGAL EVIDENCE PROVING FOLLOWING CONSTITUTIONAL
## RIGHTS DO NOT APPLY TO ASD MEMBERS & TO ASD

1. Provide Legal Evidence that the U.S. Atty. & Judges have the Legal Right to
Willfully Violate Article VI Supremacy Clause of the U.S. Constitution that is the
"Supreme Law of the Land" and clearly covers All Statutes, Appellate Court Cases, U.S.
Supreme Court Cases, Common Law, and International Treaties as well as other
Provisions of the U.S. Constitution and the Bill of Rights. These Constitutional Rights
include the Constitutional Right to Make a Contract, the Right to be Judged Under
Common Law where there MUST Be Proof of Someone Being Damaged, the First

Amendment Right to Address Grievances, the Constitutional Right of Due Process, and the 14th Amendment Right of Equal Protection Under the Law.

2. Provide Legal Evidence that ASD Members & ASD do not have a Constitutional Right to Make a Contract per Exhibit Pages 355-358 Re Contract Law & 3 Pages from Barrons Editorial Re Constitutional Right to Make a Contract. Provide Legal Evidence that the Contract Between ASD Members & ASD was not a Lawful & Valid Contract.

3. Provide Legal Evidence that Article IV & V of the Bill of Rights Do Not Apply to either ASD Members or to ASD. The following is a quote from Article IV & V.

Article IV of Bill of Rights. "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath of Affirmation, and particularly describing the place to be searched, and the persons or things to be seized." **The U.S. Atty. only presented the Opinion of an Atty. that is Not Admissible as Evidence in Court, so sayeth the U.S. Supreme Court. No Legal Evidence of a Ponzi Scheme "Swindle" Existing has been presented because it does not exist.**

Article V of Bill of Rights. "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, **nor be deprived of Life, Liberty, or Property, without Due Process of Law; nor shall private property be taken for Public Use without Just Compensation."**

**Without Legal Evidence that the Constitutional Rights cited above Do Not Apply to the ASD Members & ASD, then the Listed Constitutional Rights Do Apply to the ASD Members & ASD and have been Willfully Violated by the U.S. Atty. when he Unlawfully Froze ASD Bank Accts of $53 Million and Seized $40 Million of Non Deposited Cashier Checks, thus also Violating The Civil Rights of the ASD Members and of ASD.**

ASD Members and ASD have the following Duties, Obligations, and Protections Under the Law. Under 18 U.S.C. Sec 4 MISPRISION any person who becomes aware of a Crime and Does Not Report it is Guilty of a Felony. If you cannot or will not provide the Legal Evidence Demanded in this Notarized Affidavit, then the ASD Members and ASD will have had their Constitutional Right of Due Process & Civil Rights Violated. **We believe in Obeying The Law, but we also believe Public Officials are not Above the Law. The Lawful Assets of ASD Members & ASD have been Willfully Removed From Their Control Like a Thief In the Night Without Any Legal Evidence of being a Ponzi Scheme "Swindle" Existing. You have made what I believe are**

Unsubstantiated Charges that you cannot prove. If you cannot Prove Your Charges, then you are Guilty of Violating My Constitutional Rights. I understand the English Language and will obey the Law. I just insist of you Providing Legal Evidence of your Charges. As previously stated, the Opinion of an Atty. is Not Admissible as Evidence in Court, so sayeth the U.S. Supreme Court. I will give you One Week to provide the Legal Evidence Demanded in this Notarized Affidavit. Your Silence will be an Admission that you do not have the Legal Evidence and will prove Your Actions to Freeze ASD Bank Accounts of $53 Million and to Seized $40 Million of Cashier Checks was Unlawful and Interfered With Interstate Commerce as well as Fraud Upon the Court.

I am not an expert in the law however I do know right from wrong and I understand the English Language. If there is any human being damaged by any statements therein; if he will inform me by facts I will sincerely make every effort to amend my ways. I hereby and herewith reserve the right to amend and amendments to this document as necessary in order that the truth may be ascertained and proceedings justly determined. If the parties including any Attorney or Judge given notice by means of this document have information that would contravene or overcome this Affidavit, please advise me IN WRITTEN AFFIDAVIT FORM within 7 days from receipt hereof provide me with your counter-affidavit, proving with particularity by stating all requisite actual evidentiary facts or conclusions of law, and not merely the ultimate facts or conclusions of law, that this Affidavit Statement is substantially and materially false or sufficient to change materially my status and factual declarations. Your silence stands as consent to and tacit approval of the factual declarations herein being established as fact as a matter of law. May the will of our Heavenly Father YHWH, through the power and authority of the Holy Spirit sent by his son Jesus Christ be done in earth as in Heaven. AMEN!

Reserving ALL Natural GOD-Given Unalienable Birthrights and Waiving None of the Liberties granted by Almighty God. 28 USC 1746.

I declare under penalty of perjury the laws of the United States of America that the foregoing is true and correct.

