# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 08-1345 (RMC)** |
| | ) | **ECF** |
| **v.** | ) | |
| | ) | |
| **8 GILCREASE LANE, QUINCY** | ) | |
| **FLORIDA 32351,** *ET AL.,* | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## PLAINTIFF'S OPPOSITION TO THOMAS A. BOWDOIN, JR.'S
## MOTION TO DISMISS FOR LACK OF JURISDICTION

Plaintiff, the United States of America, by its attorney, the United States Attorney for the District of Columbia, respectfully submits this Opposition to Thomas A. Bowdoin, Jr.'s "Motion to Set Aside Asset Forfeiture and Dismiss for Lack of Jurisdiction Under FRCivP Rule 60(b)(4)."

In his *pro se* "Motion To Dismiss, *etc.*, Mr. Bowdoin suggests that this Court "does not have jurisdiction because although this may be filed as a civil action, it must be treated as quasi-criminal with a standard of review or proof of clear and convincing evidence, not just preponderance of evidence." Motion at 1. Alongside his opaque prose, however, Mr. Bowdoin offers neither one relevant argument, nor one pertinent citation in support of whatever relief he may here be urging.[1]

---

[1] Rule 60 of the Federal Rules of Civil Procedure contemplates that a district court will have issued either a judgment, or a final order, before a party moves for its modification. In this case, however, judgment has not issued and Mr. Bowdoin fails to identify any interim order from which he seeks the particular relief he appears to request here. Through another document (Document #47 in the Court's docket) Mr. Bowdoin requests that the claims he withdrew now be reinstated. Plaintiff also opposes that request, in a separate opposition.

No reasonable basis exists for asserting that federal district courts lack subject matter jurisdiction to entertain federal civil forfeiture cases that the United States initiates. See 28 U.S.C. 1355; United States v. All Funds in Account Nos. 747.034/278 (Banco Espanol de Credito), 295 F.3d 23, 26 (D.C. Cir. 2002) (section 1355(b) is not merely a venue statute; it gives the court *in rem* jurisdiction over property located in another district; "it would make little sense for Congress to provide venue in a district court if there were no means for that court to exercise jurisdiction"); United States v. $88,260.00 in U.S. Currency, 925 F. Supp. 838, 840 (D.D.C. 1996) (district court has subject matter jurisdiction for government's civil forfeiture case under section 1355(a)).

Moreover, it is well settled that the government's burden of proof in a civil forfeiture case is by a preponderance of the evidence. See 18 U.S.C. §§ 981(b)(2), 985(d); United States v. Melrose East Subdivision, 357 F.3d 493, 504 (5th Cir. 2004) (post-CAFRA, the government's burden of proof at trial is preponderance of the evidence, but it may seize property pretrial based only on probable cause); United States v. Approximately 600 Sacks of Green Coffee Beans, 381 F. Supp.2d 57, 61 (D.P.R. 2005) (post-CAFRA, the Government may continue to seize property based on probable cause, but must establish the forfeitability of the property by a preponderance of the evidence).

Mr. Bowdoin closes by asserting that "[t]here has been no probable cause determination in this forfeiture." Motion at 4. But he knows that statement is no more truthful than the representations he made to his investors. In this case a judge found probable cause for each seizure warrant this Court issued, and this Court found probable cause to support the forfeiture action again, after reviewing the government's verified complaint and the additional evidence

that Mr. Bowdoin's former attorneys insisted be produced.[2]

## CONCLUSION

For the reasons set forth above, Thomas A. Bowdoin, Jr.'s motion to set aside asset forfeiture and dismiss for lack of jurisdiction should be denied.

Respectfully submitted,

_/s/_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

_/s/_____
WILLIAM R. COWDEN, DC Bar #426301
Senior Trial Attorney, Department of Justice
(202) 307-1754
VASU B. MUTHYALA, DC Bar #496935
Assistant United States Attorney
U.S. Attorney's Office, Criminal Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7541

---

[2] In this case, Mr. Bowdoin has filed an assortment of new motions after having already lost their earlier iterations. Continued serial-filing might be rejected outright, and even sanctioned. Rule 12(g) provides, "If a party makes a motion under [Rule 12] but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted...." In other words, with limited exception, Rule 12(g) requires all of the permitted Rule 12(b) defenses to be raised in a single, consolidated motion rather than in multiple or successive motions. See Skrtich v. Thornton, 280 F.3d 1295, 1306 (11th Cir.2002). Leading commentators on federal practice and procedure agree that Rule 12(g) generally bars successive pre-answer motions to dismiss. Professors Wright and Miller state, "The right to raise these defenses by preliminary motion is lost when the defendant neglects to consolidate them in his initial motion." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1385. Professor Moore similarly concludes, "If omitted from the initial motion, [the defenses listed in Rule 12(h)(2), including failure to state a claim] may not be raised in a successive Rule 12 motion, but may be raised in any Rule 7(a) responsive pleading, in a Rule 12(c) motion for judgment on the pleadings, or at trial on the merits." 2 James Wm. Moore et al., Moore's Federal Practice ¶ 12.23.

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Opposition to be served by means of the Court's ECF system on this 24th day of April 2009 upon all counsel of record.


_/s/_____
William R. Cowden