UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

                Plaintiff,

v.

8 GILCREASE LANE, QUINCY
FLORIDA  32351, *ET AL.*,

                Defendants.

Civil No. 08-1345 (RMC)

**THOMAS A. BOWDOIN, JR., ET AL., CLAIMANTS' MOTION TO WITHRAW WITHOUT PREJUDICE**

### THOMAS A. BOWDOIN, JR., ET AL., CLAIMANTS' MOTION FOR LEAVE TO WITHDRAW "NOTICE OF RESCISSION AND WITHDRAWAL OF RELEASE OF CLAIMS TO SEIZED PROPERTY AND CONSENT FORFEITURE" WITHOUT PREJUDICE TO RESUBMISSION

Thomas A. Bowdoin, Jr., et al, Claimants', by counsel, respectfully request that this Court permit Mr. Bowdoin, Jr., et al, Claimants', to withdraw without prejudice their "Notice of Rescission and Withdrawal of Release of Claims to Seized Property and Consent to Forfeiture" (hereinafter "Notice of Rescission").  Mr. Bowdoin, Jr., et al, Claimants' filed the Notice of Rescission *pro se* on February 27, 2009.  On April 3, 2009, this Court issued an Order to Show Cause requesting the government's response to Mr. Bowdoin, et al, Claimants' *pro se* motions by April 24, 2009.  The government filed its opposition on April 24, 2009.

Good cause exists for permitting Mr. Bowdoin et al, Claimants' to withdraw the pro se pleading and refile it upon consultation with counsel.  Mr. Bowdoin et al, Claimants'  recently retained new counsel in this case on April 9, 2009.  Counsel entered an appearance after Mr. Bowdoin, et al, Claimants' submitted the motions *pro se*.  Counsel requires time to evaluate the facts and circumstances germane to the legal issues associated with Mr. Bowdoin, et al, Claimants' desire to renew their quest for return of funds seized.  Mr. Bowdoin, et al, Claimants' through counsel, intend to resubmit this Motion to Rescind on or before May 15, 2009.

Unrepresented at the time Mr. Bowdoin, et al, Claimants' filed the original motion, Mr. Bowdoin et al, Claimants' were not aware of the legal standards applicable to the motion and, so, did not present all facts germane to decision. A reply may not properly raise new matter, even if germane, and, so, the appropriate course is for the original pro se motion, which failed to raise the germane facts, to be withdrawn. Filing anew will afford opposing counsel a fair opportunity of response and will permit counsel to aid Mr. Bowdoin et al, Claimants' in understanding the legal standards applicable and the facts of the case that are germane. Where a party concludes that a motion is defective or insufficient in any respect, they should apply to the court, and obtain leave to amend or withdraw his first motion before filing a second. *See, e.g., Kjellander v. Kjellander*, 139 P. 1013, 1014 (Kan. 1914).

Although Mr. Bowdoin et al, Claimants' property is technically the defendant in a civil forfeiture, as the owner Mr. Bowdoin et al, Claimants' possess a legal right in the property. Mr. Bowdoin et al, Claimants' cannot be dispossessed of the ownership interest absent due process of law. *See U.S. v. James Daniel Good Real Property*, 510 U.S. 43, 48-49 (1993) (due process must be afforded in forfeiture proceedings). The "fiction" that the property is the defendant in civil forfeiture actions should not be carried to the extreme when doing so may unlawfully deprive owners of their legal interests. *U.S. v. Ursery*, 519 U.S. 267, 301 (1996) (observing the "legal fiction" that the property rather than its owner was being punished). It is the owner who must hold the government accountable. *See Harmelin v. Michigan*, 501 U.S. 957, 979 n.9 (1991) (Scalia, J.) ("it makes sense to scrutinize governmental action more closely when the State stands to benefit"). The government bears the burden in forfeiture actions by a preponderance of the evidence. *See James Daniel Good Real Property*, 510 U.S. at 56 (holding that burden is two-fold: "(1) to establish by a preponderance of the evidence that the defendant property is subject

to forfeiture and (2) that there is a substantial connection between the defendant property and the alleged offense"). This Court has yet to rule under that burden in this case and ought not do so until all record facts and argument have been presented. The pro se submission of Mr. Bowdoin et al, Claimants' failed to apprise the Court of all germane facts and arguments and, thus, should not form the basis of a decision to avoid the risk of an erroneous decision..

This court should grant Mr. Bowdoin et al, Claimants' request to withdraw pending resubmission to ensure that their rights have been properly adjudicated and a determination of the propriety of forfeiture is made only upon a full record replete with all facts germane to the outcome. *See James Daniel Good Real Property*, 510 U.S. at 56 (holding that an adversary hearing is of particular importance in forfeiture proceedings where the "Government has a direct pecuniary interest in the outcome of the proceeding").

For the foregoing reasons, Mr. Bowdoin et al, Claimants' request that this Court grant them leave to withdraw the February 27, 2009 "Notice of Rescission and Withdrawal of Release of Claims to Seized Property and Consent to Forfeiture" without prejudice pending resubmission with the aid of counsel.

Respectfully submitted,

THOMAS A. BOWDOIN, JR.,

By: _____
Charles A. Murray, Bar No.: 59089
27911 Crown Lake Blvd., Suite 223
Bonita Springs, FL 34135-4218
Voice: 239-649-7773
Fax: 239-262-3517
Email: charles@camurraylaw.com

Counsel to Thomas A. Bowdoin, Jr.,et al, Claimants'

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing has been furnished via, email, fax and regular First Class U.S. Mail to William R. Cowden and Jeffrey A. Taylor, Assistant United States Attorneys, Asset Forfeiture Unit, 555 4th Street N.W. Washington, DC 20530 and Michael Louis Fayad, AKERMAN SENTERFITT 8100 Boone Boulevard, Suite 700 Vienna , VA 22182-2683 and Jonathan Goodman, Esq., Akerman Senterfitt One S.E. Third Avenue, 25th Floor Miami , FL 33131 this 4th day of May, 2009.

_____
Charles A. Murray, Esq.
Attorney for the Claimants