UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Civil Action No.: 08-cv-01345 (RMC) |
| Plaintiff, ) | Motion for Entry of Default |
| ) | Judgment: All Seized Funds |
| v. ) | Regarding Golden Panda Ad |
| ) | Builder |
| 8 GILCREASE LANE, QUINCY ) | |
| FLORIDA 32351, ) | |
| ) | |
| ONE CONDO LOCATED ON ) | |
| NORTH OCEAN BOULEVARD IN ) | |
| MYRTLE BEACH, SOUTH ) | |
| CAROLINA, ) | |
| ) | |
| AND ) | |
| ) | |
| ALL FUNDS, INCLUDING ) | |
| APPROXIMATELY $53 MILLION, ) | |
| HELD ON DEPOSIT AT BANK OF ) | |
| AMERICA ACCOUNTS IN THE NAMES ) | |
| OF (1) THOMAS A. BOWDOIN, JR., ) | |
| SOLE PROPRIETOR, DBA ) | |
| ADSURFDAILY, (2) CLARENCE ) | |
| BUSBY, JR. AND DAWN STOWERS, ) | |
| DBA GOLDEN PANDA AD BUILDER, ) | |
| AND (3) GOLDEN PANDA ) | |
| AD BUILDER, ) | |
| Defendants. ) | |
| ) | |

## MOTION FOR ENTRY OF DEFAULT
## JUDGMENT AND ORDER OF FORFEITURE

Plaintiff United States of America, by and through its undersigned attorneys, respectfully moves for entry of Default Judgment and for an Order of Forfeiture as to the five (5) defendant properties that were seized from Bank of America accounts that were controlled by operators of the Golden Panda Ad Builder operation. Those five (5) defendant properties are, specifically:

(1) **$2,282,999.72 seized from account #334011130192 at Bank of America**, in the name of Clarence Busby Jr. and Dawn Stowers, DBA Golden Panda Ad Builder

        Deposit Account;

(2) **$1,112,978.42 seized from account #334011130200 at Bank of America**, in the name of Clarence Busby Jr. and Dawn Stowers, DBA Golden Panda Ad Builder Operating Account;

(3) **$1,642,039.08 seized from account #334015765704 at Bank of America**, in the name of Clarence Busby Jr. and Dawn Stowers, DBA Golden Panda Ad Builder Cashout Account;

(4) **$6,000,000.00 seized from account #91000113401039 at Bank of America**, in the name of Golden Panda Ad Builder; and

(5) **$3,007,580.85 seized from account #91000113404188 at Bank of America**, in the name of Golden Panda Ad Builder.

A default judgment and a final order of forfeiture with respect to each of these five (5) defendant properties is appropriate because the above-referenced defendant properties were properly served and no timely paper, pleading, or other claim remains filed on behalf of these defendant properties that would permit any person to challenge their forfeiture. The Clerk of this Court has entered the Default on May 15, 2009. Plaintiff makes this motion pursuant to 18 U.S.C. § 983(a)(4)(A), Fed. R. Civ. P. 55, and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

     A proposed Order of Forfeiture is submitted herewith, along with a Memorandum of Points and Authorities.

                                                     Respectfully submitted,

                                                   /s/
                                                 CHANNING PHILLIPS, DC Bar #415793
                                                 Acting United States Attorney

    /s/
VASU B. MUTHYALA, DC Bar #496935
Assistant United States Attorney
United States Attorney's Office
District of Columbia
(202) 514-7541
WILLIAM R. COWDEN, DC Bar #426301
Senior Trial Attorney
Asset Forfeiture & Money Laundering Section
U.S. Department of Justice.
1400 New York Avenue, N.W., 10th Floor
Washington, DC 20530
(202) 307-1754
(202) 514-5522 (fax)
william.cowden@usdoj.gov

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 1st day of June 2009 copies of the foregoing Motion for Entry of Default Judgment and Order of Forfeiture, accompanying Memorandum, and Proposed Order of Forfeiture were sent by means of the Court's ECF system to all counsel of record.


    /s/
WILLIAM R. COWDEN

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>　　　　　Plaintiff,　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>　　v.　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>8 GILCREASE LANE, QUINCY　　)<br>FLORIDA 32351,　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>ONE CONDO LOCATED ON　　　　)<br>NORTH OCEAN BOULEVARD IN　)<br>MYRTLE BEACH, SOUTH　　　　 )<br>CAROLINA,　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　)<br>　　　　　AND　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>ALL FUNDS, INCLUDING　　　　　)<br>APPROXIMATELY $53 MILLION, )<br>HELD ON DEPOSIT AT BANK OF )<br>AMERICA ACCOUNTS IN THE NAMES )<br>OF (1) THOMAS A. BOWDOIN, JR., )<br>SOLE PROPRIETOR, DBA　　　　 )<br>ADSURFDAILY, (2) CLARENCE　 )<br>BUSBY, JR. AND DAWN STOWERS, )<br>DBA GOLDEN PANDA AD BUILDER, )<br>AND (3) GOLDEN PANDA　　　　 )<br>AD BUILDER,　　　　　　　　　　)<br>　　　　　Defendants.　　　　　　)<br>＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿ ) | Civil Action No.: 08-cv-01345 (RMC)<br>Motion for Entry of Default<br>Judgment: All Funds Seized<br>from Golden Panda Ad<br>Builder Operations |

