UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 08-1345 (RMC) |
| 8 GILCREASE LANE, QUINCY ) FLORIDA 32351, *et al.* ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

In this civil forfeiture case, various would-be intervenors have filed Motions to Intervene seeking dismissal of the case and the return to them of funds seized from bank accounts that were, before their seizure, under the control of operators of Ad Surf Daily ("ASD") and Golden Panda Ad Builder ("GP"). The Government alleges that ASD and GP were, in actuality, Internet Ponzi schemes that defrauded over 100,000 people. It now opposes the Motions to Intervene.

### I. BACKGROUND

ASD and GP were two investment programs that operated as auto-surf advertising companies promising to return to the "advertisers" 125% of each "purchase" at a rate of about 1% per day. The Government alleges that Defendants — certain real properties in Florida and South Carolina, and $53 million in funds from ten Bank of America accounts — are the proceeds of wire fraud and subject to seizure and civil forfeiture *in rem* pursuant to 18 U.S.C. § 981(a)(1)(C). ASD filed a motion for return of the funds, so that the business could continue, and a motion to dismiss the complaint. By decision entered on November 19, 2008, this Court denied the motions, holding

that "ASD has failed to demonstrate that its assets are not proceeds derived from unlawful activity" and that the "motion to dismiss is without merit." Memo. Op. [Dkt # 35] at 1.

The Government filed its Complaint for Forfeiture *in Rem* under 18 U.S.C. § 981(a)(1), which authorizes the forfeiture of any property that constitutes or is derived from proceeds traceable to "specified unlawful activit[ies]," including wire fraud, 18 U.S.C. § 1342. Compl. ¶ 1. The Government seized the funds in the bank accounts pursuant to warrants issued by a United States Magistrate Judge. *Id.* ¶ 5. On August 15, 2008, Thomas A. (Andy) Bowdoin, Jr., and Bowdoin/Harris Enterprises, Inc., filed verified claims for the Defendant real properties and funds seized by the Government. *See* Dkt. # 6. ASD separately filed a verified claim for the money from the Bank of America accounts. *See* Mot. for Return of Seized Funds [Dkt. # 7].

Thereafter, Mr. Bowdoin, Bowdoin/Harris Enterprises, and ASD filed a Motion for Leave to Withdraw Claims, Release of Claims to Seized Property and Consent to Forfeiture. *See* Dkt. # 39. Filed on January 13, 2009, this Motion stated:

> 1. Claimants withdraw and release with prejudice the verified claims they filed in this civil forfeiture action.
>
> 2. Claimants consent to the forfeiture of the properties for which they have asserted claims (*i.e.*, the real property at 8 Gilcrease Lane and the bank account balances at the Bank of America in the names of Thomas A. Bowdoin Jr., sole proprietor, d/b/a AdSurfDaily) and expressly announce their intention to not contest the government's forfeiture efforts against the properties for which they have asserted claims.

*Id.* at 2. As a result, the Government moved the Court to allow the Claimants to withdraw their claims and consent to forfeiture and to cancel the Initial Scheduling Conference set of January 30, 2009. *See* Unopposed Mot. to Cancel Initial Scheduling Hearing [Dkt. # 40]. The Government explained that it was "explor[ing] mechanisms to identify victims and losses attributable to the

AdSurfDaily and Golden Panda Ad Building Ponzi operations so that property sued because of its involvement in the fraud schemes . . . may be used to compensate the frauds' victims." *Id.* at 2. By Order issued on January 22, 2009, the Court granted the Claimants' motion and held that "Claimants' claims [Dkt. # 6] are deemed withdrawn." Order [Dkt. # 41] at 2.

Then the Court began to receive pleadings from various individuals; the pleadings have been entered on the docket as motions to intervene. These individuals appear to allege either that they were victims of one or both of the auto-surf frauds or victims of the Government's interference with their investment program. The first of these, filed on February 3, 2009, is representative and seems to be a "form" complaint inasmuch as the others are duplicates. It asserts:

> The Claimant . . . comes to this Court to present [itself]. An Innocent Owner Qualified Under 18 U.S.C. 983(e) For A Motion To Set Aside Forfeiture & Civil Asset Forfeiture Reform Act of 2000 As Facts & Law Will Prove. This Court has a Duty & Obligation To Obey These 2 Federal Statutes that fall under Article VI Supremacy Clause of the U.S. Constitution and where Any Violation Will Be A Civil Rights Violation among other Federal Statute Violations.
>
> . . .
>
> [FOR THE RECORD, UPON THE OATH OF OFFICE AND BOND OF THE COURT (CLERK, JUDGES, AND ALL OTHER OFFICERS OF THE COURT] I STANDING IN GOD's kingdom, accept for value and honor the Judges and Officers of the Court, particularly Judge Rosemary Collyer, U.S. Attorneys William Crowden and Jeffrey Taylor, their Oaths of Office without the UNITED STATES and each of you and I now have a Binding Private Contract "so help me God", that each of you will Protect and Defend ALL my God given and Constitutionally Declared Rights. **Any violation of a Binding Contract Is Subject To Legal Damages.**

