Christian Oesch
℅ 1042 E. Fort Union Center #370
Midvale, UT 84047
Tel: (208) 474-8386

Atty. In Fact



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ( CASE NO: 1:08-cv-01345 |
| Plaintiff | ( H.E.R.S, LTD, INNOCENT ( OWNER QUALIFIED UNDER 18 U.S.C. |
| vs. | ( SEC 983 (e) FOR A MOTION TO SET ( ASIDE FORFEITURE & CIVIL ASSET |
| Human Economic Resource Solutions LTD Qualified Innocent Owner Defense Under 18 U.S.C. Sec. 983 ASD#28859 | ( FORFEITURE REFORM ACT OF 2000 ( AS FACTS & LAW WILL PROVE ( ( |
| Claimant | ( Judge: Rosemary Collyer ( |

The Claimant Human Economic Resource Solutions LTD comes to this Court to present H.E.R.S. LTD, Innocent Owner Qualified Under 18 U.S.C. 983 (e) For A Motion To Set Aside Forfeiture & Civil Asset Forfeiture Reform Act Of 2000 As Facts & Law Will Prove. This Court has a Duty & Obligation To Obey These 2 Federal Statutes that fall under Article VI Supremacy Clause of the U.S. Constitution and where Any Violation Will Be A Civil Rights Violation among other Federal Statute Violations.

State of Utah
County of Salt Lake City, SS:

Christian Oesch, President of Human Economic Resource Solutions LTD being first duly cautioned and sworn, under penalty of perjury, deposes and says as follows:

**Commerce, Civil Rights, and Anti-Trust Violations that includes Criminal RICO where 2 or more people Extort Money from a U.S. Citizen.**

### IRREFUTABLE LEGAL EVIDENCE AGAINST THE U.S. ATTORNEYS & JUDGES

#1. Christian Oesch Attorney In Fact for H.E.R.S. LTD, set out to Prove Beyond Any Legal Doubt that the ASD Members had a Constitutional Right To Make a Contract With ASD, thus giving the U.S. Government & Judge Collyer No Legal Authority or Jurisdiction to Interfere With Commerce under 18 U.S.C. Sec. 1951 or the Constitutional Rights of the ASD Members. **This was accomplished by sending by Return Receipt with a "Demand For Legal Evidence Affidavit" to William Crowden, Assist. U.S. Atty., Jeffrey Taylor, U.S. Atty., and Roy Dotson, Special Agent, U.S. Secret Service giving them 7 Days to present Legal Evidence that the Statements Made in the Demand For Legal Evidence including the Listed Constitutional Rights WERE FALSE. The Demand for Legal Evidence were part of Notarized Affidavits and clearly stated "Your Silence will be an Admission that you do not have the Legal Evidence." Under Fed. Rule 4, a Return Receipt Is Evidence of a Contract and Acts As An Estoppel after a Willing Default. Atty. Crowden, Taylor, & Agent Dotson Knowingly, Willingly Defaulted because they had No Legal Evidence or believed they were above the law. Attorneys & Judges Are Not Above The Law. A Lawful Default Is a Lawful Default.**

#2. Curtis Richmond prepared and mailed "Curtis Richmond ASD Member With a Third Party Financial Interest Filing An Amicus Curie Motion To Dismiss Case Affidavit." Because Of 19 Notarized Affidavits In Support" Proving Plaintiff Failed To State A Claim & Is Guilty Of Fraud Upon The Court Under Fed. Rule 60 (b) to the Court.

