UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 08-1345 (RMC) |
| ) | ECF |
| v. ) | |
| ) | |
| 8 GILCREASE LANE, QUINCY ) | |
| FLORIDA 32351, *ET AL.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

PLAINTIFF'S SUPPLEMENT TO ITS OPPOSITION TO
THOMAS A. BOWDOIN, JR.'S "RENEWED MOTION TO
RESCIND RELEASE OF CLAIMS"

Plaintiff, the United States of America, by its undersigned attorneys, respectfully submits this Supplement to plaintiff's Opposition to Thomas A. Bowdoin, Jr.'s "Renewed Motion to Rescind Release of Claims," that the government filed on September 24, 2009 (See Document #147).[1]

In neither Bowdoin's initial *pro se* request to re-enter this *in rem* forfeiture proceeding (Document #47), nor the renewed request prepared with the assistance of new counsel (Document #131), does Bowdoin establish good cause for relief from the Court Order, that Bowdoin requested, discharging him (in his personal, "doing business as ASD" and trust capacities) from this case. Recently, after the government filed its second Opposition to Bowdoin's effort to string this case along, however, Bowdoin provided a new "public" explanation for why he changed his mind.

---

[1]Because the government's Opposition was filed several days before it was due, and because this Supplement is also filed before a plaintiff opposition is due, the government has not sought to ascertain whether Bowdoin, the one-time claimant who seeks to re-enter this case, consents to filing of this Supplement to its Opposition.

Initially, Bowdoin enumerated seven reasons why, he suggested, he had decided to rescind and withdraw the January 2009 release of all claims. Specifically, Bowdoin suggested that this Court should permit him to reinstate his claim(s) because: (1) "[t]he procedures used to search and seize [the] property in the forfeiture were nonexistent"; (2) the claimants "were greatly influenced by legal counsel that was ineffective"; (3) the claimants were illegally intimidated, threatened and coerced by government agents and attorneys concerning potential prosecutions and sanctions against them"; (4) the claimants acted under severe duress and true feeling of protest"; (5) "government agents used fraud, trickery and deceit to . . . convince the claimants that the withdrawal and release of claims was their only option"; (6) "government agents and prosecutors acted in bad faith in deciding to use a civil investigation and forfeiture to gain information and evidence for a criminal indictment and conviction" and (7) "government agents and prosecutors have willfully and intentionally used an illegal forfeiture to destroy the business enterprise that has affected thousands of innocent purchasers with de minimus or non-existent harm to the public to punish the claimants." See Document #47. But, Bowdoin provided no facts, whatsoever, tending to support any of his supposed "reasons" for his "Notice of Rescission." Nor did he provide any law relevant to what appeared to be a request for relief from the Court's January 22, 2009 Order striking each of the claims he filed. See Document #41. Eventually, however, Bowdoin retained a new attorney who, apparently, agreed that Bowdoin's *pro se* effort was inept. Bowdoin's new counsel, Charles Murray, asked that Bowdoin's "Notice of rescission" be deemed withdrawn while Mr. Murray took some time "to aid Mr. Bowdoin . . . in understanding the legal standards applicable and the facts of the case that are germane." Document #66 at 2. Mr. Murray finally filed his motion to allow Mr. Bowdoin to reinstate his

claim (or possibly his claims) on September 14. See Document #131. In support of the new motion, Mr. Murray attached an affidavit from Bowdoin, and then separately filed another affidavit on September 15. See Document #132. In his renewed motion, Bowdoin suggest that his "reasonable reliance on faulty advice of counsel induced Bowdoin to abandon his legal rights without incentive. Serious derelictions by counsel for the basis for relief under Rule 60(b)." Document #131 at 7.

As the government pointed out in its Opposition to Document 131, Bowdoin's assertion – in his motion – that his prior criminal defense attorney misled Bowdoin into believing that he had a no-prison deal with the government before Bowdoin agreed to cooperate is belied by Bowdoin's sworn statements. Bowdoin says he released his claims because he was cooperating in order to possibly avoid prison. Bowdoin swears:

> Before meeting with Cowden, Dobson asked that I sign an agreement expressing my intent to cooperate with the Department of Justice and releasing the assets. I did that. Dobson represented to me that I could possibly avoid prison or get a reduced sentence if I agreed to disclose details concerning ASD and releasing assets. I agreed to cooperate and release the assets. I also signed a document stating that I would release my claims in the above-captioned civil in rem forfeiture proceeding, again thinking that necessary for a possible avoidance of a prison term. I did all of this on the understanding that by cooperating I could possibly avoid a prison sentence.

