# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
| Plaintiff,        ) | Civil Action No. 08-1345 (RMC) |
| ) | ECF |
| v.        ) | |
| 8 GILCREASE LANE, QUINCY        ) | |
| FLORIDA 32351, *ET AL.,*        ) | |
| Defendants.        ) | |

### THOMAS A. BOWDOIN, JR.'S RESPONSE TO PLAINTIFF'S SUPPLEMENT TO ITS OPPOSITION TO THOMAS A. BOWDOIN, JR.'S "RENEWED MOTION TO RESCIND RELEASE OF CLAIMS"

Thomas A. Bowdoin, Jr., by counsel, responds to Plaintiff's Supplement to Its Opposition to Thomas A. Bowdoin, Jr.'s "Renewed Motion to Rescind Release of Claims" filed September 28, 2009. (*See* Document 148).

The Plaintiff appears to be determined to convince this Court that Mr. Bowdoin keeps changing his mind as to why the Court should allow rescind its January 22, 2009 order. The Plaintiff has supplemented its original opposition to Mr. Bowdoin's renewed motion to rescind the release of claims, adding allegations that are frivolous and circular, but as the Plaintiff once claimed about Mr. Bowdoin, contains no law.[1] Indeed, the Plaintiff's original opposition contained but one case, explaining the requirements for a Rule 60(b) motion. The Plaintiff provided the court with no law, then or now, applicable to Mr. Bowdoin's case.

---

[1] The Plaintiff admits that it did not seek Mr. Bowdoin's permission to file its Supplement to its original Opposition. Mr. Bowdoin has yet to give permission for this filing.

Instead, the Plaintiff attempts to obfuscate and derogate any and all statements made by Mr. Bowdoin.

Mr. Bowdoin did not file a new "public" reason for requesting a rescission. It is not difficult to believe that a person placed in Mr. Bowdoin's position, facing possible jail time at 74 years of age and losing the company he built up, would have put Mr. Bowdoin in a state of mind wherein he agreed to do what his attorney was telling him to do and what the government was urging him to do. It is at these particular times when it is critical for a citizen to have proper legal counsel and a full understanding of the import of any action taken.

The Plaintiff makes a point of stating that Mr. Bowdoin changes his story. Mr. Bowdoin has not done so. While Mr. Bowdoin may still believe that the government acted improperly, it is also completely appropriate for Mr. Bowdoin to also believe, rightfully, that his attorney was not giving Mr. Bowdoin the proper advice or providing Mr. Bowdoin with all of the necessary information with which to make the decision to sign the release of claims.

The Plaintiff takes great pains to provide the Court with a transcribed telephone call made by Mr. Bowdoin on September 21, 2009, in which Mr. Bowdoin states:

> After our original law firm Ackerman had done all that they could do, they recommend that I get a criminal attorney. Now Ackerman law firm said that criminal charges would be the next step from the government. So, they recommended a firm in Tallahassee, who' the previous U.S. Attorney. I retained the firm, but after a few months, I was unhappy with their results. They wanted me to accept a plea deal that would not have been beneficial to everyone. So I terminated them and hired another attorney on the west coast of Florida. (*See* Attachment to Document 148-2, filed September 28, 2009).

2

Given the turn of events, it is not surprising that Mr. Bowdoin was unhappy with his former attorney. It is not surprising that Mr. Bowdoin is angry with the government and his attorney. He signs a release of claims, and now the government is pursuing criminal charges.

The Plaintiff points to another paragraph in the telephone conversation in which Mr. Bowdoin states that he is determined to fight the criminal charges:

> I have decided to stop talking with the government, and get before a jury to plead our case. And I believe that our present attorneys – with our present attorneys – that we can build a winning case. We have three expert witnesses that are willing to testify that our program was not a Ponzi. The government doesn't have any right to keep your money, and we want to get your money back, and we'd like to restart ASD. We'd be willing to tweak the program if the government desires, and those of you that'd like to restart with ASD, when you get your money, you'd have the right to do so. Now I haven't hurt anyone. We've only made money for our members. And ASD did not have a victim until the government stepped in and crushed the company. (*See* Attachment to Document 148-2, filed September 28, 2009).

Mr. Bowdoin was doing what he truly must do at this point in time. He must protest his innocence and take the case to trial. The Plaintiff seems particularly intent in trying to persuade this Court that Mr. Bowdoin knew what he was doing and, strangely, should be happy with the position in which he currently finds himself.

Mr. Bowdoin is not happy. He did not receive proper counseling. Mr. Bowdoin should have been told from the very beginning that the government was not going to bargain with him. There was no mutual release wherein the government stated "no prosecution" or "no jail time." There was no mutual release wherein the government stated that it would argue for a reduced sentence. It was all smoke and mirrors, and Mr. Bowdoin's attorney did nothing to cut threw it.

