## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 08-1345 (RMC)** |
| | ) | |
| **8 GILCREASE LANE, QUINCY** | ) | |
| **FLORIDA 32351,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | **ECF** |

### AFFIDAVIT IN SUPPORT OF DEFAULT

I hereby certify under penalty of perjury, this 13th day of November, 2009, that I am counsel of record for plaintiff, the United States of America, in the above-entitled case; that on August 5, 2008, plaintiff commenced this forfeiture action *in rem* against certain defendant properties, among which are:

(1) 8 Gilcrease Lane, Quincy, Florida 32351; and

(2) One Condo Located On North Ocean Boulevard In Myrtle Beach, South Carolina; and,

(3) All Funds, Including Approximately $53 Million, Held On Deposit At Bank Of America Accounts In the Name Of Thomas A. Bowdoin, Jr., Sole Proprietor, DBA AdSurfDaily.

Further, the *in rem* defendant properties are more particularly described as:

### 1. **8 Gilcrease Lane**

A TRACT OF LAND LYING IN LOT 76 OF THE LITTLE RIVER SURVEY IN THE FORBLS PURCHASE IN GADSDEN COUNTY, FLORIDA, MORE PARTICULARLY DESCRIBED AS FOLLOWS: FOR A POINT OF REFERENCE, BEGIN AT A TERRA COTTA MONUMENT LOCATED AT THE INTERSECTION OF THE WEST LINE OF SAID LOT 76 AND THE EASTERN RIGHT OF WAY OF STATE ROAD 65-C; THEN GO 698.72 FEET ALONG A CURVE IN SAID RIGHT OF WAY (SAID CURVE BEING CONCAVE SOUTHWESTERLY WITH A RADIUS OF 4633.75 FEET, AN INTERIOR ANGLE OF 08 DEGREES 38 MINUTES 23 SECONDS, A CHORD LENGTH OF 698.06 FEET, AND A CHORD BEARING OF SOUTH 32 DEGREES 08 MINUTES 42

SECONDS EAST) TO A SRD RIGHT OF WAY MONUMENT; THEN GO SOUTH 27 DEGREES 41 MINUTES 40 SECONDS EAST FOR 929.06 FEET ALONG SAID RIGHT OF WAY TO A SRD R/W MONUMENT AT A POINT OF CURVATURE; THEN GO 661.41 FEET ALONG A CURVE IN SAID RIGHT OF WAY (SAID CURVE BEING CONCAVE NORTHEASTERLY WITH A RADIUS OF 17,138.80 FEET, AN INTERIOR ANGLE OF 02 DEGREES 12 MINUTES 40 SECONDS, A CHORD LENGTH OF 661.36 FEET, AND A CHORD BEARING OF SOUTH 28 DEGREES 48 MINUTES 00 SECONDS EAST) TO A SRD R/W MONUMENT; THEN GO SOUTH 29 DEGREES 54 MINUTES 20 SECONDS EAST FOR 1160.67 FEET ALONG SAID RIGHT OF WAY TO A SRD R/W MONUMENT AT A POINT OF CURVATURE; THEN GO 615.27 FEET ALONG A CURVE IN SAID RIGHT OF WAY (SAID CURVE BEING CONCAVE NORTHEASTERLY WITH A RADIUS OF 5679.65 FEET, AN INTERIOR ANGLE OF 06 DEGREES 12 MINUTES 24 SECONDS, A CHORD LENGTH OF 614.97 FEET, AND A CHORD BEARING OF SOUTH 33 DEGREES 02 MINUTES 55 SECONDS EAST) TO A SRD R/W MONUMENT; THEN GO SOUTH 36 DEGREES 06 MINUTES 50 SECONDS EAST ALONG SAID RIGHT OF WAY FOR 419.17 FEET TO A SRD R/W MONUMENT; THEN LEAVING THE RIGHT OF WAY GO SOUTH 34 DEGREES 26 MINUTES 12 SECONDS EAST FOR 650.61 FEET TO A CONCRETE MONUMENT MARKING THE POINT OF BEGINNING; THEN GO NORTHERLY FOR 83.23 FEET ALONG THE ARC OF A CURVE (SAID CURVE BEING CONCAVE SOUTHWESTERLY WITH A RADIUS OF 1040.59 FEET, AN INTERIOR ANGLE OF 04 DEGREES 34 MINUTES 57 SECONDS, A CHORD LENGTH OF 83.20 FEET AND A CHORD BEARING OF NORTH 02 DEGREES 17 MINUTES 28 SECONDS WEST) TO A CONCRETE MONUMENT; THEN GO NORTH 78 DEGREES 00 MINUTES 00 SECONDS EAST 340 FEET, MORE OR LESS, (PASSING A CONCRETE MONUMENT AT 330.00 FEET) TO THE BOUNDARY OF LAKE TALQUIN STATE PARK AS DEFINED IN OR BOOK 218, PAGE 149; THEN FOLLOW SAID BOUNDARY SOUTHERLY TO A POINT LYING NORTH 81 DEGREES 00 MINUTES 00 SECONDS EAST FROM THE POINT OF BEGINNING.  THEN GO SOUTH 81 DEGREES 00 MINUTES 00 SECONDS WEST FOR 15 FEET, MORE OR LESS, TO A CONCRETE MONUMENT; THEN CONTINUE SOUTH 81 DEGREES 00 MINUTES 00 SECONDS WEST FOR 325.00 FEET TO THE POINT OF BEGINNING.

