## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **MOTION FOR DEFAULT JUDGMENT** |
| ) | **AND FINAL ORDER OF FORFEITURE** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 08-1345 (RMC)** |
| ) | |
| **8 GILCREASE LANE, QUINCY** ) | |
| **FLORIDA 32351,** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |
| ) | **ECF** |

### MOTION FOR ENTRY
### OF A DEFAULT JUDGMENT AND FOR FINAL ORDER OF FORFEITURE

*COMES NOW*, plaintiff, the United States of America, by and through the United States

Attorney for the District of Columbia, and respectfully moves for entry of a default judgment in

plaintiff's favor and for a final order of forfeiture to the United States government of the remaining

eleven defendants *in rem* on the grounds set forth in the verified complaint for forfeiture.  The

remaining defendants are a piece of real property in Quincy, Florida, and funds seized from ten bank

accounts, which were controlled by operators of an unlawful fraud scheme known as ADSurfDaily.

The funds total $65,838,999.70.  More specifically, the eleven remaining defendants *in rem* are:

    1)     The real property at 8 Gilcrease Lane, Quincy, Florida 32351;[1]

---

[1] The legal description of the Quincy Lane real property in the forfeiture complaint is:
A tract of land lying in lot 76 of the Little River Survey In The Forbls Purchase in Gadsden
County, Florida, more particularly described as follows: For a point of reference, begin at a terra
cotta monument located at the intersection of the west line of said lot 76 and the eastern right of way
of state road 65-C; then go 698.72 feet along a curve in said right of way (said curve being concave
southwesterly with a radius of 4633.75 feet, an interior angle of 08 degrees 38 minutes 23 seconds,
a chord length of 698.06 feet, and a chord bearing of south 32 degrees 08 minutes 42 seconds east)
to a srd right of way monument; then go south 27 degrees 41 minutes 40 seconds east for 929.06 feet
along said right of way to a 2rd R/W monument at a point of curvature; then go 661.41 feet along
a curve in said right of way (said curve being concave northeasterly with a radius of 17,138.80 feet,
an interior angle of 02 degrees 12 minutes 40 seconds, a chord length of 661.36 feet, and a chord

Dockets.Justia.com

2) Funds in account #xxxxxxxx3650 at Bank of America, in the name of Thomas A. Bowdoin, Jr., Sole Proprietor, DBA AdSurfDaily, which totalled $13,286.89, when seized on August 1, 2008, by a warrant issued in case number 1:08-mj-464-AK;

3) Funds in account #xxxxxxxx3016 at Bank of America, in the name of Thomas A. Bowdoin, Jr., Sole Proprietor, DBA AdSurfDaily, which totalled $31,674,039.13, when seized August 1, 2008, by a warrant issued in case number 1:08-mj-465-AK;

4) Funds in account #xxxxxxxx3553 at Bank of America, in the name of Thomas A. Bowdoin, Jr., Sole Proprietor, DBA AdSurfDaily, which totalled $937,470.18, when seized August 1, 2008, by a warrant issued in case number 1:08-mj-466-AK;

5) All funds in account #xxxxxxxx3605 at Bank of America, in the name of Thomas A. Bowdoin, Jr., Sole Proprietor, DBA AdSurfDaily, which totalled $1,088,246.48, when seized August 1, 2008, by a warrant issued in case number 1:08-mj-467-AK;

6) All funds in account #xxxxxxxx3634 at Bank of America, in the name of Thomas A. Bowdoin, Jr., Sole Proprietor, DBA AdSurfDaily, which totalled $403,791.04, when seized August 1, 2008, by a warrant issued in case number 1:08-mj-468-AK;

7) All funds in account #xxxxxxxx5949 at Bank of America, in the name of Thomas A. Bowdoin, Jr., Sole Proprietor, DBA AdSurfDaily, which totalled $4,999,893.00, when seized August

