UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA  , | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-1345 (RMC) |
| | ) | |
| v. | ) | |
| | ) | |
| 8 GILCREASE LANE, QUINCY | ) | |
| FLORIDA 32351, *ET AL.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | / | |

MOTION FOR DISQUALIFICATION OF JUDGE

Thomas A. Bowdoin, Jr., co-claimant in the above named *in rem* forfeiture action,

pursuant to 28 U.S.C.A. §§ 144 and 455(b)(1), hereby files this motion and supporting

affidavit, as required by 28 U.S.C.A. § 144, to show that the Honorable Rosemary M. Collyer

has demonstrated a personal bias and prejudice against him.

Based on the supporting affidavit, movant Thomas A. Bowdoin, Jr., respectfully

moves that the Honorable Rosemary M. Collyer proceed no further in this action and that

another judge be assigned to hear this proceeding.

Dated:  December 17, 2009.

Charles A. Murray, Esq.
27911 Crown Lake Blvd, Suite 223
Bonita Springs, FL 34135-4218
Phone: 239-649-7773
Fax: 239-262-3517
Email: charles@camurrarylaw.com

Counsel to Thomas A. Bowdoin, Jr.,
Adsurf Daily, Inc. and
Bowdoin/Harris Enterprises, Inc.

Dockets.Justia.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA    ,          )
                                                              )
                            Plaintiff,            )          Civil Action No. 08-1345 (RMC)
                                                              )
                    v.                              )
                                                              )
8 GILCREASE LANE, QUINCY            )
FLORIDA 32351, *ET AL.*,                  )
                                                              )
                            Defendants.          )
_____/

MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR DISQUALIFICATION OF JUDGE
_____

By statute, a federal judge is duty-bound to disqualify him- or herself from any proceeding on which that judge's impartiality might reasonably be questioned, or where the judge has exhibited personal bias against a party:

(a) Any justice, judge, or magistrate judge of the United States *shall* disqualify himself in any proceeding in which his *impartiality might reasonably be questioned.*

(b) He *shall* also disqualify himself in the following circumstances:

(1)  Where he has a *personal bias* or prejudice concerning a party[.]
. . . .
28 U.S.C.A. § 455(a),(b) (emphasis added).  "[T]he very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible. Accordingly, the legal standard is an objective one that inquires whether a reasonable and informed observer would question the judge's impartiality."  *U.S. v. Marin*, ---F.Supp.2d ----, 2009 WL 3296162, *2  (D.D.C. 2009) (quotation punctuation and citations omitted).

1

To allege such disqualifying bias, another statutory provision sets forth that the movant need submit an affidavit recounting the reasons the movant believes judicial impartiality has been compromised, along with a certificate of good faith by the movant's counsel. If the affidavit is both "timely and sufficient", the judge is disqualified and another judge is assigned to hear the case

> § 144. Bias or prejudice of judge
>
> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C.A. § 144.

A Section 144 affidavit "sufficient" to disqualify a judge must meet three criteria in this circuit: "(1) the facts must be material and stated with particularity; (2) the facts must be such that if true they would convince a reasonable man that a bias exists; and (3) the facts must show the bias is personal, and not judicial, in nature." *James v. District of Columbia*, 191 F.Supp.2d 44, 47 (D.D.C. 2002) (quotation punctuation and citation omitted). To determine whether a motion for disqualification is "timely", several factors are examined: "(1) whether the movant has 'substantially participated' in the trial or pretrial proceedings; (2) whether the grant of the motion would constitute 'a waste of judicial resources'; (3) whether

the motion was made after entry of judgment; and (4) whether the movant demonstrates 'good

cause for delay.'" *Id.* (quotation punctuation and citation omitted).

> It is well established that when presented with an affidavit of prejudice, the
> judge may not pass upon the truth or falsity of the allegations contained therein
> but must accept them as true for the purposes of passing upon the legal
> sufficiency of the affidavits. If the statutory standards are met, the judge must
> recuse himself, even if the allegations are known by the judge to be false.

*Tynan v. U.S.,* 376 F.2d 761, 764, 126 U.S.App.D.C. 206, 209 (C.A.D.C. 1967) (citations

omitted), *cert. denied*, 389 U.S. 845 (1967).

To determine whether bias or prejudice exists, the standard to be examined is whether

the judge's mind remains open to fair trial on the merits, or whether the judge has

predetermined the outcome of the issues the subject of the allegations of bias.

