UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | Civil Action No. 08-1345 (RMC) |
| v. ) | ECF |
| ) | |
| **8 GILCREASE LANE, QUINCY** ) | |
| **FLORIDA 32351,** *ET AL.,* ) | |
| ) | |
| **Defendants.** ) | |
| _____/ | |

**UNOPPOSED MOTION FOR RELIEF FROM THE JUDGMENT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60**
_____

Thomas A. Bowdoin, Jr., by counsel files this motion requesting that this Honorable Court vacate and reissue its orders of November 10, 2009 and November 16, 2009, and vacate the January 4, 2010 Order in which the Plaintiff's Motion for Default as to Forfeiture of Remaining Defendants in rem was granted.

1.  The Claimants possess good cause and excusable neglect requiring that the relief requested.

2.  This Court's Order of January 4, 2010 was erroneously issued and erroneously entered contrary to Federal Rule of Appellate Procedure 4(B), which provides in pertinent part:

> When the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed is entered.

3.  The Court's Default Judgment and Final Order of Forfeiture (Docket # 166)

1

was erroneously entered on January 6, 2010, on day 57 after the interlocutory order denying Bowdoin's motion to rescind his prior release of claims was entered on November 11, 2009 (Docket # 156), some **three days before the appeal deadline afforded under Rule 4(B) expired**.

4. Due process requires that this Court's Orders 156 and 163 be reissued to afford Bowdoin the opportunity to file his objections and/or other appropriate responsive pleadings.

5. The United States would not be prejudiced by the setting aside and reissuing of Orders 156 and 163.

6. As no notice or opportunity to defend was lost threw excusable neglect, Bowdoin's failure to respond is as a matter of law and fact, not willful.

7. Bowdoin possesses meritorious claims and objections to this Courts orders.

8. Bowdoin's counsel has discussed this motion with Assistant United States Attorney, Barry Wiegand and can advise this Court that the motion is unopposed.

WHEREFORE, in light of the foregoing and the arguments of law contained in the accompanying memorandum, Claimant Bowdoin requests that this Court exercise its reasonable discretion under Rule 60 of the Federal Rules of Civil Procedure, granting the relief requested.

Specifically Claimant Bowdoin respectfully requests that the Court reissue Orders 156 and 163, and vacate Order 166.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| *S/ Michael R.N. McDonnell* | *S/ Charles A. Murray* |
| Michael R.N. McDonnel, Esq. | Charles A. Murray, Esq. |
| 5150 Tamiami Trail North | 27911 Crown Lake Blvd., Suite 223 |
| New Gate Tower, Suite 501 | Bonita Springs, Florida 34135 |
| Naples, Florida 34103 | Tel:         239- 649-7773 |
| Tel:         239-434-7711 | Facsimile:    239- 262-3517 |
| Facsimile:    877-613-7485 | |
| Attorney for Thomas A. Bowdoin, Jr. | Attorney for Thomas A. Bowdoin, Jr. |

### CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing motion and accompanying memorandum has been delivered this 20th day of January 2010, by regular United States Mail with sufficient postage affixed thereto to insure delivery thereof to Vasu Muthyala DC Bar #496935 Assistant United States Attorney, U.S. Attorney's Office, Criminal Division, 555 Fourth Street, N.W., Washington, D.C. 20530 and Barry Wiegand, U.S. ATTORNEY'S OFFICE, 555 Fourth Street, N.W Room 4818, Washington, D.C. 20530.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| *S/ Michael R.N. McDonnell* | *S/ Charles A. Murray* |
| Michael R.N. McDonnel, Esq. | Charles A. Murray, Esq. |
| Attorney for Thomas A. Bowdoin, Jr. | Attorney for Thomas A. Bowdoin, Jr. |

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-1345 (RMC) |
| v. | ) | ECF |
| | ) | |
| 8 GILCREASE LANE, QUINCY | ) | |
| FLORIDA 32351, *ET AL.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____/ | | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60

I. **"Manifest Injustice" – Prohibited by Fed. R. Civ. P. 60(b) – Will Result if Bowdoin is Deprived of the Opportunity to Defend His Claims on their Merits.**

Fed. R. Civ. P. 60(b) states that

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . . or (6) any other reason justifying relief from the operation of the judgment.

A. **The Orders at Issue Were Reached, at Least in Part, as a Result of Judicial Mistake Resulting from an Unknown Clerical and/or Electronic Transmission Error, and Therefore These Orders Must Be Vacated.**

The Defendants recognize that a Rule 60(b) motion is not a substitute for direct appeal, although appeal will be sought by Claimant Bowdoin should this motion be denied. *See Browder v. Director, Ill, Dep't of Corr.*, 434 U.S. 257, 263 n.7 (1978). It is unassailable

that the federal courts have powers under Rule 60 to correct their errors, within the prescribed time limits, in the exercise of sound discretion. *United States v. Civil Aeronautics Bd.*, 510 F.2d 769 (D.C. Cir. 1975).

> B.   **The Orders at Issue Were Reached After a Failure By the Claimants to File a Responsive Pleading, an Omission that Was the Result of "Excusable Neglect**."

According to Federal Rule of Civil Procedure 60(b), a party can obtain relief from judgment when said judgment was obtained as a result of excusable neglect on the part of the movant. In *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993), the Supreme Court stated then when reviewing claims of relief from a judgment due to excusable neglect, the following factors must be considered, in that the inquiry

> is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer*, 507 U.S. at 395.  Importantly, the Rule 60(b) "excusable neglect" showing allows movants to win relief from a final judgment, also allowing the court, "where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances *beyond the party's control*." *Pioneer*, 507 U.S. at 388 (emphasis added).  Here, Bowdoin experienced intervening circumstances beyond his control.  As a result, entry of

3

default judgment was inequitable, and this final judgment should be vacated pursuant to Rule 60(b), as requested, so as to allow Bowdoin to defend on the merits.