Further Affiant sayeth naught

Joyce Haws, Affiant

Notary Public

Notary for the State of Iowa
My Commission Expires

ANNE R RETHWISH
Commission Number 714722
My Commission Expires
January 25, 2011

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the enclosed "Legal Review and Demand For Evidence" with Exhibits was mailed on this Mar. ___, 2009 upon the following:

William Crowden, Assist. U.S. Atty., DC Bar No. 426301
Chief Asset Forfeiture Unit
555 4th St., N.W.
Washington, D.C. 20530

Jeffrey Taylor, U.S. Atty., DC Bar No. 498610
United States Attorney's Office
555 4th St., N.W.
Washington, D.C. 20530

Roy Dotson, Special Agent, U.S. Secret Service
% United States Attorney's Office
Judiciary Center Building
555 4th St., N.W.
Washington, D.C. 20530

_Joyce Haws_
Joyce Haws

Exhibit 3



jurisdiction has the burden of showing that it exists on the record. Once the court has knowledge that subject matter is lacking, the court (meaning the judge) has no discretion but to dismiss the action. Failure to dismiss means that the court is proceeding in clear absence of all jurisdiction and subjects the judge to suit. Contemplation of subject matter jurisdiction harkens to the memory of Vince Lombardi, who when ask if winning was everything replied, "winning is the only thing." Personal jurisdiction is not usually an issue, but subject matter jurisdiction is always, always an issue! Subject matter jurisdiction is not everything, it's the only thing! Incidentally, *in rem* is the power of a court over a thing so that its jurisdiction is valid against the rights of every person having an interest in the thing; *quasi in rem* gives the court jurisdiction over a property interest but only to the limit of the interest in the property and not the property entirely.

## Attorneys can't testify. Statements of counsel in brief or in oral argument are not facts before the court.

This finding of a continuing investigation, which forms the foundation of the majority opinion, comes from *statements* of *counsel* made during the appellate process. As we have said of other un-sworn statements which were not part of the record and therefore could not have been considered by the trial court: "Manifestly, [such statements] cannot be properly considered by us in the disposition of [a] case." *UNITED STATES v. LOVASCO* (06/09/77) 431 U.S. 783, 97 S. Ct. 2044, 52 L. Ed. 2d 752. Under no possible view, however, of the findings we are considering can they be held to constitute a compliance with the statute, since they merely embody conflicting *statements* of *counsel* concerning the facts as they suppose them to be and their appreciation of the law which they deem applicable, there being, therefore, no attempt whatever to state the ultimate facts by a consideration of which we would be able to conclude whether or not the judgment was warranted. *GONZALES v. BUIST.* (04/01/12) 224 U.S. 126, 56 L. Ed. 693, 32 S. Ct. 463. No instruction was asked, but, as we have said, the judge told the jury that they were to regard only the evidence admitted by him, not *statements* of *counsel*, *HOLT v. UNITED STATES.* (10/31/10) 218 U.S. 245, 54 L. Ed. 1021, 31 S. Ct. 2. Care has been taken, however, in summoning witnesses to testify, to call no man whose character or whose word could be successfully impeached by any methods known to the law. And it is remarkable, we submit, that in a case of this magnitude, with every means and resource at their command, the complainants, after years of effort and search in near and in the most remote paths, and in every collateral by-way, now rest the charges of conspiracy and of gullibility against these witnesses, only upon the bare *statements* of *counsel*. The lives of all the witnesses are clean, their characters for truth and veracity un-assailed, and the evidence of any attempt to influence the memory or the impressions of any

man called, cannot be successfully pointed out in this record. *TELEPHONE CASES. DOLBEAR v. AMERICAN BELL TELEPHONE COMPANY. MOLECULAR TELEPHONE COMPANY V. AMERICAN BELL TELEPHONE COMPANY. AMERICAN BELL TELEPHONE COMPANY V. MOLECULAR TELEPHONE COMPANY. CLAY COMMERCIAL TELEPHONE COMPANY V. AMERICAN BELL TELEPHONE COMPANY. PEOPLE'S TELEPHONE COMPANY V. AMERICAN BELL TELEPHONE COMPANY. OVERLAND TELEPHONE COMPANY V. AMERICAN BELL TELEPHONE COMPANY.* (PART TWO THREE) (03/19/88) 126 U.S. 1, 31 L. Ed. #63, 8 S. Ct. 778. Statements of counsel in brief or in argument are not sufficient for motion to dismiss or for summary judgment, *Trinsey v. Pagliaro*, D. C. Pa. 1964, 229 F. Supp. 647. Factual statements or documents appearing only in briefs shall not be deemed to be a part of the record in the case, unless specifically permitted by the Court – Oklahoma Court Rules and Procedure, Federal local rule 7.1(h).