MEMORANDUM IN SUPPORT OF MOTION FOR
DEFAULT JUDGMENT AND ORDER OF FORFEITURE

1.　On August 5, 2008, Plaintiff filed a Verified Complaint for Forfeiture *In Rem* against various defendant properties, including all funds seized from five (5) bank accounts that were under the control of individuals operating an entity known as "Golden Panda Ad Builder."[1]

---

[1] Upon their seizure and following resolution of credits and offsets, the five (5) defendant properties seized from the Golden Panda Ad Builder operation and sued for forfeiture in this case, became in total: $14,048,598.07 in U.S. currency.

Copies of the Complaint and Warrant of Arrest *In Rem* issued by the Clerk of the Court were served upon the five (5) Golden Panda Ad Builder defendant properties on August 22, 2008 and October 30, 2008. *See* Docket, Document 68. Additionally, direct notice of the pending forfeiture case was provided to each named account holder. On August 25, 2008, the account holders for the five (5) accounts that had been operating in association with the Golden Panda Ad Builder operation filed claims by which they evidenced their intent to challenge the government's forfeiture case against all of the funds that had been seized from the Golden Panda Ad Builder operation's Bank of America accounts. *See* Document 10. On September 22, 2008, however, these claimants moved to withdraw all of the claims to those funds. *See* Document 24. With an understanding that these claimants consented to the forfeiture of the five (5) defendant properties identified in this motion, as the docket reflects, on September 23, 2008, the Court granted the motion that the Golden Panda Ad Builder officials made to withdraw their claims to the five (5) defendant properties identified herein. Further, in accordance with Supplemental Rule G(4)(a)(iv)(C), notice of the fact that all funds seized from the five (5) relevant Bank of America accounts were being subjected to civil forfeiture was published on an official Internet government forfeiture site (www.forfeiture.gov) for at least 30 consecutive days, beginning on September 26, 2008. *See* Exhibit 1 to Document 69.

2. No response, answer, or defense remains interposed in accordance with applicable rules, resulting in the entry of a Default by the Clerk of this Court on May 15, 2009. *See* Document 70. No other party has filed a claim or pleading to challenge the forfeiture of these five (5) defendant properties, and the time for filing a claim has expired. *See* 18 U.S.C. § 983(a)(4)(A) (claims due within 30 days after service of government's complaint or completion

of publication notice); Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (verified claim deadline set within Notice of Forfeiture; deadline may occur 35 days after notice is sent and 30 days after publication notice completed).

3. The entry of Default and a Judgment by Default against these five (5) defendant properties is amply supported in the circumstances of this case. Indeed, the Clerk of the Court "shall enter" the Default where there has been a failure to timely plead or otherwise defend an action within the time fixed by law. Fed. R. Civ. P. Rule 55(a). Moreover, the Civil Asset Forfeiture Reform Act of 2000, codified at 18 U.S.C. § 983(a)(4)(A), mandates the filing of a claim, by any person who seeks to defend against a forfeiture, within 30 days of the service of the government's forfeiture complaint and not later than 30 days after the date of final publication of notice of the forfeiture.

4. Further, whenever a judgment is sought for other than a sum certain (i.e. Judgment of Forfeiture), application for Judgment by Default shall be made to the Court and such Judgment may be entered by the Court so long as the defaulted party is not an infant or otherwise incompetent. Fed. R. Civ. P. Rule 55(b); *see DirecTV, Inc. v. Arnold*, 392 F. Supp.2d 415 (N.D.N.Y. 2005). *See also Canady, MD v. Erbe Elektromedizin GMBG*, 307 F. Supp.2d 2 (D.D.C. 2004); *United States v. Gant*, 268 F. Supp.2d 29 (D.D.C. 2003).

5. Accordingly, upon consideration of the record in this case, including a showing of compliance with applicable rules regarding service of process and notice by publication, and the Default having been entered by the Clerk of the Court, it is respectfully requested that this motion for entry of a default judgment, and for an order (or judgment) forfeiting to the United States the five (5) defendant properties identified in the accompanying motion, be granted. A

proposed Order of Forfeiture is attached.

>Respectfully submitted,
>
>/s/
>CHANNING PHILLIPS, DC Bar #415793
>Acting United States Attorney
>
>/s/
>VASU B. MUTHYALA, DC Bar #496935
>Assistant United States Attorney
>United States Attorney's Office
>District of Columbia
>(202) 514-7541
>WILLIAM R. COWDEN, DC Bar #426301
>Senior Trial Attorney
>Asset Forfeiture & Money Laundering Section
>U.S. Department of Justice.
>1400 New York Avenue, N.W., 10th Floor
>Washington, DC 20530
>(202) 307-1754
>(202) 514-5522 (fax)
>william.cowden@usdoj.gov