*See* Mot. to Intervene by Pacific Ministry Of Giving, Int. at 1-2 [Dkt. # 43]. The gravamen of the motion is that all ASD members had a right to contract with ASD, none of them committed any crime, and the United States Attorney, in whose name the seizures were performed, had a duty to

return "all the innocent ownership interest assets to all ASD members if they were going to shut down ASD." *Id.* at 3 (lower case substituted). *See also* Dkt. ## 44, 45, 46, 61, 63, and 65.

On February 27, 2009, Mr. Bowdoin, proceeding *pro se*, filed a "Notice of Rescission and Withdrawal of Release of Claims to Seized Property and Consent to Forfeiture." *See* Dkt. # 47. Listing a series of alleged examples of "fraud, trickery and deceit," that document asserts: "THEREFORE, this rescission is now legally accomplished as a matter of law." *Id.* at 4. Of course, it is not that simple to overcome a Court Order, but that issue is for another day. Mr. Bowdoin filed additional motions of one sort or another, his counsel withdrew from the representation, and, informed that corporations cannot be represented by a *pro se* litigant, he has now retained new counsel for himself and the two corporations. The Court mentions these other activities only because they bear on the Government's ability to "compensate the frauds' victims" as it intends.

## II. LEGAL STANDARDS

An applicant may intervene as of right when the applicant (1) makes a timely motion; (2) has an interest relating to the property or transaction which is the subject of the action; (3) is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest; and (4) where the applicant's interests are not adequately represented by the existing parties. *See* Fed. R. Civ. P. 24(a); *see also Sierra Club v. Van Antwerp*, 523 F. Supp. 2d 5, 6 (D.D.C. 2007). A court, in its discretion, also may permit intervention where the applicant (1) makes a timely motion; (2) has a claim or defense; and (3) that claim or defense shares with the main action a common question of law or fact. *See* Fed. R. Civ. P. 24(b); *see also EEOC v. Nat'l Children's Ctr.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998).

"[B]ecause an intervenor participates on equal footing with the original parties to a

suit, a movant for leave to intervene under Rule 24(a)(2) must satisfy the same Article III standing requirements as original parties." *Building & Constr. Trades Dep't v. Reich*, 40 F.3d 1275, 1282 (D.C. Cir. 1994). It is less clear that standing is required for permissive intervention under Rule 24(b). *In re Vitamins Antitrust Class Actions*, 215 F.3d 26, 31 (D.C. Cir. 2000). Where standing is required, a plaintiff must establish: "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

### III. ANALYSIS

"Civil forfeiture actions are brought against property, not people. The owner of the property may intervene to protect his interest." *United States v. All Funds in Accounts (Banco Espanol de Credito)*, 295 F.3d 23, 25 (D.C. Cir. 2002). "Because civil forfeiture is an *in rem* proceeding, the property subject to forfeiture is the defendant. Thus defenses against the forfeiture can be brought only by third parties, who must intervene." *United States v. One-Sixth Share of James J. Bulger in [Lottery Proceeds]*, 326 F.3d 36, 40 (1st Cir. 2003). These Motions represent an effort to accomplish such intervention.

Congress has required a would-be intervener to establish, by filing a timely verified claim to some or all of the defendant property, that the claimant has an interest in some portion of, or all of, the particular defendant property. *See* Supp. R. Adm. or Mar. Cl. & Asset Forfeiture

Actions G(5)[1]; 18 U.S.C. § 983(a)(4)(A). Compliance with these requirements gives rise to "statutory standing." *See United States v. Property Identified as $88,260.00 in United States Currency*, 925 F. Supp. 838, 841 (D.D.C. 1996) ("A verified claim in a forefeiture action *in rem* must be filed by the claimant in order for the claimant to acquire 'statutory standing.'"); *United States v. One 1990 Mercedes Benz 300CE*, 926 F. Supp. 1, 3 (D.D.C. 1996).