These 20 Notarized Affidavits were Received on Nov. 6, 2008 and were Never Filed as required Under Notice to Clerk of Court Nancy Mayer-Whittington under Title LXX – Crimes – CH. 4 Crimes Against Justice Sec. 5403, 5407, & 5408. (See Exhibit of Notice To Clerk) <u>This Notice To Clerk of Court that includes Any Officer of the Court (Judges) that Are Guilty of Failure To File 20 Notarized Affidavits times 3 Felony Statutes or 60 Felony Violations</u> calling for up to 12 years in Prison Per Affidavit that Was Not Filed As Required By Statute. **For absolute Evidence of this Failure To File 20 Affidavits as soon as the Affidavits were received, Judge Collyer sat on the Motion To Dismiss & the 20 Notarized Affidavits for approximately a week before Ruling on the ASD Attorneys Motion To Dismiss that had No Notarized Affidavits As Proof Of No Legal Evidence of the U.S. Attorney's Charges. Then the final and arrogant Admission of Guilt of Failure To File an Affidavit as Required By Statute, Judge Collyer had the Clerk of the Court Return All Of The Motion To Dismiss Affidavits including the 19 Demand For Legal Evidence Notarized Affidavits In Support to Curtis Richmond. This is like having 21 Witnesses to a Murder. Judge Collyer Is Guilty As Charged because she Totally Ignored the Fact that the Demand For Legal Evidence Was a Defaulted Contract that provided Irrefutable Legal Evidence that Curtis Richmond's Motion To Dismiss Affidavit With 19 Notarized Demand For Legal Evidence Affidavits gave Judge Collyer No Legal Authority or Jurisdiction to do anything but to Grant Curtis Richmond's Motion To Dismiss under Civil Asset Forfeiture Reform Act of 2000 & 18 U.S.C. Sec. 983 General Rules For Civil Forfeiture Proceedings. (See Exhibits Civil Asset Forfeiture Reform Act of 2000 & 18 U.S.C. Sec. 983)**

**Even though it would have been a Void Judgment and a Violation of her Judicial Oath to Support and Defend the U.S. Constitution, Judge Collyer could have avoided the Criminal Charges of Failure To File Notarized Affidavits by Filing the Motion To Dismiss Affidavit with its 19 Notarized Affidavits as Exhibits in Support. Then the Affidavits would have been On The Record. By the Clerk of the Court and the Judge removing the 20 Notarized Affidavits from the Clerk of the Court's possession, both Are Guilty of Violating Sec. 5403, 5407, & 5408 among other Felony Violations to be listed below.**

#3. Curtis Richmond mailed "Curtis Richmond ASD Member With A Third Party Financial Interest Filing a Petition To Vacate A Void Judgment Under Fed. Rule 60 (b) Where Void Judgments Can Be Attacked At Anytime In Any Court." **This was obviously Any Time In Any Court.** Chief Judge Royce Lamberth became a Co-Conspirator when he tried to label a "Petition To Vacate a Void Judgment" as a New Case. <u>The Title of the Case & the Case # were clearly typed as currently shown in the ASD Case that is still Open & Active.</u> Either Judge Lamberth is unbelievably Biased, believing he is Above The Law, or he does not know how to read the English Language. Both Judges Collyer and Lamberth have clearly shown Extreme Bias and their refusal to Obey Their Judicial Oath that "Disqualifies Them according to the U.S. Supreme Court. (See Disqualification of Judges) **Providing Absolute, Irrefutable Legal Evidence of Fraud Upon The Court & Failure To File a Notarized Affidavit by Judge Royce Lamberth & Clerk of the Court, Curtis Richmond's Petition To Vacate a Void Judgment Affidavit Was Returned to Curtis Richmond Without Being Filed As Required By Sec. 5403, 5407, & 5408. In support of the Petition To Vacate a Void**

**Judgment was an Exhibit titled "No Judge can use discretion outside the Law."**

**Both Judges Collyer & Lamberth ignored these statutes showing Extreme Bias.**

**They also fulfilled Black's Law Dictionary Definition of a Kangaroo Court. The Petition To Vacate a Void Judgment contained Irrefutable Legal Evidence of Judge Collyer's Denial of Curtis Richmond's Motion To Dismiss Being a Void Judgment.**

Under Fed. Rule 4, the Return Receipt can be Evidence of a Default Contract. The following are legal citations proving that Non Rebutted Affidavits Are Affidavits of Truth. The U.S. Supreme Court Ruled a Non Rebutted Affidavit Is "Prima Facie Evidence in the Case."

United States v. Kis, 658 F.2d, 526, 536-537 (7th Cir. 1981); Cert. Denied, 50 U.S.L.W. 2169; S.Ct. March 22, 1982. "Indeed, no more than (Affidavits is necessary to make a Prima Facie Case."
Seitzer v. Seitzer, 80 Cal. Rptr. 688 "Uncontested Affidavit taken as true in Support of Summary Judgment."
Melorich Builders v. The SUPERIOR COURT of San Bernardino County (Serbia) 207 Cal. Rptr. 47 (Cal.App.4 Dist. 1984. "Uncontested Affidavit taken as true in Opposition of Summary Judgment."