Document #131-2, 132 ¶8. In his renewed motion, Bowdoin no longer suggests that government misconduct or misrepresentations caused him to become uncooperative. Instead, Bowdoin and his new lawyer now blame Bowdoin's prior lawyers (mentioning only Mr. Dobson by name) – even though Bowdoin's affidavits prove that, at one time, Bowdoin was advised by Mr. Dobson that through cooperation Bowdoin might reduce his sentence. See Document #131-2, 132 ¶12. Bowdoin's apparent suggestion, in paragraph 15 of his affidavits, that he "came to understand

3

that [he] faced incarceration following a criminal action" is disproved entirely by Bowdoin's admission that Mr. Dobson told Bowdoin, before he decided to cooperate, that there was only "a possibility that [Bowdoin] would not be incarcerated or imprisoned." See Document #131-2, 132 ¶11. Bowdoin did not receive "faulty advice of counsel" (Document #131 at 7) and he did not "abandon his legal rights without incentive." Id. He agreed to come clean because he wanted to improve his posture. Later, he simply changed his mind. A change of mind is no basis for rescinding an order to which Bowdoin knowingly consented.

In a footnote to the Opposition that the government filed on September 24, 2009, it pointed out that Bowdoin's alleged reason for becoming uncooperative (my attorney misinformed me) was inconsistent with his own affidavit. The government also explained that Bowdoin provided no better details to support the requested relief. Recently, however, Bowdoin provided the missing details – not to this Court – but to ASD's former members. In a conference call Bowdoin made on September 21, 2009, Bowdoin gave the following reasons for having changed course. Bowdoin said:

> After our original law firm Ackerman had done all that they could do, they recommend that I get a criminal attorney. Now Ackerman law firm said that criminal charges would be the next step from the government. They recommended a firm in Tallahassee, who's the previous U.S. Attorney. I retained the firm, but after a few months, I was unhappy with their results. They wanted me to accept a plea deal that would not have been beneficial to everyone. So I terminated them and hired another attorney on the west coast of Florida.
>
> I have decided to stop talking with the government, and get before a jury to plead our case. And I believe that our present attorneys – with our present attorneys – that we can build a winning case. We have three expert witnesses that are willing to testify that our program was not a Ponzi. The government doesn't have any right to keep your money, and we want to get your money back, and we'd like to restart ASD. We'd be willing to tweak the program if the government desires, and those of you that'd like to restart with ASD, when you

4

get your money, you'd have the right to do so. Now I haven't hurt anyone.
We've only made money for our members. And ASD did not have a victim until
the government stepped in and crushed the company.

See Attachment A (transcript of Bowdoin's September 21, 2009 phone call). To this Court, Bowdoin insinuates that he was misled by his former attorney before agreeing to cooperate and to release claims. To the former members, however, Bowdoin proclaims that "after a few months" of cooperating he became "unhappy with [his prior attorneys'] results" and decided to stop cooperating because "it would not have been beneficial to everyone" for him to "accept a plea deal[.]" Remarkably, Bowdoin even suggests to those members participating in the conference call that the money taken from his bank accounts and, supposedly, never constituting an investment, belongs, not to Bowdoin, but to the membership.[2] It is clear that this con man cannot manage to keep his stories straight. It is also clear that the allegation Bowdoin makes in this Renewed Motion, that he released his claims to the defendant property only after he was misled by Mr. Dobson, is delusional.

---

[2] In Document #131, however, Bowdoin suggests that the money is his. Through new counsel, he states: " . . . Mr. Bowdoin's release in the above-captioned case is illogical. He received nothing of value for the release. Bowdoin has consistently demonstrated an intent to aggressively defend ownership of his property in the civil *in rem* forfeiture proceeding." Document #131 at 2 (underscore added).

## CONCLUSION

For the reasons set forth above, Thomas A. Bowdoin, Jr.'s Renewed Motion to Rescind Release of Claims (Document #131) and his Motion for Evidentiary Hearing (Document #141) should be denied.

Respectfully submitted,

_/s/_____
CHANNING D. PHILLIPS
Acting United States Attorney

_/s/_____
WILLIAM R. COWDEN, DC Bar #426301
Senior Trial Attorney, Department of Justice
(202) 307-1754
VASU B. MUTHYALA, DC Bar #496935
Assistant United States Attorney
U.S. Attorney's Office, Criminal Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7541

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Opposition to be served by means of the Court's ECF system on this 28th day of September 2009 upon all counsel of record.

_/s/_____
William R. Cowden