3

A release of claims is usually accompanied by an agreement by the government. *See Gonzalez v. Kokot*, 314 F.3d 311 (C.A.7.Ind.,2002) (Before enforcing a release-dismissal agreement, releasing civil claims in exchange for dismissal of criminal charges, a court must find that the agreement was voluntary, that there was no evidence of prosecutorial misconduct, and that enforcement of this agreement would not adversely affect the relevant public interests.); *MacBoyle v. City of Parma*, 383 F.3d 456 (C.A.6.Ohio,2004) (A "release-dismissal agreement," whereby a criminal defendant releases his right to file a civil rights action in return for a prosecutor's dismissal of pending criminal charges, is generally enforceable if (1) it was entered into voluntarily, (2) there is no evidence of prosecutorial misconduct, and (3) the enforcement furthers the public interest.); *Penn v. City of Montgomery, Alabama*, 273 F.Supp.2d 1229 (M.D.Ala.N.Div.,2003) (In evaluating validity of plaintiff's release of § 1983 claims against city and its officers for police misconduct in exchange for dismissal of plaintiff's domestic violence charge, District Court would examine whether defendants had sufficiently shown that agreement was enforceable because (1) it was voluntary; (2) there was no evidence of prosecutorial misconduct; and (3) enforcement of agreement would not adversely affect the relevant public interests.).

In each of these case, and certainly hundreds of others, the release of claims was accompanied by an agreement to dismiss the charges. In Mr. Bowdoin's case, he released his claims and received nothing in return. Mr. Bowdoin signed a release of claims in the civil action, thinking that it was an exchange for the government possibly foregoing criminal charges. Clearly, the government had no intention of doing so. Thus, the Plaintiff received

a release of claims but gave nothing in return. There was no consideration for Mr. Bowdoin's release of claims.

The Sixth Circuit carefully reviews certain factors in determining the validity of a release in a federal cause of action:

> Federal common law controls the validity of a release of a federal cause of action. *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1481 (6th Cir.1989). For discrimination cases, the Sixth Circuit uses a balancing test to determine whether a settlement agreement was entered into knowingly and voluntarily. We consider the following factors: (1) Nicklin's experience, background, and education; (2) the amount of time Nicklin had to consider the release, including whether he had the opportunity to consult with a lawyer; (3) the clarity of the release; (4) the consideration for the release; and (5) the totality of the circumstances. *See Adams v. Philip Morris, Inc.,* 67 F.3d 580, 583 (6th Cir.1995).

*Nicklin v. Henderson*, 352 F.3d 1077, 1080 (C.A.6 (Ky.),2003).

Note that the court looks to the consideration for the release. In the present case there was no consideration at all.

The Sixth Circuit also considers the totality of the circumstances. During the entire time the government was demanding the release of claims from Mr. Bowdoin, the specter of criminal prosecution was hanging over a 74-year old man's life. This was a frightening and difficult time for Mr. Bowdoin, whose attorney kept telling him to sign the release and there was a "possibility" of no jail time. The government knew this. The government knew there was no consideration for the release of claims. Mr. Bowdoin's attorney should have been completely forthright with Mr. Bowdoin. He was not.

The Plaintiff, for five straight pages, argues that Mr. Bowdoin said this, and Mr. Bowdoin said that, or Mr. Bowdoin did this or Mr. Bowdoin did that. However, not once in

5

five pages, does the Plaintiff provide this Court with <u>any</u> law on the matter.  The Plaintiff's position is indefensible.

## Conclusion

   For the reasons stated above, Mr. Bowdoin's Renewed Motion to Rescind Release of Claims and his Motion for Evidentiary Hearing should be granted.

October 7, 2009                Respectfully submitted,

                  THOMAS A. BOWDOIN, JR.

           By: _____
                 Charles A. Murray, Esq.
                 27911 Crown Lake Blvd., Suite 223
                 Bonita Springs, FL 34135-4218
                 Phone: 239-649-7773
                 Fax:   239-262-3517
                 Email: charles@camurraylaw.com

                 *Counsel to Thomas A. Bowdoin, Jr., and AdSurfDaily, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing has been furnished via, email and regular First Class U.S. Mail to William R. Cowden and Vasu B. Muthyala, Assistant United States Attorneys, Asset Forfeiture Unit, 555 4th Street, N.W., Washington, D.C. 20530 this 8th day of October, 2009.

_____
Charles A. Murray, Esq.
Attorney for the Claimants
Thomas A. Bowdoin, Jr. and AdSurfDaily