Parcel Identification Number:  5-0L-0R-0S-0000-76401-0100

Together with all the tenements, hereditaments and appurtenances thereto belonging or in any way appertaining.

## 2. **Myrtle Beach Condo**

The plaintiff United States government intends to move to dismiss this second defendant real

property from this civil forfeiture action, and will not seek a default judgment and forfeiture.

Therefore, it is not more particularly described in this affidavit.

**3. All Funds, Including Approximately $53 Million, Held On Deposit At Bank Of America Accounts In the Names Of Thomas A. Bowdoin, Jr., Sole Proprietor, DBA AdSurfDaily.**
The remaining ten defendant properties whose forfeiture has not previously been decreed are:

(a)     All funds in account #005483933650 at Bank of America, in the name of Thomas A. Bowdoin, Jr., Sole Proprietor, DBA AdSurfDaily, which totalled $13,286.89, when seized on August 1, 2008, pursuant to a warrant issued by the United States District Court for the District of Columbia in case number 1:08-mj-464-AK;

(b)     All funds in account #005483933016 at Bank of America, in the name of Thomas A. Bowdoin, Jr., Sole Proprietor, DBA AdSurfDaily, which totalled $31,674,039.13, when seized August 1, 2008, pursuant to a warrant issued by the United States District Court for the District of Columbia in case number 1:08-mj-465-AK;

(c)     All funds in account #005483933553 at Bank of America, in the name of Thomas A. Bowdoin, Jr., Sole Proprietor, DBA AdSurfDaily, which totalled $937,470.18, when seized August 1, 2008, pursuant to a warrant issued by the United States District Court for the District of Columbia in case number 1:08-mj-466-AK;

(d)     All funds in account #005483933605 at Bank of America, in the name of Thomas A. Bowdoin, Jr., Sole Proprietor, DBA AdSurfDaily, which totalled $1,088,246.48, when seized August 1, 2008, pursuant to a warrant issued by the United States District Court for the District of Columbia in case number 1:08-mj-467-AK;

(e)     All funds in account #005483933634 at Bank of America, in the name of Thomas A. Bowdoin, Jr., Sole Proprietor, DBA AdSurfDaily, which totalled $403,791.04, when seized August 1, 2008, pursuant to a warrant issued by the United States District Court for the District of Columbia in case number 1:08-mj-468-AK;

(f)     All funds in account #005562565949 at Bank of America, in the name of Thomas A. Bowdoin, Jr., Sole Proprietor, DBA AdSurfDaily, which totalled $4,999,893.00, when seized August 1, 2008, pursuant to a warrant issued by the United States District Court for the District of Columbia in case number 1:08-mj-469-AK;

(g)     All funds in account #005562566896 at Bank of America, in the name of Thomas A. Bowdoin, Jr., Sole Proprietor, DBA AdSurfDaily, which totalled $23,721,256.25, when seized August 1, 2008, pursuant to a warrant issued by the United States District Court for the District of Columbia in case number 1:08-mj-470-AK;

(h)     All funds in account #91000116796961 at Bank of America, in the name of Thomas A. Bowdoin, Jr., Sole Proprietor, DBA AdSurfDaily, which totalled $1,000,338.91,

when seized August 1, 2008, pursuant to a warrant issued by the United States District Court for the District of Columbia in case number 1:08-mj-471-AK;

(i)     All funds in account #91000116797038 at Bank of America, in the name of Thomas A. Bowdoin, Jr., Sole Proprietor, DBA AdSurfDaily, which totalled $1,000,338.91, when seized August 1, 2008, pursuant to a warrant issued by the United States District Court for the District of Columbia in case number 1:08-mj-472-AK;