---

bearing of south 28 degrees 48 minutes 00 seconds east) to a srd R/W monument; then go south 29 degrees 54 minutes 20 seconds east for 1160.67 feet along said right of way to a SRD R/W monument at a point of curvature; then go 615.27 feet along a curve in said right of way (said curve being concave northeasterly with a radius of 5679.65 feet, an interior angle of 06 degrees 12 minutes 24 seconds, a chord length of 614.97 feet, and a chord bearing of south 33 degrees 02 minutes 55 seconds east) to a SRD R/W monument; then go south 36 degrees 06 minutes 50 seconds east along said right of way for 419.17 feet to a SRD R/W monument; then leaving the right of way go south 34 degrees 26 minutes 12 seconds east for 650.61 feet to a concrete monument marking the point of beginning; then go northerly for 83.23 feet along the arc if a curve (said curve being concave southwesterly with a radius of 1040.59 feet, an interior angle of 04 degrees 34 minutes 57 seconds, a chord length of 83.20 feet and a chord bearing of north 02 degrees 17 minutes 28 seconds west) to a concrete monument; then go north 78 degrees 00 minutes 00 seconds east 340 feet, more or less, (passing a concrete monument at 330.00 feet) to the boundary of Lake Talquin State Park as defined in or Book 218, Page 149; then follow said boundary southerly to a point lying north 81 degrees 00 minutes 00 seconds east from the point of beginning.  Then go south 81 degrees 00 minutes 00 seconds west for 15 feet, more or less, to a concrete monument; then continue south 81 degrees 00 minutes 00 seconds west for 325.00 feet to the point of beginning.

Parcel Identification Number:  5-0L-0R-0S-0000-76401-0100

Together with all the tenements, hereditaments and appurtenances thereto belonging or in anyway appertaining.

1, 2008, by a warrant issued in case number 1:08-mj-469-AK;

8) All funds in account #xxxxxxxx6896 at Bank of America, in the name of Thomas A. Bowdoin, Jr., Sole Proprietor, DBA AdSurfDaily, which totalled $23,721,256.25, when seized August 1, 2008, by a warrant issued in case number 1:08-mj-470-AK;

9) All funds in account #xxxxxxxxx6961 at Bank of America, in the name of Thomas A. Bowdoin, Jr., Sole Proprietor, DBA AdSurfDaily, which totalled $1,000,338.91, when seized August 1, 2008, by a warrant issued in case number 1:08-mj-471-AK;

10) All funds in account #xxxxxxxxxx7038 at Bank of America, in the name of Thomas A. Bowdoin, Jr., Sole Proprietor, DBA AdSurfDaily, which totalled $1,000,338.91, when seized August 1, 2008, by a warrant issued in case number 1:08-mj-472-AK; and,

11) All funds in account #xxxxxxxxxx7070 at Bank of America, in the name of Thomas A. Bowdoin, Jr., Sole Proprietor, DBA AdSurfDaily, which totalled $1,000,338.91, when seized August 1, 2008, by a warrant issued in case number 1:08-mj-473-AK.[2]

Plaintiff applies for a default judgment and final order of forfeiture because these eleven

defendants *in rem* were properly served, and no timely paper, pleading, or other claim to the

---

[2] When plaintiff commenced this action, it also sought to forfeit five other defendant properties that were funds in accounts at Bank of America held in the name either of Clarence Busby, Jr., and Dawn Stowers, DBA Golden Panda Ad Builder or Golden Panda Ad Builder. The funds in these five "Busby-Golden Panda" accounts were $14,048,598.17. They were:

(a) Funds in account #xxxxxxx30192, which totalled $2,282,999.72, when seized August 1, 2008, by a warrant issued in case number 1:08-mj-474-AK;
(b) Funds in account #xxxxxxx30200, which totalled $1,112,978.42, when seized August 1, 2008, by a warrant issued in case number 1:08-mj-475-AK;
(c) Funds in account #xxxxxxx65704, which totalled $1,642,039.08, when seized August 1, 2008, by a warrant issued case number 1:08-mj-476-AK;
(d) Funds in account #xxxxxxxxx01039, which totalled $6,005,166.87; and,
(e) Funds in account #xxxxxxxxx04188, which totalled $3,007,580.85.

On July 24, 2009, the Court entered an order forfeiting all of these funds to the United States. Further, on November 16, 2009, plaintiff moved to dismiss from this action another defendant property, which had been identified as "One Condo Located On North Ocean Boulevard In Myrtle Beach, South Carolina (real property)." If the Court grants the unopposed motion to dismiss the Myrtle Beach condo, this civil action then will be resolved as to six of the 17 defendants *in rem*. Thus, an order granting this motion for the remaining eleven defendants *in rem* will resolve this case in its entirety.

defendant properties remain properly filed that permits any person to challenge their forfeiture. Further, the Clerk of this Court entered a default on this case's docket on November 16, 2009. Plaintiff seeks entry of a default judgment and a final order of forfeiture under 18 U.S.C. § 983(a)(4)(A), Fed. R. Civ. P. 55, and Rule G of the Supplemental Rules For Admiralty Or Maritime Claims And Asset Forfeiture Actions.