> Although it is both understood and accepted that judges do not
> approach a case empty-headed, it is also presumed that *a judge will not
> prejudge any case*. In each new case the judge confronts a new factual context,
> new evidence, and new efforts at persuasion. As long as the judge is capable of
> refining his views in the process of this intellectual confrontation, and
> *maintaining a completely open mind* to decide the facts and apply the
> applicable law to the facts, personal views on law and policy do not disqualify
> him from hearing the case. The *test may be stated* in terms of whether the
> *judge's mind is "irrevocably closed"* on the issues as they arise in the context
> of the specific case.

*S. Pac. Commc'n Co. v. Am. Tel. and Tel. Co.*, 740 F.2d 980, 991, 238 U.S.App.D.C. 309, 320

(C.A.D.C. 1984) (emphasis added), *cert. denied*, 470 U.S. 1005 (1985).  While judicial

opinions formed based upon information gleaned by judges during the course of trial do not

normally supply a valid basis for disqualification, as observed by the United States Supreme

Court, statements by the judge indicating that fair judgment is no longer possible justify

disqualification, even where no extra-judicial source of bias or prejudice exists.

> [J]udicial rulings alone almost never constitute a valid basis for a bias or
> partiality motion. . . . [because] opinions formed by the judge on the basis of
> facts introduced or events occurring in the course of the current proceedings, or
> of prior proceedings, do not constitute a basis for a bias or partiality motion
> *unless they display a deep-seated favoritism or antagonism that would make*
> *fair judgment impossible*.

*Liteky v. U.S.,* 510 U.S. 540, 555, 114 S.Ct. 1147, 1157 (1994) (emphasis added); *see also*

*Cobell v. Kempthorne*, 455 F.3d 317, 372 U.S.App.D.C. 232 (D.C. Cir. 2006) (quoting

*Liteky*); *Marin*, --- F.Supp.2d ----, 2009 WL 3296162 (same).

In the present case, in a Memorandum Opinion filed on November 11, 2009, the

Honorable Judge Rosemary M. Collyer denied co-claimant Thomas A. Bowdoin, Jr.'s  Rule

60(b) motion to vacate a prior Order by the Court approving his ill-advised release of claims

regarding the property the subject of this *in rem* forfeiture action.  Supporting her reasoning in

denying the Rule 60(b) motion, the Honorable Judge Collyer evidenced personal bias and

prejudgment, stating that if Bowdoin were found eventually guilty of the criminal charges

being now investigated by a grand jury, but upon which no indictment has yet been issued,

Bowdoin "*will face* a term of incarceration *for sure.*" (Mem. Op. 7 (Nov. 10, 2009), Docket

No. 155) (emphasis added).

Therefore, although this statement, apparently premised upon information gleaned

solely during the course of this judicial proceeding, evidences clear bias and prejudgment on

the issue of Bowdoin's potential, future sentencing regarding possible criminal charges for

which no indictment has yet been issued.  The Honorable Judge Collyer has, prior to trial on

the merits on potential criminal charges, already foreclosed the possibility of parole, or

probation, evidencing precisely the "a deep-seated favoritism or antagonism" which renders

"fair judgment impossible" under *Liteky* and its progeny.

As a result, the movant respectfully requests that the Honorable Judge Rosemary M. Collyer be disqualified, or recuse herself, and another judge be assigned to this action in her stead, to assure judicial impartiality.

Dated: December 17, 2009.

Charles A. Murray, Esq.
27911 Crown Lake Blvd, Suite 223
Bonita Springs, FL 34135-4218
Phone: 239-649-7773
Fax: 239-262-3517
Email: charles@camurrarylaw.com

Counsel to Thomas A. Bowdoin, Jr.,
Adsurf Daily, Inc. and
Bowdoin/Harris Enterprises, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-1345 (RMC) |
| | ) | |
| v. | ) | |
| | ) | |
| 8 GILCREASE LANE, QUINCY | ) | |
| FLORIDA 32351, *ET AL.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | / | |

CERTIFICATE OF COUNSEL

I certify that I am counsel of record for Thomas A. Bowdoin, Jr., Adsurf Daily, Inc. and Bowdoin/Harris Enterprises, Inc., co-claimants in the above named *in rem* forfeiture action, and as such prepared the above affidavit at the request of Thomas A. Bowdoin, Jr., Adsurf Daily, Inc. and Bowdoin/Harris Enterprises, Inc.  I am informed as to the proceedings in the above-entitled action, and the mentioned affidavit was made in good faith and not for the purpose of hindrance or delay.

Dated: December 17th, 2009.

Charles A. Murray, Esq.
27911 Crown Lake Blvd, Suite 223
Bonita Springs, FL 34135-4218
Phone: 239-649-7773
Fax: 239-262-3517
Email: charles@camurraylaw.com

Counsel to Thomas A. Bowdoin, Jr.,
Adsurf Daily, Inc. and
Bowdoin/Harris Enterprises, Inc.