> A motion for relief from a default judgment should be granted when, as in the case at bar, the *defendants have not willfully defaulted*, the set-aside of the default will not prejudice the plaintiff, and the defendants have alleged a meritorious defense.

*Jackson v. Beech*, 636 F.2d 831, 832, 205 U.S.App.D.C. 84, 85 (C.A.D.C., 1980) (emphasis added).

The Rule 60(b) "excusable neglect" inquiry

> is equitable in nature and other factors must be considered. Relevant are whether the movant: (1) *received actual notice of the proceeding*; (2) acted in good faith; (3) presented a prima facie adequate defense; and (4) acted promptly upon discovery of the judgment. Also considered is whether the non-moving party would be prejudiced by the setting aside of the judgment.

*Clark v. Moler*, 418 A.2d 1039, 1043 (D.C. Ct. App. 1980) (emphasis added).

The Defendant submits that the required pleadings to be filed in response to the November 10, 2009, November 16, 2009 and January 4, 2010 orders can be filed within the time requirements set forth in the rules (or upon an order of this Court), immediately upon this Court's reissuing of the referenced orders. The Defendant is not aware of any prejudice that would be suffered by the Plaintiff by allowing trial on the merits, as opposed to unnoticed default judgment to determine the outcome of this in rem action. The Defendants note that the Government has repeatedly sought and received extensions to file or supplement its's filings. Due process and equity require that the Defendants be afforded a notice and opportunity to defend, as well as an enlargement of time to file appropriate responses.

In circumstances where a forfeiture claimant is not given actual notice of a motion for default judgment, due process and equity demand that such claimant be relieved from the default judgment entered, so as to be afforded the opportunity to oppose on the merits:

4

> [T]he government was aware . . . of the existence of the . . . potential claimants. As notice was not given to parties known to the government as potential claimants, the default judgment must be set aside, and the Appellants must be heard as parties.

*U.S. v. $4,224,958.57*, 392 F.3d 1002, 1005 (9th Cir. 2004). Due process is impaired when claimants are not granted the opportunity to chose between opposing a properly noticed motion for default, or knowingly allowing the action to be defaulted: "[In] [f]orfeiture actions . . . in rem . . . . it is up to all claimants *who received proper notice* to choose at their peril between pressing their claims or permitting the matter to go by default." *U.S. v. Bleasby*, 257 F.2d 278, 280-81 (3rd Cir. 1958) (emphasis added).

The Defendants next submit that good cause existed in this matter permitting for the setting aside of the entry of default. First, the default was not willful. Second, if the orders of November 10, 2009, November 16, 2009 and January 4, 2010 were set-aside, it would not prejudice the Plaintiff, as it does not prevent the Plaintiff from pursuing any of its arguments or gathering evidence in support thereof. Third, the Defendants possess meritorious arguments in regards to the claims to the seized res. As such, this court should find that the Defendants' omission in failing to respond to the filings related to the January 4, 2010 default judgment was made to good faith mistake, inadvertence, surprise, or excusable neglect, pursuant to Rule 60(b), and vacate and reissue the Orders of November 10, 2009, November 16, 2009 and vacate the Order of January 4, 2010.

### C.   The Orders at Issue, If Permitted to Stand, Would Result in a Manifest Injustice.

The Defendants submit that the instant case falls within the purview of Rule 60(b)(6), which allows for this court to grant relief based upon "any other" reason not mentioned throughout Rule 60(b). This safety provision allows for the court to correct those situations in

which an equitable remedy is necessary to avoid manifest injustice. *Kramer v. Gates*, 481 F.3d 788 (D.C. Cir. 2007). Generally, a movant under Fed.R.Civ.P. 60(b)(6) must demonstrate exceptional circumstances that have caused a prevention of relief through the "usual channels." *Brooks v. Ferguson-Florissant School District*, 113 F.3d 903, 904-05 (8th Cir. 1997).

In the instant case, the Defendants seek to have their meritorious claims that were not properly evaluated by the district court, evaluated by the Court of Appeal. Due process requires that the Defendants be afforded an opportunity to respond to this Court's Order to Show Cause. As the Defendants had no notice of the impending default judgment, and therefore no opportunity to defend, they seek, as a matter of law and fact, relief under Fed.R.Civ.P. 60(b)(6). As such, the Defendants' submit that this Court should grant the instant motion for relief, as their positions are well supported in fact and law.

## CONCLUSION

The Defendants' submit that the instant situation is ripe for relief pursuant to Fed. R. Civ. P. 60(b). The failure of the Court to grant the relief requested would effectively deny the Defendants access to the channels of relief by applying improper facts and law to reach its decision. Had the court been aware of the facts and circumstances surrounding the Defendants' failure to file a Notice of Appeal and respond to this Court's Order to Show Cause, it would not have entered its Order of January 4, 2010. 166 For these reasons, the Defendants request that this Court grant their motion for relief and reissue Orders 156, 163 and vacate 166.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| **S/ Michael R.N. McDonnell** | **S/ Charles A. Murray** |
| Michael R.N. McDonnel, Esq. | Charles A. Murray, Esq. |
| 5150 Tamiami Trail North | 27911 Crown Lake Blvd., Suite 223 |
| New Gate Tower, Suite 501 | Bonita Springs, Florida 34135 |
| Naples, Florida 34103 | Tel:        239- 649-7773 |
| Tel:        239-434-7711 | Facsimile:    239- 262-3517 |
| Facsimile:    877-613-7485 | |
| Attorney for Defendants | Attorney for Defendants |

7