## SECTION TWO: The law of voids

### EVERYTHING YOU ALWAYS WANTED TO KNOW ABOUT
### VOID JUDGMENTS BUT WERE AFRAID TO ASK!

Void judgments are those rendered by a court which lacked jurisdiction, either of the subject matter or the parties, *Wahl v. Round Valley Bank* 38 Ariz. 411, 300 P. 955 (1931); *Tube City Mining & Milling Co. v. Otterson*, 16 Ariz. 305, 146 P. 203 (1914); and *Milliken v. Meyer*, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 2d 278 (1940). A void judgment which includes judgment entered by a court which lacks jurisdiction over the parties or the subject matter, or lacks inherent power to enter the particular judgment, or an order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that the party is properly before the court, *Long v. Shorebank Development Corp.*, 182 F.3d 548 ( C.A. 7 Ill. 1999). A void judgment is one which, from its inception, was a complete nullity and without legal effect, *Lubben v. Selective Service System Local Bd. No. 27*, 453 F.2d 645, 14 A.L.R. Fed. 298 (C.A. 1 Mass. 1972). A void judgment is one which from the beginning was complete nullity and without any legal effect, *Hobbs v. U.S. Office of Personnel Management*, 485 F.Supp. 456 (M.D. Fla. 1980). Void judgment is one that, from its inception, is complete nullity and without legal effect, *Holstein v. City of Chicago*, 803 F.Supp. 205, reconsideration denied 149 F.R.D. 147, affirmed 29 F.3d 1145 (N.D. Ill 1992). Void judgment is one where court lacked personal or subject matter jurisdiction or entry of order violated due process. U.S.C.A. Const. Amend. 5 – *Triad Energy Corp. v. McNell* 110 F.R.D. 382 (S.D.N.Y. 1986). Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner

# Supplemental Rule G Governing Pretrial Procedures in Forfeiture In Rem Actions

### John K. Rabiej

Supplemental Rule G is not a panacea, but it does offer procedural protection that civil forfeiture claimants have sought for a long time.



**John K. Rabiej**
is Chief of the Rules Committee Support Office of the Administrative Office of U.S. Courts. His office staffs the Advisory Committees on Appellate, Bankruptcy, Civil, Criminal, and Evidence Rules and the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States. An earlier version of this article appeared in The Federal Lawyer and is used with permission. The author can be reached at John_Rabiej@AO.USCourts.gov.

**THE ADVISORY COMMITTEE** on Civil Rules proposed a new Rule G that became effective December 1, 2006, governing pretrial procedures in forfeiture actions as part of the Supplemental Rules for Certain Admiralty and Maritime Claims (Supplemental Rules). Forfeiture actions had been handled under various Supplemental Rules, which had caused problems. The Supplemental Rules are primarily designed to handle admiralty actions and applying them to asset forfeiture cases often has not been a good fit, presenting difficult interpretational issues. Moreover, the Supplemental Rules have not been revised to take account of many of the provisions of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), a major piece of legislation affecting forfeiture. 18 U.S.C. §§981-986. Nor have the Supplemental Rules been revised to take account of the constitutional jurisprudence dealing with adequate notice. The disconnect between the Supplemental Rules and in rem forfeiture procedures has become acute as the number of forfeiture actions continues to rise. The new rule addresses these problems in an integrated and coherent fashion.

Rule G consolidates the forfeiture in rem procedures located in several Supplemental Rules and sets up a uni-

fied procedural framework intended solely to address asset forfeiture cases. It adds provisions that take into account substantive and procedural forfeiture law changes made by CAFRA and constitutional jurisprudence involving the adequacy of notice. Finally, the rule fills in gaps in forfeiture procedures that have been addressed by courts on an ad hoc and inconsistent basis.

**FORFEITURE ACTIONS IN GENERAL** • Forfeiture of property connected with criminal activity has been part of federal law since 1789. A civil forfeiture action typically starts with the seizure of property by a state or federal law enforcement officer. Property that is subject to forfeiture falls under one of three categories: contraband, instrumentalities of the criminal offense, and property constituting, derived from, or traceable to, any proceeds obtained from criminal activity.

Most property seized by the government is forfeited in accordance with administrative forfeiture procedures. The process is very efficient, and most forfeitures are handled by these means. Under these procedures, the government agency seizing the property usually publishes notice in a generally circulated newspaper for several weeks and sends individual notice to any known potential claimants. Any person claiming an interest in the property must respond within strict, tight deadlines and post a bond equal to 10 percent of the property's value. 19 U.S.C. §1608.

In most cases, no one files a timely claim for the seized property for obvious reasons, and the property is forfeited to the government on default. Only if someone files a claim alleging an interest in the property must the government initiate proceedings in federal court to forfeit the seized property. And in these cases, Rule G comes into play.

**VOLUME OF FORFEITURE ACTIONS** • The federal government undertakes about 30,000 seizures of property each year. The vast majority

of forfeiture proceedings are handled administratively by the seizing government agencies. A significant portion of the seizures involves seizures of cars used in transporting illegal aliens into the country. Nearly 10,000 cars are forfeited annually. In about 80 percent to 85 percent of all forfeitures, no claim is made on the property, and the property is forfeited without further government action.

About 2,000 of these actions end up in federal court in civil cases each year when a claim has been filed. *Judicial Business of the Unites States Courts,* Annual Report of the Director, Leonidas Ralph Mecham (2003). These civil judicial forfeiture proceedings usually involve seizures of drug-related property. Rule G governs these proceedings. An approximately equal number of criminal forfeiture actions are handled as part of prosecutions in criminal cases, as discussed below.