It is not clear from the pleadings whether the individuals filing the Motions made timely claims against the defendant monies. Moreover, claimants have failed to demonstrate that they have a cognizable interest in the monies to be forfeited. Fraud victims who voluntarily transfer their property to their wrongdoers do not retain a legal interest in their property; instead, such victims acquire a debt against their wrongdoers. *See United States v. Agnello*, 344 F. Supp. 2d 360, 372 (E.D.N.Y. 2003) (finding that standing in a civil forfeiture action requires a showing of an ownership interest in the forfeited property, not merely a right to payment); *United States v. $3,000 in Cash*, 906 F. Supp. 1061, 1065 (E.D. Va. 1995) (claimant/victim could trace his money to seized bank account but title to the money passed to perpetrator, making claimant an unsecured creditor without standing).[2] The generalized legal interest movants may have in the assets of ASD does not equate to the necessary particularized interest in any specific asset of ASD required for standing. *See* 18

---

[1] "A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must: (A) identify the specific property claimed; (B) . . . state the claimant's interest in the property; [and] (C) be signed by the claimant under penalty of perjury[.]"

[2] The same standing rule has been applied in ancillary proceedings in criminal forfeiture cases. *United States v. BCCI Holdings (Luxembourg) S.A. (Final Order of Forfeiture and Disbursement)*, 69 F. Supp. 2d 26, 59 (D.D.C. 1999) (person who voluntarily transferred his property to defendant is no longer owner of that property; his ability to trace his property to defendant's assets is irrelevant; therefore, victims who transferred their property to defendant were merely unsecured creditors, not owners of forfeited property).

U.S.C. § 983(d)(6)(B)(I) ("the term 'owner' does not include (i) a person with only a general unsecured interest in, or claim against, the property or estate of another . . . ."). To the extent they have not satisfied these basic requirements — that is, timeliness and a showing of interest in the defendant property — movants lack statutory standing to submit any claim here.

The proposed intervenors also need constitutional standing to proceed; that is, there must be a live case or controversy between the parties. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "The term 'statutory standing' relates to a claimant's ability to show that he has satisfied whatever statutory requirements Congress has imposed for contesting a civil forfeiture action in federal court, while "Article III standing' [or 'constitutional standing'] relates to the claimant's ability to show that he has a sufficient interest in the property to satisfy the case-or-controversy requirement of Article III of the Constitution." Cassella, Stefan D., *Asset Forfeiture in the United States: A Treatise on Forfeiture Law*, § 0-4 at 22-23 (2006). In other words, in a civil forfeiture case, a claimant's constitutional standing "turns upon whether the claimant has a sufficient interest in the property to create a case or controversy." *United States v. Real Property Located at 5208 Los Franciscos Way*, 385 F.3d 1187, 1191 (9th Cir. 2004). A claimant also must demonstrate an injury by establishing either an ownership or lesser possessory interest in the property. *United States v. $114,031.00 in U.S. Currency*, 284 Fed. Appx. 754, 756 (11th Cir. 2008) (unpublished). Showing a real or imminent injury is essential to establish constitutional standing. *United States v. Cambio Exacto, S.A.*, 66 F.3d 522, 527 (2nd Cir. 1999).

As explained with respect to statutory standing, the movants do not have a cognizable interest in the defendant property. They allege in the Motions that they have an interest in the

property as "innocent owners" under 18 U.S.C. § 983; however, the statute specifically defines an owner as "a person with an ownership interest in the specific property sought to be forfeited, including a leasehold, lien, mortgage, recorded security interest, or valid assignment of an ownership interest; and (B) does not include . . . a person with only a general unsecured interest in, or claim against, the property or estate of another." 18 U.S.C. § 983(d)(6). Thus, movants lack constitutional standing because they have no interest sufficient to create a claim or controversy and, thus, they cannot intervene in this matter as of right. Similarly, they have not demonstrated that they have a claim or defense available to them such that the Court should allow permissive intervention pursuant to Rule 24(b).

Finally, it should be noted that to the extent movants were the victims of fraud, they are not without remedy. Under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. 981 *et seq*., the Government may use the forfeiture laws to recover property for the benefit of crime victims. Specifically, the Attorney General has the authority under 18 U.S.C. § 981(e)(6) to restore forfeited property "to any victim of the offense giving rise to the forfeiture." As the Government notes in its brief:

> If persons with civil causes of action against wrongdoers had the right to litigate their claims in forfeiture proceedings, forfeiture cases would become forums for general civil litigation of all manner of claims involving wrongdoers. Forfeiture would cease to be an effective tool of federal law enforcement; federal prosecutors would, in every case, have to weigh the benefits of pursuing assets and seeking their forfeiture against the prospect of being dragged into potentially unlimited civil litigation over torts, contracts, and other theories of liability beyond the ken of federal law enforcement.

Pl.'s Opp'n at 6. The remedies available under CAFRA are designed to prevent this by compensating crime victims without added burdens on the civil litigation system.

## IV. CONCLUSION

The movants lack the standing required to intervene of right in this matter and have no available claim or defense such that the Court will allow discretionary intervention. The motions to intervene must be denied. An memorializing Order accompanies this Memorandum Opinion.

Date: July 16, 2009                                           /s/
                                                     ROSEMARY M. COLLYER
                                                     United States District Judge