> **Law Notes:** 1. Silence constitutes acquiescence and it can equate to fraud for one who has the duty to respond.
>
> 2. Silence constitutes an implied representation of the existence of the state of facts in question and will operate as an estoppel.
>
> 3. "Silence can only be equated with fraud when there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading." U.S.v. Tweel, 550 F.2d. 297, 299 (5th Cir. 1977), quoting U.S. v. Prudden, 424 F.2d 1021, 1032 and Carmine v. Bowen, 64 A. 932 (1906)
>
> 4. "He who is silent when conscience requires him to speak shall be debarred from speaking when conscience requires him to be silent." Seaboard Air Line Railway Co. v. D.A. Dorsey, 1932.Fl.40867, 149 So. 759 (1932)
>
> 5. Federal Rules of Evidence Rule 301 provides for "Admission by silence."

**The Previous Legal Citations provide Irrefutable Evidence that the U.S. Attorney & Judge Collyer Knowingly, Willingly Defaulted and the Demand For Legal Evidence Proved the ASD Members had a Constitutional Right To Make a**

**Contract under Fed. Rule 4 as well as having an "Innocent Owner's Defense" under 18 U.S.C. Sec. 983(d).** The Demand For Legal Evidence Affidavits provide Absolute Legal Evidence that the U.S. Attorney had No Legal Evidence of a Ponzi Scheme existing at the time of the Freezing & Seizure of ASD Assets. <u>Any Statement About a Possible Future Violation Would Be Only The Opinion Of An Atty. That Is Not Admissible As Evidence In Court, so sayeth the U.S. Supreme Court.</u> Without "Preponderance of Evidence" At The Time of the Freezing & Seizure, the Freezing & Seizure that has continued since around Aug. 1, 2008 has been a Willful Violation of ASD Member Constitutional & Civil Rights <u>that includes the Civil Asset Forfeiture Reform Act of 2000 & 18 U.S.C. Sec. 983.</u> **Since the U.S. Atty. could not present Any Court Order giving him Authority to Seize the $40 million of Cashier Checks and deposit them in an Account Of His Choosing, he is Guilty of Misappropriation Of Funds as a minimum and very possibly Embezzlement. The Demand For Legal Evidence Affidavits Demanded Legal Evidence for Each Allegation in the Complaint. By not being able to present Any Legal Evidence, the U.S. Atty. had No Claim, thus Judge Collyer Was Required By Law To Dismiss the Case For Lack of Evidence.**

  **The key to the whole ASD Member Defense is the Constitutional Right to Make a Contract and 18 U.S.C. Sec. 983. Under Fed. Rule 4, the Return Receipts become Evidence of a Contract. When one Knowingly, Willingly Defaults on Legal Documents & Agreements, there are Absolute Legal Consequences under 18 U.S.C. Sec. 983 where ASD Members "Ownership Interest Money MUST Be Returned." That is what should have happened with the Demand For Legal Evidence. <u>The</u>**

**Legal Evidence above proves that Silence or Acquiescence acts as an Estoppel and why Judge Rosemary Collyer is required under Law to Grant P.M.G. Int.'s Motion To Set Aside Forfeiture Under 18 U.S.C. Sec. 983.**

**Judge Rosemary Collyer, the Clerk of the Court Nancy Mayer Whittington, and U.S. Attorneys William Cowden & Jeffrey Taylor Have Been Guilty of Interference With Commerce 18 U.S.C. Sec. 1951.**

**18 U.S.C. Sec. 1951 Interference With Commerce by threats or violence.**

(a) Whoever in any way or degree obstructs, delays, or affects Commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspiring so to do, or commits or threatens physical violence to any person or **Property** in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisonment nor more than twenty years or both.

(2) The term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.

(3) The term "commerce" means commerce within the District of Columbia, or any Territory or Possession of the United States; all commerce between any point in a state, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same state through any place outside such state; and all other commerce over which the United States has Jurisdiction.