(j)     All funds in account #91000116797070 at Bank of America, in the name of Thomas A. Bowdoin, Jr., Sole Proprietor, DBA AdSurfDaily, which totalled $1,000,338.91, when seized August 1, 2008, pursuant to a warrant issued by the United States District Court for the District of Columbia in case number 1:08-mj-473-AK.[1]

I further hereby certify under penalty of perjury that the defendant real property at 8 Gilcrease Lane, Quincy, Florida 32351 was personally served with process on April 20, 2009, and that the funds on deposit in the ten accounts at the Bank of America were personally served with process on October 30, 2008.   The *in rem* defendant funds are in the custody of an agency of the U.S.

---

[1] When plaintiff commenced this action, it also sought to forfeit five other defendant properties, each of which was funds in accounts at Bank of America held in the name either of Clarence Busby, Jr., and Dawn Stowers, DBA Golden Panda Ad Builder or Golden Panda Ad Builder.  The total amount of the funds seized from these five "Busby-Golden Panda" accounts was $14,048,598.17.  The specific accounts and seizures were:

(a)     All funds in account #334011130192, which totalled $2,282,999.72, when seized August 1, 2008, pursuant to a warrant issued by the United States District Court for the District of Columbia in case number 1:08-mj-474-AK;

(b)     All funds in account #334011130200, which totalled $1,112,978.42, when seized August 1, 2008, pursuant to a warrant issued by the United States District Court for the District of Columbia in case number 1:08-mj-475-AK;

(c)     All funds in account #334015765704, which totalled $1,642,039.08, when seized August 1, 2008, pursuant to a warrant issued by the United States District Court for the District of Columbia in case number 1:08-mj-476-AK;

(d)     All funds in account #91000113401039 at Bank of America, which totalled $6,005,166.87; and,

(e)     All funds in account #91000113404188 at Bank of America, which totalled $3,007,580.85.

On July 24, 2009, the Court granted the plaintiff government's motion for a default judgment and entered an order forfeiting all of these defendant properties to the United States.  Thus this civil action is resolved as to these five defendants.

government.[2]

I further certify under penalty of perjury that notice of this action has been given to all known or unknown interested parties by means of certified mail or by publication.[3]

I further certify under penalty of perjury that no claims or appearances remain entered on behalf of the defendant properties in this case; that no proper pleadings on behalf of these defendant properties have been filed except those either later withdrawn, denied, or dismissed; no other proper pleadings have been served upon the attorney for the plaintiff; no extensions have been given, and the time for filing pleadings to intervene has expired; and, that none of these eleven defendant properties are either an infant or an incompetent person.[4]

---

[2] Copies of the Complaint and the Warrant of Arrest *in rem* issued by the Clerk of the Court were served upon the custodian of the *in rem* defendant properties on October 30, 2008, and April 20, 2009. See Docket Entry No. 68, dated May 11, 2008 ("Proof Of Service On Defendants *In Rem*").

[3] As to notice to known potential claimants, a Notice Of Forfeiture (with copies of the Complaint and the Warrant Of Arrest *In Rem*) was sent by the U.S. Postal Service's certified mail and by regular post to: (1) Mr. Thomas A. Bowdoin, Jr., to the address of 8 Gilcrease Lane, Quincy, Florida 32351-7954; and, (2) Mr. Thomas A. Bowdoin, Jr., dba AdSurfDaily to a specific address in the unit block of South Calhoun Street, Quincy, Florida 32351-3170. Between August 12th & 29th, persons signed certified-delivery receipts for each letter. Neither letter sent by regular post was returned. As to notice by publication, notice that the real property at 8 Gilcrease Lane, Quincy, Florida, and the funds seized from the Bank of America accounts were being subjected to forfeiture was published on an official Internet government forfeiture site (www.forfeiture.gov) for at least 30 consecutive days, beginning on November 15, 2008. See Docket Entry No. 69, Exhibit 1 ("Declaration Of Publication"). This was in full compliance with the Supplemental Rules For Admiralty Or Maritime Claims And Asset Forfeiture Actions, Rule G(4)(a)(iv)(C).