A proposed order granting this motion and decreeing a final order of forfeiture accompanies this motion, as does a Memorandum of Points and Authorities in support of it.  As nobody other than the defendants *in rem*, which are an inanimate piece of real property and similarly inanimate sums of money seized from ten bank accounts, now is or remains a party to this action, there is no person whose position on this motion plaintiff should report.

Respectfully submitted,

 /s/ *Channing Phillips*
CHANNING PHILLIPS, D.C. Bar #415793
UNITED STATES ATTORNEY, acting

 /s/ *Deborah L. Connor*
DEBORAH L. CONNOR, Bar No. 452414
Assistant United States Attorney

 /s/ *Barry Wiegand*
BARRY WIEGAND, D.C. Bar # 424288
Assistant United States Attorney
Asset Forfeiture Unit, Criminal Division
555 Fourth St., N.W., Fourth Floor
Washington, D.C.  20530
(202) 307-0299
William.B.Wiegand@USDoJ.Gov

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused service to be made of the foregoing Motion For Entry Of A Default Judgment And For Final Order Of Forfeiture, the accompanying Memorandum In Support Of Motion For Entry Of A Default Judgment And For Final Order Of Forfeiture, and the proposed Default Judgment And Final Order Of Forfeiture through the Court's ECF system on or before the 17th day of November 2009. Further, I also have sent by the U.S. mails and by electronic mail copies of the motion, memorandum, and order to the following two attorneys: (1) Mr. Charles A. Murray , Esq., Law Offices Of Charles A. Murray, P.A., 27911 Crown Lake Boulevard, Suite 223, Bonita Springs , Florida 34135-4218, (239) 649-7773; Fax: (239) 262-3517; Email: charles@camurraylaw.com; and (2) Mr. Michael R. N. McDonnell, Esq., McDonnell Trial Law, 5150 Tamiami Trail North, Suite 501, Naples, Florida 34103; (239) 434-7711 ; Fax: (877) 613-7485.

_/s/ Barry Wiegand_____

BARRY WIEGAND
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 08-1345 (RMC)** |
| | ) | |
| **8 GILCREASE LANE, QUINCY** | ) | |
| **FLORIDA 32351,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | **ECF** |

**MEMORANDUM IN SUPPORT OF MOTION**
**FOR ENTRY OF A DEFAULT JUDGMENT AND FOR FINAL ORDER OF FORFEITURE**

On August 5, 2009, the plaintiff United States government commenced this civil forfeiture action *in rem* against 17 defendant properties, pursuant to 18 U.S.C. § 981(a)(1), on the grounds that they constituted proceeds of an unlawful fraud and money-laundering. The complaint alleged the existence of fraudulent "Ponzi-style" or "pyramid" schemes, known as AdSurfDaily and Golden Panda, which had bilked many millions of dollars out of persons who had sent money to the schemes' operators. At the current stage of this case, however, there are only eleven remaining defendants *in rem*, because this Court previously has decreed five defendants forfeited to plaintiff on July 24, 2009, and the government separately has moved to dismiss a sixth defendant.[1]

The remaining defendants *in rem* are

---

[1] On July 24, 2009, the Court issued an order declaring forfeited to the United States five defendants *in rem*, which had been seized from other Bank of America accounts. The funds totalled $14,048,598.17 and had been associated with the Golden Panda scheme. On November 16, 2009, the government moved to dismiss from this forfeiture action a defendant property, which had been identified as One Condo Located On North Ocean Boulevard In Myrtle Beach, South Carolina (real property). Upon the Court's order dismissing the Myrtle Beach condo, only the forfeitures of the Gilcrease Lane real property and the funds seized from the ten ASD-Bowden Bank of America accounts will remain unadjudicated in this action.