**NATURE AND THEORY OF CIVIL AND CRIMINAL FORFEITURES** • For nearly 200 years, all forfeiture statutes were civil statutes, and all forfeitures were civil forfeitures. In the last 25 years, however, Congress has enacted criminal forfeiture statutes. Both civil and criminal forfeiture statutes prescribe the substantive law, and both invoke the admiralty procedures used in forfeiting vessels under the Supplemental Rules.

A civil forfeiture is different in nature from a criminal forfeiture. Forfeiture in a criminal case serves as punishment of an individual for commission of a criminal offense. The forfeiture action is aimed at a specific individual and requires in personam jurisdiction over the defendant. Federal Rule of Criminal Procedure 32.2 sets out the procedures governing a criminal forfeiture. The rule consolidates various forfeiture procedures contained in other rules and in the Supplemental Rules. Criminal Rule 32.2 took effect on December 1, 2000. They include procedures governing a third party's claim to the seized property.

Unlike a criminal forfeiture, a civil forfeiture is based on in rem jurisdiction. The forfeited property is the defendant, and the burden of proof rests on the party alleging ownership. Under federal forfeiture law, the government need not establish that the owner of the property is a criminal, only that the property was unlawfully used by someone or was bought with money from illicit activity.

**CIVIL FORFEITURE PROCEDURES** • Congress has enacted about 100 civil forfeiture statutes and 10 criminal forfeiture statutes. The statutes specify the types of property that can be forfeited and the grounds for forfeiture. The overwhelming majority of civil forfeitures are carried out under one of two CAFRA statutes: 18 U.S.C. §981 and 21 U.S.C. §881. Both statutes invoke the customs law for administrative forfeiture proceedings and the Supplemental Rules for judicial forfeiture proceedings. 18 U.S.C. §981(d) and 21 U.S.C. §881(d) incorporate by reference the administrative forfeiture procedures in the customs laws set out in 19 U.S.C. §§1602 et seq.

After a government agency seizes property, it typically commences administrative forfeiture procedures, which provide for public notice published for three successive weeks and individual notice to known potential claimants. Under the relevant customs law "notice of the seizure of such articles and the intention to forfeit and sell or otherwise dispose of the same according to law to be published for at least three successive weeks in such manner as the Secretary of the Treasury may direct." 19 U.S.C. §1607(a).

Specific time deadlines are set out for a claimant to file a claim with the appropriate official of the seizing government agency. The deadlines are tight, such as "not later than 30 days after the date of final publication of notice of seizure." 18 U.S.C. §983(a)(2)(B). Compare with the shorter response time under the customs law, which requires a claim

to be filed within 20 days from the date of the first publication of the seizure notice (19 U.S.C. §1608).

If no claim is timely filed, the property is forfeited. A court may consider a claim filed untimely, however, if the government failed to provide adequate notice in the administrative forfeiture proceeding.

If someone files a timely claim to the seized property in the administrative forfeiture proceeding, the government must decide whether to release the property or institute judicial forfeiture proceedings. If the government decides to proceed with the forfeiture action, it must file a complaint in federal court. The complaint must be filed generally no later than 90 days after the claim had been filed in the administrative forfeiture proceeding. The claimant may file a claim in federal court to the forfeited property. The claimant has the burden to prove that the property is not subject to forfeiture by a preponderance of the evidence. A claimant can make this showing either by establishing that the predicate offense was never committed or the property lacked a sufficient nexus to the crime to qualify for forfeiture under the underlying statute. This burden can be demonstrated only by admissible evidence. The pretrial procedures governing judicial forfeiture proceedings were found throughout the Supplemental Rules, particularly in Rules C and E.

**CIVIL ASSET FORFEITURE REFORM ACT OF 2000** • In 2000, Congress enacted CAFRA. The Act changed the law governing forfeiture. The Act provides citizens more protections against improper government seizures of property. Two changes made by CAFRA in particular affect the forfeiture rules under consideration.

CAFRA shifted the initial burden of proof to the government to show that the seized property is subject to forfeiture by a preponderance of the evidence. 18 U.S.C. §983(c). "In a suit or action brought under any civil forfeiture statute for

the civil forfeiture of any property—the burden of proof is on the Government to establish, by a preponderance of the evidence, that property is subject to forfeiture...." This change has far-reaching consequences Because under CAFRA the government must now rely on admissible evidence to meet its burden of proof.

CAFRA also expressly recognized an "innocent owner" defense that could be raised by the claimant to defeat the forfeiture. 18 U.S.C. §983(d). "An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute." Until CAFRA's enactment, an innocent owner of the seized property could not prevail against the government in a forfeiture action. In *Bennis v. Michigan*, 516 U.S. 442, 446 (1996), the Supreme Court had held that the Due Process Clause of the Fifth Amendment did not protect an innocent owner from forfeiture. The Court found that "a long and unbroken line of cases holds that an owner's interest in property may be forfeited by reason of the use to which the property is put even though the owner did not know that it was to be put to such use." A claimant's only recourse was to challenge the nexus between the property and the crime, contending that the property was not connected to the criminal activity or that the crime was never committed. That changed with the enactment of CAFRA.