### U.S. ATTORNEYS HAD DUTY & OBLIGATION TO OBEY CIVIL ASSET FORFEITURE REFORM ACT OF 2000

(See 4 Page Exhibit from Expert Witness Chief of the Rules Committee Support Office of the Administrative Office of U.S. Courts John Rabiej) Civil Forfeiture shifts the Burden of Proof to the U.S. Government who must prove its Claim Under a Preponderance Of Evidence. This was established under the Civil Asset Forfeiture Act of 2000. Under this Act of 2000 and 18 U.S.C. Sec. 983(d) "An Innocent Owner's Interest In Property Shall Not Be Forfeited Under Any Forfeiture Statute." ASD Members had a Valid Contract with ASD, but were totally unaware of the Day To Day Operation Of

ASD. Without a "Preponderance of Evidence" of Knowledge and Participation by the ASD Members of any Illegal Acts which is not available, the ASD Members Are Innocent Owners with an Ownership Interest. <u>As a result, the U.S. Government has No Legal Authority to Steal ASD Members' Ownership Interest as of Aug. 1, 2008 because they had an Innocent Ownership Interest that MUST Be Returned According to Federal Statute. By Definition, an "Ownership Interest" includes both the Principal Amount & Any Profit Accumulated as of Aug. 1, 2000. The U.S. Government has No Legal Claim To Any ASD Money Until After the ASD Member Claims Have Been Satisfied according to 18 U.S.C. Sec. 983.</u>

## U.S. ATTORNEYS VIOLATED 18 U.S.C. 983
### General Rules For Civil Forfeiture Proceedings

<u>Under (A) (i) "Government is required to send Written Notice to Interested Parties, such Notice shall be sent in a manner to achieve Proper Notice as soon as practicable, and in No Case More Than 60 days after the Date of the Seizure."</u> **It has now been over 6 months since the Seizure of ASD Assets and the U.S. Government Has Not Notified the required "Interested Parties" that are the Innocent ASD Membership Owners who had an Innocent Ownership Interest as of Aug. 1, 2008.**

<u>Under (A) (F) "If the Government does not send Notice of a Seizure of Property in accordance with subparagraph (A) to the person from whom the Property Was Seized, and no extension of time is granted, the Government shall return the property to that Person ..."</u> **The ASD Members who had an Ownership Interest have not been Notified. It is time for the U.S. Government to Return the ASD Ownership Interest as of Aug. 1, 2008 as soon as possible. For Christian Oesch, President of Human Economic Resource Solutions LTD, and that amount was around $54,055 on July 22, 2008.**

<u>Under (2) (A) "Any person claiming Property Seized in a non judicial Civil Forfeiture proceeding under a Civil Forfeiture Statute may File a Claim with the appropriate Official After the Seizure."</u> **This proves ASD Members have a Lawful Right to Make & File a Claim as well as to Receive Their Ownership Interest.**

<u>On Page 4 of 18 U.S.C. Sec. 983 (c) "Burden of Proof (1) The Burden of Proof is on the Government to establish, by a Preponderance of the Evidence that the Property is subject to Forfeiture."</u>

<u>On Page 4 (d) Innocent Owner Defense. (1) "An innocent Owner's Interest in Property SHALL NOT Be Forfeited under Any Civil Forfeiture Statute.</u> The Claimant shall have the Burden of proving that the Claimant is an Innocent Owner by a Preponderance of the Evidence." <u>The 20 plus Non Rebutted & Notarized Demand For Legal Evidence Affidavits are Prima Facie Evidence that the U.S. Atty. has No Legal Evidence against the ASD Members</u> who had a Valid Contract and Ownership Interest in ASD. The Amount of Ownership Interest is in the Seized Computers as of Aug. 1, 2008.