[4] On August 15, 2008, the Court docketed a filing captioned: "Verified Claims Of Claimants" submitted by AdSurfDaily, Inc., Thomas A. Bowdoin, Jr., and Bowdoin Harris Enterprises, Inc." See Docket Entry No. 6. Bowdoin/Harris Enterprises, Inc., submitted a verified claim to the real property in Quincy, Florida; AdSurfDaily, Inc., submitted a claim to the funds held in the Bank of America accounts; and Mr. Bowdoin also submitted a claim to the funds held in the Bank of America accounts, declaring that the accounts were opened in his name but were owned by AdSurfDaily, Inc., and were treated as corporate assets. On December 15, 2008, the Court docketed

Pursuant to 28 U.S.C. §1746(2), I declare under penalty of perjury that the foregoing is true and correct.  Executed on this 13th day of November 2009.

---

a filing captioned: "Answer To Complaint For Forfeiture *In Rem*" submitted by counsel for the same three claimants.  See Docket Entry No. 37.

On January 13, 2009, the Court docketed a filing captioned: "Motion For Leave To Withdraw Claims, Release Of Claims To Seized Property, And Consent To Forfeiture" submitted by the same three claimants.  See Docket Entry No. 39.  The motion stated:

> Claimants, AdSurfDaily, Inc., Thomas A. Bowdoin, Jr. and Bowdoin & Harris Enterprises, Inc., . . . withdraw and release with prejudice the verified claims they filed in this civil forfeiture action.  Claimants consent to the forfeiture of the properties for which they have asserted claims (*i.e.*, the real property at 8 Gilcrease Lane and the bank account balances at the Bank of America in the names of Thomas. A. Bowdoin Jr., sole proprietor, d/b/a AdSurfDaily) and expressly announce their intention to not contest the Government's forfeiture efforts against the properties for which they have asserted claims.

By Order issued on January 22, 2009, the Court granted the Claimants' motion and held that "Claimants' claims [Docket Entry No. 6] are deemed withdrawn."  Docket Entry No. 41 at 2.

Thereafter, proceeding through counsel and *pro se*, Thomas A. Bowdoin attempted to rescind the earlier withdrawal of his claims to the defendant properties.  See, e.g., Docket Entry Nos. 66-67, 131.  On November 10, 2009, this Court issued a memorandum opinion and order denying "Thomas A. Bowdoin's motion to rescind his withdrawal of claims" and denying certain related motions as moot.  See Docket Entry Nos. 155-156.

Thus, there remain no claims or appearances originally made for the defendant properties by AdSurfDaily, Inc., Thomas A. Bowdoin, Jr., and Bowdoin Harris Enterprises, Inc.

For some time, many persons have filed what appear to be a variety of form motions, which generally seek to intervene or  to set aside forfeiture.  In a series of opinions and orders, the Court has denied all of these motions.  See Docket Entry Nos. 72-73 of July 16, 2009 (denying Docket Entry Nos. 43-46, 61, 63, 65); Docket Entry Nos. 82-83 of August 4, 2009 (denying Docket Entry Nos. 74-78); Docket Entry Nos. 95-96 of August 31, 2009 (denying Docket Entry Nos. 84-88, 90-94); Docket Entry No. 129 of September 9, 2009 (denying docket Entry Nos. 97-110, 112-128); and Docket Entry No. 157 of November 10, 2009 (denying Docket Entry Nos.130, 134-137, 142-146, 149, 153-154).

Thus, there remain no other pleadings that have been filed on behalf of these defendant properties, whether proper or not, except those that have been withdrawn, denied, or dismissed.

The Clerk is requested to enter a Default against the said 11 *in rem* defendant properties, that

is all defendant properties except One Condo Located On North Ocean Boulevard In Myrtle Beach,

South Carolina, which the government intends to dismiss.

　　　　　　　　　　　　　　　　　　/s/ Barry Wiegand
　　　　　　　　　　　　　　　　　　BARRY WIEGAND, D.C. Bar No. 424288
　　　　　　　　　　　　　　　　　　Assistant  United States Attorney
　　　　　　　　　　　　　　　　　　Criminal Division, Asset Forfeiture Unit
　　　　　　　　　　　　　　　　　　555 Fourth Street, N.W., Fourth Floor
　　　　　　　　　　　　　　　　　　Washington, D.C. 20530
　　　　　　　　　　　　　　　　　　(202) 307-0299; (202) 514-8707 (telefax)
　　　　　　　　　　　　　　　　　　William.B.Wiegand@USDoJ.Gov


## CERTIFICATE OF SERVICE

I hereby certify that I have caused service of this Affidavit In Support Of Default to be made through
the Court's ECF system on this 13th day of November 2009.

　　　　　　　　　　　　　　　　　　/s/ Barry Wiegand
　　　　　　　　　　　　　　　　　　BARRY WIEGAND
　　　　　　　　　　　　　　　　　　Assistant  United States Attorney