(1) 8 Gilcrease Lane, Quincy, Florida 32351 (real property);[2]

(2-11) Some $65,838,999.70 in funds seized, by judicial warrants, from ten Bank of America accounts held in the name of Thomas A. Bowdoin, Jr., Sole Proprietor, DBA AdSurfDaily.[3]

---

[2] The legal description of the Quincy Lane real property in the forfeiture complaint is:

A tract of land lying in lot 76 of the Little River Survey In The Forbls Purchase in Gadsden County, Florida, more particularly described as follows: For a point of reference, begin at a terra cotta monument located at the intersection of the west line of said lot 76 and the eastern right of way of state road 65-C; then go 698.72 feet along a curve in said right of way (said curve being concave southwesterly with a radius of 4633.75 feet, an interior angle of 08 degrees 38 minutes 23 seconds, a chord length of 698.06 feet, and a chord bearing of south 32 degrees 08 minutes 42 seconds east) to a srd right of way monument; then go south 27 degrees 41 minutes 40 seconds east for 929.06 feet along said right of way to a 2rd R/W monument at a point of curvature; then go 661.41 feet along a curve in said right of way (said curve being concave northeasterly with a radius of 17,138.80 feet, an interior angle of 02 degrees 12 minutes 40 seconds, a chord length of 661.36 feet, and a chord bearing of south 28 degrees 48 minutes 00 seconds east) to a srd R/W monument; then go south 29 degrees 54 minutes 20 seconds east for 1160.67 feet along said right of way to a SRD R/W monument at a point of curvature; then go 615.27 feet along a curve in said right of way (said curve being concave northeasterly with a radius of 5679.65 feet, an interior angle of 06 degrees 12 minutes 24 seconds, a chord length of 614.97 feet, and a chord bearing of south 33 degrees 02 minutes 55 seconds east) to a SRD R/W monument; then go south 36 degrees 06 minutes 50 seconds east along said right of way for 419.17 feet to a SRD R/W monument; then leaving the right of way go south 34 degrees 26 minutes 12 seconds east for 650.61 feet to a concrete monument marking the point of beginning; then go northerly for 83.23 feet along the arc if a curve (said curve being concave southwesterly with a radius of 1040.59 feet, an interior angle of 04 degrees 34 minutes 57 seconds, a chord length of 83.20 feet and a chord bearing of north 02 degrees 17 minutes 28 seconds west) to a concrete monument; then go north 78 degrees 00 minutes 00 seconds east 340 feet, more or less, (passing a concrete monument at 330.00 feet) to the boundary of Lake Talquin State Park as defined in or Book 218, Page 149; then follow said boundary southerly to a point lying north 81 degrees 00 minutes 00 seconds east from the point of beginning.  Then go south 81 degrees 00 minutes 00 seconds west for 15 feet, more or less, to a concrete monument; then continue south 81 degrees 00 minutes 00 seconds west for 325.00 feet to the point of beginning.
Parcel Identification Number:  5-0L-0R-0S-0000-76401-0100
Together with all the tenements, hereditaments and appurtenances thereto belonging or in anyway appertaining.

[3] More particularly, these ten defendants *in rem* are:

a) All funds in account #xxxxxxxx3650 at Bank of America, in the name of Thomas A. Bowdoin, Jr., Sole Proprietor, DBA AdSurfDaily, which totalled $13,286.89, when seized on August 1, 2008, by a warrant issued in case number 1:08-mj-464-AK;

b) All funds in account #xxxxxxxx3016 at Bank of America, in the name of Thomas A. Bowdoin, Jr., Sole Proprietor, DBA AdSurfDaily, which totalled $31,674,039.13, when seized

Copies of the Complaint and the Warrant of Arrest *in rem* issued by the Clerk of the Court were served on the Gilcrease Lane property on April 20, 2009, and upon the custodian of the other defendant properties on October 30, 2008.  <u>See</u> Docket Entry No. 68, dated May 11, 2008 ("Proof Of Service On Defendants *In Rem*").

Further, direct notice of the pending forfeiture action was provided to the named account holder, Mr. Bowdoin.  This was done by sending a Notice Of Forfeiture (with copies of the Complaint and the Warrant Of Arrest *In Rem*) by the U.S. Postal Service's certified mail and by regular post to: (1) Mr. Thomas A. Bowdoin, Jr., at the address of 8 Gilcrease Lane, Quincy, Florida 32351-7954; and, (2) Mr. Thomas A. Bowdoin, Jr., dba AdSurfDaily at a specific address in the unit