**PRINCIPAL ISSUES: STANDING TO CONTEST FORFEITURE OF SEIZED PROPERTY AND ADEQUATE NOTICE** • The Advisory Committee on Civil Rules devoted considerable attention to two issues in in rem forfeiture actions dealing with the claimant's standing and the adequacy of notice. The former issue was raised by CAFRA, while constitutional jurisprudence raised the latter issue.

Under the procedures in effect before CAFRA, the relative burdens of proof for the government and the claimant in forfeiture actions were one-sided in favor of the government. Although a claim-

ant could file a motion to dismiss first, requiring the government to respond, the claimant's motion to dismiss seldom succeeded. The government would usually rebuff the motion by meeting its minimum probable cause burden of proof, often relying solely on hearsay evidence to show that the property was subject to forfeiture. The claimant would then be compelled to file an answer establishing standing. Thus, as a practical matter, the clamant had to prove its bona fides first before the government was put to its test.

After disposing of the motion of dismiss, the government would have the opportunity to scrutinize the claimant's answer to determine whether the claimant had a real interest in the seized property. The claimant's interest in the property had to be adequately pleaded as part of the claimant's answer, which the government could carefully examine. Absent proof of a real interest in the seized property, sham claims were readily dismissed. In the end, the government was never put to the test because the claimant often failed to demonstrate a real interest in the seized property. The government was successful in a very high percentage of these cases.

CAFRA's shifting of the government's burden of proof to show that the property is subject to forfeiture by a preponderance of evidence instead of probable cause resulted in unforeseen consequences arising from the interplay between the existing Civil and Supplemental Rules. The government contends that shifting the burden of proof provides an opportunity to claimants to file sham claims to take possession of the seized property when the government fails to meet its burden, even though the claimant may possess no real interest in the property.

The government must now present admissible evidence, not hearsay evidence, to meet its burden. No longer is a claimant's motion to dismiss, filed before the answer, easily deflected by the government. As a result, although CAFRA has effectively


Cornell University
Law School

Search Law School     Search Cornell

LII / Legal Information Institute

# U.S. Code collection

TITLE 18 > PART I > CHAPTER 46 > § 983

## § 983. General rules for civil forfeiture proceedings

**(a) Notice; Claim; Complaint.—**

**(1)**

**(A)**

**(i)** Except as provided in clauses (ii) through (v), in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute, with respect to which the Government is required to send written notice to interested parties, such notice shall be sent in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of the seizure.

**(ii)** No notice is required if, before the 60-day period expires, the Government files a civil judicial forfeiture action against the property and provides notice of that action as required by law.

**(iii)** If, before the 60-day period expires, the Government does not file a civil judicial forfeiture action, but does obtain a criminal indictment containing an allegation that the property is subject to forfeiture, the Government shall either—

**(I)** send notice within the 60 days and continue the nonjudicial civil forfeiture proceeding under this section; or

**(II)** terminate the nonjudicial civil forfeiture proceeding, and take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute.

**(iv)** In a case in which the property is seized by a State or local law enforcement agency and turned over to a Federal law enforcement agency for the purpose of forfeiture under Federal law, notice shall be sent not more than 90 days after the date of seizure by the State or local law enforcement agency.

**(v)** If the identity or interest of a party is not determined until after the seizure or turnover but is determined before a declaration of forfeiture is entered, notice shall be sent to such interested party not later than 60 days after the determination by the Government of the identity of the party or the party's interest.

**(B)** A supervisory official in the headquarters office of the seizing agency may extend the period for sending notice under subparagraph (A) for a period not to exceed 30 days (which period may not be further extended except by a court), if the official determines that the conditions in subparagraph (D) are present.

**(C)** Upon motion by the Government, a court may extend the period for sending notice under subparagraph (A) for a period not to exceed 60 days, which period may be further extended by the court for 60-day periods, as necessary, if the court determines, based on a written certification of a supervisory official in the headquarters office of the seizing agency, that the conditions in subparagraph (D)

are present.

**(D)** The period for sending notice under this paragraph may be extended only if there is reason to believe that notice may have an adverse result, including—

    **(i)** endangering the life or physical safety of an individual;

    **(ii)** flight from prosecution;

    **(iii)** destruction of or tampering with evidence;

    **(iv)** intimidation of potential witnesses; or

    **(v)** otherwise seriously jeopardizing an investigation or unduly delaying a trial.

**(E)** Each of the Federal seizing agencies conducting nonjudicial forfeitures under this section shall report periodically to the Committees on the Judiciary of the House of Representatives and the Senate the number of occasions when an extension of time is granted under subparagraph (B).

**(F)** If the Government does not send notice of a seizure of property in accordance with subparagraph (A) to the person from whom the property was seized, and no extension of time is granted, the Government shall return the property to that person without prejudice to the right of the Government to commence a forfeiture proceeding at a later time. The Government shall not be required to return contraband or other property that the person from whom the property was seized may not legally possess.