<u>On Page 6 (e) Motion To Set Aside Forfeiture. (1) "Any person entitled to Written Notice in any non judicial civil forfeiture proceeding under a Civil Procedure Statute who does not receive such notice may file a Motion To Set Aside a Declaration of Forfeiture with respect to that person's interest in the property, which motion shall be granted if-"</u> (A) "The Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with Notice;" (2) (A) "Notwithstanding the expiration of any applicable statute of limitations, if the court grants a motion under paragraph (1), the court shall set aside the declaration of forfeiture as to the Interest of the Moving Party without prejudice to the right of the Government to commence a subsequent forfeiture proceeding as to the interest of the moving party." Curtis Richmond filed a Motion To Dismiss, similar to a Motion To Set Aside Forfeiture, but Judge Collyer Denied the Right To File. She also Denied a Petition To Vacate a Void Judgment Under Rule 60(b). By not allowing these two pleadings to be Filed and heard was clear Evidence of Extreme Bias & Abuse of Discretion as the Facts Relate To & Violate 18 U.S.C. Sec. 983 and a clear Violation of 18 U.S.C. Sec. 1951 Interference With Commerce, a Felony.

<u>(f) Release Of Seized Property- (1) "A claimant under subsection (a) is entitled to Immediate Release of Seized Property if-"</u> (A) "The claimant has a possessory interest in the property;" (C) "The continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the Claimant," (D) "The Claimant's likely hardship from the continued possession by the Government outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred it if is returned to the Claimant during the pendency of the proceeding;"

<u>(5) "The court shall render a decision on a Petition filed under paragraph (3) not later than 30 days after the date of the filing."</u> Curtis Richmond filed both a Motion To Dismiss relating to ASD Members and a Petition To Vacate a Void Judgment, but Judges Collyer & Lambert would not allow either Pleading to be Filed, thus Violating the ASD Members Constitutional Right of Due Process plus Violating 18 U.S.C. Sec. 1951 Interference With Commerce. Neither Judge mentioned to the Pro Se Litigant that a Claimant Motion needed to be filed as a Motion to Set Aside Forfeiture under this section of 18 U.S.C. Sec. 983 as required by U.S. Supreme Court regarding treatment of Pro Se Litigant Procedural Errors.

**CONCLUSION:** I firmly believe that the Facts and Law included in the Non Rebutted Notarized Affidavits, the Civil Asset Forfeiture Reform Act of 2000, 18 U.S.C. Sec. 983, and this Motion To Set Aside Forfeiture provide Irrefutable Legal Evidence of the Claimant's Legal Right under 18 U.S.C. Sec. 983 to have this Motion To Set Aside the Innocent Ownership Interest of Human Economic Resource Solutions LTD in ASD as of Aug. 1, 2008 to be Granted.

If this Motion To Set Aside Forfeiture Is Not Granted as it is so clearly Ordered and Authorized in 18 U.S.C. Sec. 983 above and H.E.R.S. LTD. Innocent Ownership Interest Is Not Returned within 30 days, All Co-Conspirators In Any Denial of the H.E.R.S. LTD. and/or Christian Oesch Secured Party Ownership Interest being Returned according to 18 U.S.C. Sec. 983 Will Be Held Personally Liable Because They Will Be Acting In Their Personal Capacity instead of their Official Capacity. This Personal Liability can be obtained through a Lawful Expressed Administrative Hearing and then an Anti-Trust Civil Lawsuit which includes Interference With Commerce under 18 U.S.C. Sec. 1951, Civil Rights, and RICO. All of these Statutes fall under a Civil Anti-Trust Lawsuit. Justice is going to be Served either quickly and painlessly or the Hard and Expensive Way if the Co-Conspirators believe they are Above the Law. 18 U.S.C. Sec. 983 Speaks Loud and Clear.

**Reserving ALL Natural GOD-Given Unalienable Birthrights and Waiving None of the Liberties grant by Almighty God. 28 U.S.C. 1746.**

I declare under penalty of perjury the laws of the United States of America that the foregoing is true and correct.

Further Affiant sayeth naught

_____
Christian Oesch, Affiant
Atty. In Fact as President for
Human Economic Resource Solutions LTD

_____
Notary Public

Notary for the State of Utah
My Commission Expires 07/02/2014

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of the enclosed Motion To Set Aside Forfeiture according to 18 U.S.C. 983 was mailed on Feb. 25, 2009 upon the following:

William Crowden, Assist. U.S. Atty., DC Bar No. 426301
Chief Asset Forfeiture Unit
555 4th St. N.W.
Washington, D.C. 20530

Jeffrey Taylor, U.S. Atty. DC Bar No. 498610
United States Attorney's Office
555 4th St., N.W.
Washington, D.C. 20001

_____
Christian Oesch