---

August 1, 2008, by a warrant issued in case number 1:08-mj-465-AK;

c) All funds in account #xxxxxxxx3553 at Bank of America, in the name of Thomas A. Bowdoin, Jr., Sole Proprietor, DBA AdSurfDaily, which totalled $937,470.18, when seized August 1, 2008, by a warrant issued in case number 1:08-mj-466-AK;

d) All funds in account #xxxxxxxx3605 at Bank of America, in the name of Thomas A. Bowdoin, Jr., Sole Proprietor, DBA AdSurfDaily, which totalled $1,088,246.48, when seized August 1, 2008, by a warrant issued in case number 1:08-mj-467-AK;

e) All funds in account #xxxxxxxx3634 at Bank of America, in the name of Thomas A. Bowdoin, Jr., Sole Proprietor, DBA AdSurfDaily, which totalled $403,791.04, when seized August 1, 2008, by a warrant issued in case number 1:08-mj-468-AK;

f) All funds in account #xxxxxxxx5949 at Bank of America, in the name of Thomas A. Bowdoin, Jr., Sole Proprietor, DBA AdSurfDaily, which totalled $4,999,893.00, when seized August 1, 2008, by a warrant issued in case number 1:08-mj-469-AK;

g) All funds in account #xxxxxxxx6896 at Bank of America, in the name of Thomas A. Bowdoin, Jr., Sole Proprietor, DBA AdSurfDaily, which totalled $23,721,256.25, when seized August 1, 2008, by a warrant issued in case number 1:08-mj-470-AK;

h) All funds in account #xxxxxxxxxx6961 at Bank of America, in the name of Thomas A. Bowdoin, Jr., Sole Proprietor, DBA AdSurfDaily, which totalled $1,000,338.91, when seized August 1, 2008, by a warrant issued in case number 1:08-mj-471-AK;

i) All funds in account #xxxxxxxxxx7038 at Bank of America, in the name of Thomas A. Bowdoin, Jr., Sole Proprietor, DBA AdSurfDaily, which totalled $1,000,338.91, when seized August 1, 2008, by a warrant issued in case number 1:08-mj-472-AK; and,

j) All funds in account #xxxxxxxxxx7070 at Bank of America, in the name of Thomas A. Bowdoin, Jr., Sole Proprietor, DBA AdSurfDaily, which totalled $1,000,338.91, when seized August 1, 2008, by a warrant issued in case number 1:08-mj-473-AK.

3

block of South Calhoun Street, Quincy, Florida 32351-3170.  Between August 12th & 29th, persons

signed certified-delivery receipts for each letter.  Neither letter sent by regular post was returned.

As to notice by publication, notice that the real property at 8 Gilcrease Lane, Quincy, Florida,

and the funds seized from the Bank of America accounts were being subjected to forfeiture was

published on an official Internet government forfeiture site (www.forfeiture.gov) for at least 30

consecutive days, beginning on November 15, 2008.  See Docket Entry No. 69, Exhibit 1

("Declaration Of Publication").  This was in full compliance with the Supplemental Rules For

Admiralty Or Maritime Claims And Asset Forfeiture Actions, Rule G(4)(a)(iv)(C).

On August 15, 2008, the Court docketed a filing captioned: "Verified Claims Of Claimants"

submitted by AdSurfDaily, Inc., Thomas A. Bowdoin, Jr., and Bowdoin Harris Enterprises, Inc."

See Docket Entry No. 6.  Bowdoin/Harris Enterprises, Inc., submitted a verified claim to the real

property in Quincy, Florida.  AdSurfDaily, Inc., submitted a claim to the funds held in the Bank of

America accounts; and Mr. Bowdoin also submitted a claim to the funds held in the Bank of

America accounts, declaring that the accounts were opened in his name but were owned by

AdSurfDaily, Inc., and were treated as corporate assets.  On December 15, 2008, the Court docketed

a filing captioned:  "Answer To Complaint For Forfeiture *In Rem*" submitted by counsel for the same

three claimants.  See Docket Entry No. 37.

On January 13, 2009, the Court docketed a filing captioned: "Motion For Leave To Withdraw

Claims, Release Of Claims To Seized Property, And Consent To Forfeiture" submitted by the same

three claimants.  See Docket Entry No. 39.[4]

---

[4] The motion stated:

Claimants, AdSurfDaily, Inc., Thomas A. Bowdoin, Jr. and Bowdoin & Harris Enterprises,

By Order issued on January 22, 2009, the Court granted the Claimants' motion and held that "Claimants' claims [Docket Entry No. 6] are deemed withdrawn." Docket Entry No. 41 at 2. Thereafter, proceeding through counsel and *pro se*, Thomas A. Bowdoin attempted to rescind the earlier withdrawal of his claims to the defendant properties. See, *e.g.*, Docket Entry Nos. 66-67, 131. On November 10, 2009, this Court issued a memorandum opinion and order denying "Thomas A. Bowdoin's motion to rescind his withdrawal of claims" and denying certain related motions as moot. See Docket Entry Nos. 155-156.