**(2)**

    **(A)** Any person claiming property seized in a nonjudicial civil forfeiture proceeding under a civil forfeiture statute may file a claim with the appropriate official after the seizure.

    **(B)** A claim under subparagraph (A) may be filed not later than the deadline set forth in a personal notice letter (which deadline may be not earlier than 35 days after the date the letter is mailed), except that if that letter is not received, then a claim may be filed not later than 30 days after the date of final publication of notice of seizure.



    **(C)** A claim shall—

        **(i)** identify the specific property being claimed;

        **(ii)** state the claimant's interest in such property; and

        **(iii)** be made under oath, subject to penalty of perjury.

    **(D)** A claim need not be made in any particular form. Each Federal agency conducting nonjudicial forfeitures under this section shall make claim forms generally available on request, which forms shall be written in easily understandable language.

    **(E)** Any person may make a claim under subparagraph (A) without posting bond with respect to the property which is the subject of the claim.

**(3)**

    **(A)** Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties.

**(B)** If the Government does not—

> **(I)** file a complaint for forfeiture or return the property, in accordance with subparagraph (A); or
>
> **(II)** before the time for filing a complaint has expired—
>
> > **(I)** obtain a criminal indictment containing an allegation that the property is subject to forfeiture; and
> >
> > **(II)** take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute,
>
> the Government shall promptly release the property pursuant to regulations promulgated by the Attorney General, and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense.

**(C)** In lieu of, or in addition to, filing a civil forfeiture complaint, the Government may include a forfeiture allegation in a criminal indictment. If criminal forfeiture is the only forfeiture proceeding commenced by the Government, the Government's right to continued possession of the property shall be governed by the applicable criminal forfeiture statute.

**(D)** No complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property.

**(4)**

> **(A)** In any case in which the Government files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims, except that such claim may be filed not later than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint.
>
> **(B)** A person asserting an interest in seized property, in accordance with subparagraph (A), shall file an answer to the Government's complaint for forfeiture not later than 20 days after the date of the filing of the claim.

**(b) Representation.—**

> **(1)**
>
> > **(A)** If a person with standing to contest the forfeiture of property in a judicial civil forfeiture proceeding under a civil forfeiture statute is financially unable to obtain representation by counsel, and the person is represented by counsel appointed under section 3006A of this title in connection with a related criminal case, the court may authorize counsel to represent that person with respect to the claim.
> >
> > **(B)** In determining whether to authorize counsel to represent a person under subparagraph (A), the court shall take into account such factors as—
> >
> > > **(I)** the person's standing to contest the forfeiture; and
> > >
> > > **(II)** whether the claim appears to be made in good faith.
>
> **(2)**
>
> > **(A)** If a person with standing to contest the forfeiture of property in a judicial civil forfeiture proceeding under a civil forfeiture statute is financially unable to obtain representation by counsel, and the property subject to forfeiture is real property

that is being used by the person as a primary residence, the court, at the request of the person, shall insure that the person is represented by an attorney for the Legal Services Corporation with respect to the claim.

**(B)**

    **(i)** At appropriate times during a representation under subparagraph (A), the Legal Services Corporation shall submit a statement of reasonable attorney fees and costs to the court.

    **(ii)** The court shall enter a judgment in favor of the Legal Services Corporation for reasonable attorney fees and costs submitted pursuant to clause (i) and treat such judgment as payable under section 2465 of title 28, United States Code, regardless of the outcome of the case.

**(3)** The court shall set the compensation for representation under this subsection, which shall be equivalent to that provided for court-appointed representation under section 3006A of this title.

**(c) Burden of Proof.—** In a suit or action brought under any civil forfeiture statute for the civil forfeiture of any property—



**(1)** the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture;

**(2)** the Government may use evidence gathered after the filing of a complaint for forfeiture to establish, by a preponderance of the evidence, that property is subject to forfeiture; and

**(3)** if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense.

**(d) Innocent Owner Defense.—**



**(1)** An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute. The claimant shall have the burden of proving that the claimant is an innocent owner by a preponderance of the evidence.

**(2)**

    **(A)** With respect to a property interest in existence at the time the illegal conduct giving rise to forfeiture took place, the term "innocent owner" means an owner who—

        **(i)** did not know of the conduct giving rise to forfeiture; or

        **(ii)** upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property.

    **(B)**

        **(i)** For the purposes of this paragraph, ways in which a person may show that such person did all that reasonably could be expected may include demonstrating that such person, to the extent permitted by law—

            **(I)** gave timely notice to an appropriate law enforcement agency of information that led the person to know the conduct giving rise to a forfeiture would occur or has occurred; and

            **(II)** in a timely fashion revoked or made a good faith attempt to revoke permission for those engaging in such conduct to use the property or took reasonable actions in consultation with a law

enforcement agency to discourage or prevent the illegal use of the property.

**(ii)** A person is not required by this subparagraph to take steps that the person reasonably believes would be likely to subject any person (other than the person whose conduct gave rise to the forfeiture) to physical danger.