For some time, many persons have filed what appear to be a variety of form motions, which generally seek to intervene or to set aside forfeiture. In a series of opinions and orders, the Court has denied all of these motions. See Docket Entry Nos. 72-73 of July 16, 2009 (denying Docket Entry Nos. 43-46, 61, 63, 65); Docket Entry Nos. 82-83 of August 4, 2009 (denying Docket Entry Nos. 74-78); Docket Entry Nos. 95-96 of August 31, 2009 (denying Docket Entry Nos. 84-88, 90-94); Docket Entry No. 129 of September 9, 2009 (denying docket Entry Nos. 97-110, 112-128); and Docket Entry No. 157 of November 10, 2009 (denying Docket Entry Nos.130, 134-137, 142-146, 149, 153-154).

Thus, there remain no claims or appearances originally made for the defendant properties by AdSurfDaily, Inc., Thomas A. Bowdoin, Jr., and Bowdoin Harris Enterprises, Inc. Similarly, there remain no other pleadings that have been filed in regard to, or on behalf of, these defendant properties, whether proper or not, because all of those have been withdrawn, denied, or dismissed.

---

Inc., . . . withdraw and release with prejudice the verified claims they filed in this civil forfeiture action. Claimants consent to the forfeiture of the properties for which they have asserted claims (*i.e.*, the real property at 8 Gilcrease Lane and the bank account balances at the Bank of America in the names of Thomas. A. Bowdoin Jr., sole proprietor, d/b/a AdSurfDaily) and expressly announce their intention to not contest the Government's forfeiture efforts against the properties for which they have asserted claims.

In consequence, no response, answer, or defenses remain interposed in accordance with applicable rules, resulting in the entry of a Default by the Clerk of this Court on November 16, 2009. See Docket Entry No. 159.  No other party has filed a claim or pleading to challenge the forfeiture of these remaining eleven defendants *in rem*, and the time for filing a claim has expired.  See 18 U.S.C. § 983(a)(4)(A) (claims due within 30 days after service of government's complaint or completion of publication notice); Supplemental Rule G(5) (verified claim deadline set within Notice of Forfeiture: deadline may occur 35 days after notice is sent and 30 days after publication notice completed).

The entry of a default, and a judgment by default, and a final order of forfeiture against the defendant properties is amply supported in the circumstances of this case.  Indeed, the Clerk of the Court "must enter" the default when there has been a failure to plead timely or otherwise defend an action within the time fixed by law.  Fed. R. Civ. P. Rule 55(a).  Moreover, the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), codified at 18 U.S.C. § 983(a)(4)(A), mandates the filing of a claim within 30 days of the service of the government's complaint.

Further,  whenever a judgment is sought for other than a sum certain from a defendant (for example, as in this complaint for a Judgment of Forfeiture), application for judgment by default shall be made to the Court, and such judgment may be entered by the Court so long as the defaulted party is not an infant or otherwise incompetent.  See Fed. R. Civ. P. Rule 55(b); DirecTV, Inc. v. Arnold, 392 F. Supp.2d 415 (N.D.N.Y. 2005); Canady, MD v. Erbe Elektromedizin GMBG, 307 F. Supp.2d 2 (D.D.C. 2004); United States v. Gant, 268 F. Supp.2d 29 (D.D.C. 2003).  The defendant properties are inanimate items of real or personal property, so they are neither an infant nor an incompetent.

7.      Accordingly, upon consideration of the record in this case, including a showing of

compliance with applicable rules regarding service of process and notice by publication, and the default having been entered by the Clerk of the Court, it is respectfully requested that this motion be granted.  A proposed Default Judgment And Final Order Of Forfeiture is attached.

Respectfully submitted,

/s/ *Channing Phillips*
CHANNING PHILLIPS, D.C. Bar #415793
UNITED STATES ATTORNEY, acting

/s/ *Deborah L. Connor*
DEBORAH L. CONNOR, Bar No. 452414
Assistant United States Attorney

/s/ *Barry Wiegand*
BARRY WIEGAND, D.C. Bar No. 424288
Assistant  United States Attorney
Criminal Division, Asset Forfeiture Unit
555 Fourth Street, N.W., Fourth Floor
Washington, D.C. 20530
(202) 307-0299
William.B.Wiegand@USDoJ.Gov