**(3)**

**(A)** With respect to a property interest acquired after the conduct giving rise to the forfeiture has taken place, the term "innocent owner" means a person who, at the time that person acquired the interest in the property—

**(i)** was a bona fide purchaser or seller for value (including a purchaser or seller of goods or services for value); and

**(ii)** did not know and was reasonably without cause to believe that the property was subject to forfeiture.

**(B)** An otherwise valid claim under subparagraph (A) shall not be denied on the ground that the claimant gave nothing of value in exchange for the property if—

**(i)** the property is the primary residence of the claimant;

**(ii)** depriving the claimant of the property would deprive the claimant of the means to maintain reasonable shelter in the community for the claimant and all dependents residing with the claimant;

**(iii)** the property is not, and is not traceable to, the proceeds of any criminal offense; and

**(iv)** the claimant acquired his or her interest in the property through marriage, divorce, or legal separation, or the claimant was the spouse or legal dependent of a person whose death resulted in the transfer of the property to the claimant through inheritance or probate,

except that the court shall limit the value of any real property interest for which innocent ownership is recognized under this subparagraph to the value necessary to maintain reasonable shelter in the community for such claimant and all dependents residing with the claimant.

**(4)** Notwithstanding any provision of this subsection, no person may assert an ownership interest under this subsection in contraband or other property that it is illegal to possess.

**(5)** If the court determines, in accordance with this section, that an innocent owner has a partial interest in property otherwise subject to forfeiture, or a joint tenancy or tenancy by the entirety in such property, the court may enter an appropriate order—

**(A)** severing the property;

**(B)** transferring the property to the Government with a provision that the Government compensate the innocent owner to the extent of his or her ownership interest once a final order of forfeiture has been entered and the property has been reduced to liquid assets; or

**(C)** permitting the innocent owner to retain the property subject to a lien in favor of the Government to the extent of the forfeitable interest in the property.

**(6)** In this subsection, the term "owner"—

**(A)** means a person with an ownership interest in the specific property sought to be forfeited, including a leasehold, lien, mortgage, recorded security interest, or valid assignment of an ownership interest; and

**(B)** does not include—

    **(i)** a person with only a general unsecured interest in, or claim against, the property or estate of another;

    **(ii)** a bailee unless the bailor is identified and the bailee shows a colorable legitimate interest in the property seized; or

    **(iii)** a nominee who exercises no dominion or control over the property.

## (e) Motion To Set Aside Forfeiture.—

**(1)** Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if—

    **(A)** the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and

    **(B)** the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

**(2)**

    **(A)** Notwithstanding the expiration of any applicable statute of limitations, if the court grants a motion under paragraph (1), the court shall set aside the declaration of forfeiture as to the interest of the moving party without prejudice to the right of the Government to commence a subsequent forfeiture proceeding as to the interest of the moving party.

    **(B)** Any proceeding described in subparagraph (A) shall be commenced—

        **(i)** if nonjudicial, within 60 days of the entry of the order granting the motion; or

        **(ii)** if judicial, within 6 months of the entry of the order granting the motion.

**(3)** A motion under paragraph (1) may be filed not later than 5 years after the date of final publication of notice of seizure of the property.

**(4)** If, at the time a motion made under paragraph (1) is granted, the forfeited property has been disposed of by the Government in accordance with law, the Government may institute proceedings against a substitute sum of money equal to the value of the moving party's interest in the property at the time the property was disposed of.

**(5)** A motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute.

## (f) Release Of Seized Property.—

**(1)** A claimant under subsection (a) is entitled to immediate release of seized property if—

    **(A)** the claimant has a possessory interest in the property;

    **(B)** the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial;

    **(C)** the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as

preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;

**(D)** the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding; and

**(E)** none of the conditions set forth in paragraph (8) applies.

**(2)** A claimant seeking release of property under this subsection must request possession of the property from the appropriate official, and the request must set forth the basis on which the requirements of paragraph (1) are met.

**(3)**

    **(A)** If not later than 15 days after the date of a request under paragraph (2) the property has not been released, the claimant may file a petition in the district court in which the complaint has been filed or, if no complaint has been filed, in the district court in which the seizure warrant was issued or in the district court for the district in which the property was seized.

    **(B)** The petition described in subparagraph (A) shall set forth—

        **(i)** the basis on which the requirements of paragraph (1) are met; and

        **(ii)** the steps the claimant has taken to secure release of the property from the appropriate official.

**(4)** If the Government establishes that the claimant's claim is frivolous, the court shall deny the petition. In responding to a petition under this subsection on other grounds, the Government may in appropriate cases submit evidence ex parte in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or pending criminal trial.

**(5)** The court shall render a decision on a petition filed under paragraph (3) not later than 30 days after the date of the filing, unless such 30-day limitation is extended by consent of the parties or by the court for good cause shown.

**(6)** If—

    **(A)** a petition is filed under paragraph (3); and

    **(B)** the claimant demonstrates that the requirements of paragraph (1) have been met,

the district court shall order that the property be returned to the claimant, pending completion of proceedings by the Government to obtain forfeiture of the property.

**(7)** If the court grants a petition under paragraph (3)—

    **(A)** the court may enter any order necessary to ensure that the value of the property is maintained while the forfeiture action is pending, including—

        **(i)** permitting the inspection, photographing, and inventory of the property;

        **(ii)** fixing a bond in accordance with rule E(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims; and

        **(iii)** requiring the claimant to obtain or maintain insurance on the subject property; and

    **(B)** the Government may place a lien against the property or file a lis pendens to ensure that the property is not transferred to another person.

**(8)** This subsection shall not apply if the seized property—

    **(A)** is contraband, currency, or other monetary instrument, or electronic funds unless such currency or other monetary instrument or electronic funds constitutes the assets of a legitimate business which has been seized;

    **(B)** is to be used as evidence of a violation of the law;

    **(C)** by reason of design or other characteristic, is particularly suited for use in illegal activities; or

    **(D)** is likely to be used to commit additional criminal acts if returned to the claimant.

## (g) Proportionality.—

    **(1)** The claimant under subsection (a)(4) may petition the court to determine whether the forfeiture was constitutionally excessive.

    **(2)** In making this determination, the court shall compare the forfeiture to the gravity of the offense giving rise to the forfeiture.

    **(3)** The claimant shall have the burden of establishing that the forfeiture is grossly disproportional by a preponderance of the evidence at a hearing conducted by the court without a jury.

    **(4)** If the court finds that the forfeiture is grossly disproportional to the offense it shall reduce or eliminate the forfeiture as necessary to avoid a violation of the Excessive Fines Clause of the Eighth Amendment of the Constitution.

## (h) Civil Fine.—

    **(1)** In any civil forfeiture proceeding under a civil forfeiture statute in which the Government prevails, if the court finds that the claimant's assertion of an interest in the property was frivolous, the court may impose a civil fine on the claimant of an amount equal to 10 percent of the value of the forfeited property, but in no event shall the fine be less than $250 or greater than $5,000.

    **(2)** Any civil fine imposed under this subsection shall not preclude the court from imposing sanctions under rule 11 of the Federal Rules of Civil Procedure.

    **(3)** In addition to the limitations of section 1915 of title 28, United States Code, in no event shall a prisoner file a claim under a civil forfeiture statute or appeal a judgment in a civil action or proceeding based on a civil forfeiture statute if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous or malicious, unless the prisoner shows extraordinary and exceptional circumstances.

## (i) Civil Forfeiture Statute Defined.— In this section, the term "civil forfeiture statute"—

    **(1)** means any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense; and

    **(2)** does not include—

        **(A)** the Tariff Act of 1930 or any other provision of law codified in title 19;

        **(B)** the Internal Revenue Code of 1986;

        **(C)** the Federal Food, Drug, and Cosmetic Act (21 U.S.C. 301 et seq.);

        **(D)** the Trading with the Enemy Act (50 App. U.S.C. 1 et seq.) or the International Emergency Economic Powers Act (IEEPA) (50 U.S.C. 1701 et seq.); or

**(E)** section 1 of title VI of the Act of June 15, 1917 (40 Stat. 233; 22 U.S.C. 401).

**(j) Restraining Orders; Protective Orders.—**

**(1)** Upon application of the United States, the court may enter a restraining order or injunction, require the execution of satisfactory performance bonds, create receiverships, appoint conservators, custodians, appraisers, accountants, or trustees, or take any other action to seize, secure, maintain, or preserve the availability of property subject to civil forfeiture—

**(A)** upon the filing of a civil forfeiture complaint alleging that the property with respect to which the order is sought is subject to civil forfeiture; or

**(B)** prior to the filing of such a complaint, if, after notice to persons appearing to have an interest in the property and opportunity for a hearing, the court determines that—

**(i)** there is a substantial probability that the United States will prevail on the issue of forfeiture and that failure to enter the order will result in the property being destroyed, removed from the jurisdiction of the court, or otherwise made unavailable for forfeiture; and

**(ii)** the need to preserve the availability of the property through the entry of the requested order outweighs the hardship on any party against whom the order is to be entered.

**(2)** An order entered pursuant to paragraph (1)(B) shall be effective for not more than 90 days, unless extended by the court for good cause shown, or unless a complaint described in paragraph (1)(A) has been filed.

**(3)** A temporary restraining order under this subsection may be entered upon application of the United States without notice or opportunity for a hearing when a complaint has not yet been filed with respect to the property, if the United States demonstrates that there is probable cause to believe that the property with respect to which the order is sought is subject to civil forfeiture and that provision of notice will jeopardize the availability of the property for forfeiture. Such a temporary order shall expire not more than 10 days after the date on which it is entered, unless extended for good cause shown or unless the party against whom it is entered consents to an extension for a longer period. A hearing requested concerning an order entered under this paragraph shall be held at the earliest possible time and prior to the expiration of the temporary order.

**(4)** The court may receive and consider, at a hearing held pursuant to this subsection, evidence and information that would be inadmissible under the Federal Rules of Evidence.

*LII has no control over and does not endorse any external Internet site that contains links to or references LII.*