UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-1345 (RMC) |
| ) | |
| 8 GILCREASE LANE, QUINCY ) | |
| FLORIDA 32351, *etc., et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | ECF |

**PLAINTIFF UNITED STATES GOVERNMENT'S OPPOSITION TO
MOTION FOR RELIEF FROM THE JUDGMENT,** *etc.*

*COMES NOW*, plaintiff, the United States of America, by and through the United States Attorney for the District of Columbia, to oppose Mr. Thomas A. Bowdoin's Rule 60 motion for relief from judgment. To be granted, Rule 60 motions must show "extraordinary circumstances", and Mr. Bowdoin's motion never articulates any. Nor does Mr. Bowdoin ever identify any actual error committed by this Court, much less one that warrants Rule 60 relief. Further, Mr. Bowdoin's Rule 60 motion conflates two separate and independent supposed bases for relief, bases that do not exist in this case. Thus, neither the equities nor the law support granting Mr. Bowdoin's motion. The Court must deny it.

**SUMMARY OF ARGUMENT**

Mr. Bowdoin's multiple defaults do not create a right to extraordinary relief under Rule 60. Mr. Bowdoin, no longer a claimant in this case, is out of time either to take an appeal from the Court's November 10th ruling or to file a return to a show-cause order that had a December deadline. Consequently, in an attempt to fix these unexplained failures, Mr. Bowdoin now asks the Court to accord him extraordinary relief by re-issuing or vacating three separate orders. He has failed to offer

any facts supporting existence of extraordinary circumstances that would warrant the relief he seeks. Mr. Bowdoin withdrew his claim in this case in January 2009, more than a year ago. Nine months later, on November 10, 2009, this Court denied Mr. Bowdoin's various attempts to rescind that withdrawal of his claim. From that ruling, Mr. Bowdoin never noted an appeal. Nor did Mr. Bowdoin ever file an opposition to the government's subsequent motion for a default judgment and final forfeiture order.[1] Now, out-of-time, and without any valid complaints about the Court's procedures, Mr. Bowdoin asks the Court to vacate three orders so he can seek relief to which he is not entitled. On this record, and without more, the Court must deny Mr. Bowdoin's motion.

## BACKGROUND AND PROCEDURAL HISTORY:

1.      On August 5, 2009, the United States government brought this civil action to forfeit 17 defendant properties as proceeds of a nationwide internet-based fraud. The forfeiture complaint alleged that illegal "Ponzi-style" or "pyramid" schemes, known as AdSurfDaily (ASD) and Golden Panda, had bilked many millions of dollars out of thousands persons who had sent money to the schemes' operators. According to the complaint, fifteen of the defendant properties were sums of money that had been swindled from the fraud victims, and two were pieces of land bought with such funds. Since then, in orders dated July 24, 2009, and January 4, 2010, the Court declared the defendant properties forfeit to the government. Their value exceeds $80 million.[2]

---

[1] This is all the more striking because this Court gave all interested persons extra time to raise objections, more than a month, rather than the 11 days normally given to file an opposition. During this period, when Mr. Bowdoin could have tried to show cause why forfeiture should not be decreed, he filed a pleading on another subject altogether. Mr. Bowdoin's failure to note an appeal from the denial of his motion to rescind the withdrawal of his claim, and his separate failure to answer the order to show cause are two independent defaults, which his Rule 60 motion conflates. The Rule 60 motion blurs these points to try create a single instance of excusable neglect compounded by an alleged lack of notice, not supported by the facts in the record.

[2] On July 24, 2009, the Court declared forfeited to the government five of the defendant properties, funds totalling $14,048,598.07. These were proceeds of the "Golden Panda" scheme.

2.      The forfeiture complaint alleged that Mr. Bowdoin played the leading role in running ASD's fraud. Ten of defendant properties were funds in bank accounts held in Mr. Bowdoin's name as sole proprietor, doing business as AdSurfDaily. The funds totalled $65,838,999.70.

3.      On August 15, 2008, Mr. Bowdoin, AdSurfDaily, Inc., and Bowdoin Harris Enterprises, Inc., submitted "Verified Claims Of Claimants" to contest the forfeiture. See Docket Entry No. 6.[3] In particular, Mr. Bowdoin's claim sought to oppose forfeiture of the funds seized from the "Bowdoin-ASD" bank accounts. Thereafter, the Court conducted a two-day evidentiary hearing on September 30-October 1, 2008, to consider various motions made on behalf of Mr. Bowdoin and his interests. Mr. Bowdoin declined to testify at the hearing, or even to appear.

4.      In a lengthy opinion issued November 11, 2008, the Court denied the motion to return funds and to dismiss. See Docket Entry No. 35. Among other things, the Court noted that, by whatever means the funds were derived, "they were deposited in accounts in Mr. Bowdoin's personal name and subject to his sole control." United States v. 8 Gilcrease Lane, *etc. et al.*, Civil Action No. 08-1345 (RMC), Mem. Op. at 6 (D.D.C. Nov. 11, 2008) (Docket Entry No. 35).

5.      In its 23-page opinion, the Court painstakingly analyzed ASD's assertions to be a legitimate business, rather than a fraudulent Ponzi scheme. The Court found these lacking on every point. "Without a demonstrable cadre of true customers, it cannot be said that ASD has demonstrated that it offers a legitimate product . . . ." *Id*. at 18; see also *id*. at 17 ("ASD has failed to rebut the Government's allegation that it fulfills the first element of a Ponzi scheme"). Further, the Court found that ASD had "failed to demonstrate, on this record, that the ASD business model

---

Mr. Bowdoin has never claimed an interest in these funds.

[3] Citations in this motion and memorandum to "Docket Entry No. 'X'" refer to the document filed in this case's official Court file and recorded by that docket entry number on the Court's electronic case file, which can be accessed through the PACER system.

constitutes a legitimate business." Id. at 19.

6.  In short, Mr. Bowdoin had his day in Court, although he refused to explain his scheme personally at the hearing that he had requested. Ultimately, the Court rejected every claim he made for relief. Thereafter, on January 13, 2009, through counsel, Mr. Bowdoin filed a "Motion For Leave To Withdraw Claims, Release Of Claims To Seized Property, And Consent To Forfeiture" – the other claimants under Mr. Bowdoin's control joined in the motion. See Docket Entry No. 39.[4]

7.  On January 22, 2009, the Court granted Mr. Bowdoin's motion and held that "Claimants' claims [Docket Entry No. 6] are deemed withdrawn." Docket Entry No. 41 at 2. Thereafter, Mr. Bowdoin tried to rescind his decision to withdraw his claim. See, e.g., Docket Entry Nos. 66-67, 131. On November 10, 2009, this Court denied Mr. Bowdoin's "motion to rescind his withdrawal of claims . . ." United States v. 8 Gilcrease Lane, etc. et al., Civil Action No. 08-1345 (RMC), Mem. Op. (D.D.C. Nov. 10, 2009); Docket Entry Nos. 155-156. The core of the ruling was that Mr. Bowdoin had carefully calculated the benefits to him of withdrawing his claims and how best to advance his personal interests by doing so. Therefore, now that Mr. Bowdoin had re-appraised this calculation, he should not be allowed to return to his prior status as a claimant in this case, simply because his assessment of advantages had shifted.[5]

---

[4] The motion stated: "Claimants, AdSurfDaily, Inc., Thomas A. Bowdoin, Jr. and Bowdoin & Harris Enterprises, Inc., . . . withdraw and release *with prejudice* the verified claims they filed in this civil forfeiture action. Claimants consent to the forfeiture of the properties for which they have asserted claims . . . and expressly announce their intention to not contest the Government's forfeiture efforts against the properties for which they have asserted claims." Emphasis added.

[5] Repeatedly, Mr. Bowdoin has styled himself the "defendant" in this forfeiture action, and he continues to do so in his most recent motion. This terminology is misleading at best. In a civil forfeiture action *in rem*, the defendants are the properties the government seeks to forfeit. Persons who seek to oppose forfeiture are claimants. Mr. Bowdoin did file a claim, but that never made him a defendant, merely a claimant. Of course, Mr. Bowdoin ceased to be even that on January 22, 2009.

8.      Of particular interest to Mr. Bowdoin's current motion, in its opinion of November 10, 2010, the Court rejected all of Mr. Bowdoin's arguments that he was entitled to relief under Rule 60(b). That is precisely the vehicle that Mr. Bowdoin uses to underpin his current motion. Regardless, despite having 60 days to do so, Mr. Bowdoin never noted an appeal from this ruling.

9.      Shortly after the Court's November 10th decision, the government moved for a default judgment and final order of forfeiture of the remaining defendant properties, that is, the Bowdoin-related fraud proceeds. See Docket Entry No. 161. This occurred November 17, 2009. At the time, there were no remaining claimants in the case.

10.     Although the Court's electronic case filing (ECF) system transmits each docketed pleading to all counsel who have entered an appearance, the government took extra steps to ensure that Mr. Bowdoin got notice of its motion for default judgment and final forfeiture. This included sending a copy of the motion by e-mail to one of Mr. Bowdoin's counsel. See Exhibit No. 1 (copy of e-mail from government counsel transmitting motion).

11.     At the time of the government's final forfeiture motion in November 2009, the court's local rules permitted 11 days for a party to file an opposition to a motion. See LCvR 7(b). As the rules permit, the Court elected almost to treble the time anyone could oppose a default judgment and final order of forfeiture: On November 20, 2009, the Court Ordered "that on or before December 20, 2009, potential claimant(s) shall **SHOW CAUSE** in writing why the Court should not grant Plaintiff's Motion for Entry of Default Judgment and Judgment of Forfeiture . . . ." United States v. 8 Gilcrease Lane, *etc. et al.*, Civil Action No. 08-1345 (RMC) (D.D.C. Nov. 20, 2009) (emphasis in original); Docket Entry No. 163.

12.     No returns to the show cause order were filed, nor were there any filings opposing

the motion for a default judgment and final forfeiture order. The only filings on this case's docket between November 20 and December 20, 2009, are Mr. Bowdoin's motion to disqualify the trial judge, and the Court's denial of it, which were entered on December 17 and 18, 2009, respectively. See Docket Entry Nos. 164-165.

13. Ultimately, the Court waited until after the New Year, January 4, 2010, before granting the motion for default judgment and final forfeiture order. See Docket Entry No. 166. Thus any person wishing to oppose the final forfeiture motion had 45 days to file a pleading to do so. No filings have been made nor any appeal noted.

14. On January 20, 2010, Mr. Bowdoin filed a "Motion For Relief From The Judgment Pursuant To Federal Rule Of Civil Procedure 60." In it, Mr. Bowdoin asked the Court to "reissue Orders 156 and 163, and vacate Order 166." These are: (1) The order denying Mr. Bowdoin's attempt to retract his withdrawal of his claims; (2) the order to show-cause why the Court should not grant the default judgment and final forfeiture motion; and, (3) the final order of forfeiture.

**LEGAL STANDARDS AND GOVERNING LAW**:

"Rule 60(b)(1) provides that a court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." FG Hemisphere Associates, LLC v. Democratic Republic Of Congo, 371 U.S.App.D.C. 60, 63, 447 F.3d 835, 838 (2006). "The Supreme Court has noted that courts should grant Rule 60(b)(6) motions only in "extraordinary circumstances." Kramer v. Gates, 375 U.S.App.D.C. 292, 295-296, 481 F.3d 788, 791-792 (2007) (citing Ackermann v. United States, 340 U.S. 193, 199 (1950) and Gonzalez v. Crosby, 545 U.S. 524, 535 (2005)). "We have similarly observed that Rule 60(b)(6) 'should be only sparingly used' and may not 'be employed simply to rescue a litigant from strategic choices that later turn out to be improvident.'"

<mark>
</mark>
<mark>
</mark>
<mark>
</mark>

Kramer v. Gates, *supra*, 375 U.S.App.D.C. at 296, 481 F.3d at 792 (citing Good Luck Nursing Home, Inc. v. Harris, 204 U.S.App.D.C. 300, 305, 636 F.2d 572, 577 (1980)).

Generally, "a party seeking relief on grounds of excusable neglect [must] assert a potentially meritorious defense." FG Hemisphere Associates, LLC v. Democratic Republic Of Congo, supra, 371 U.S.App.D.C. at 67, 447 F.3d at 842; see also Murray v. District of Columbia, 311 U.S.App.D.C. 204, 206-207, 52 F.3d 353, 355-56 (1995) (potentially meritorious defense is precondition for Rule 60(b) relief because movant must show "that vacating the judgment will not be an empty exercise or a futile gesture."); Lepkowski v. United States Dep't of Treasury, 256 U.S.App.D.C. 281, 285, 804 F.2d 1310, 1314 (1986) ("motions for relief under Rule 60(b) are not to be granted unless the movant can demonstrate a meritorious claim or defense").

"The party seeking relief from judgment bears the burden of proof." Rufo v. Inmates of Suffolk Co. Jail, 502 U.S. 367, 383-384 (1992); accord Gates v. Syrian Arab Republic, 646 F.Supp. 79, 83 (D.D.C. 2009). Moreover, Mr. Bowdoin does not make explicit which subsection of Rule undergirds his 60(b) motion support his pleading. This Court stated on November 10, 2009, relief under Rule 60(b)(6) "is not available unless the other clauses (1) through (5) are inapplicable," United States v. 8 Gilcrease Lane, *etc. et al.*, *supra*, Mem. Op. at 5 (D.D.C. Nov. 10, 2009), and "it should only be applied in extraordinary circumstances." *Id*. "The [Supreme] Court has underscored the stringency of the Rule by holding that the catch-all provision, Rule 60(b)(6), is mutually exclusive with the grounds for relief in the other provisions of Rule 60(b) . . . ." Kramer v. Gates, *supra*, 375 U.S.App.D.C. at 296, 481 F.3d at 792 (citing Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 393 (1993)). "In short, [movants] must clear a very high bar to obtain relief under Rule 60(b)(6)." *Id*.

**ARGUMENT**:

1. Mr. Bowdoin's Rule 60 motion should be denied as meritless. Mr. Bowdoin's pleading fails to show any sufficient grounds for excusable neglect under Rule 60(b), nor does his pleading allege any extraordinary circumstances. Last, as this Court has previously ruled, Mr. Bowdoin cannot allege facts sufficient to support an otherwise meritorious claim to warrant the relief he now seeks. It is impossible to evaluate Mr. Bowdoin's motion favorably because it conflates two distinct matters: (1) his failure to take an appeal from the ruling of November 11, 2009, that he could not rescind his withdrawal; and, (2) his failure to file anything to oppose the government's default judgment and forfeiture motion, because he had no notice that such a motion was pending. The entire thrust of Mr. Bowdoin's motion is that the same rationale – some combination of lack of notice and excusable neglect – justifies vacating two entirely separate rulings. When examined clearly, this rationale is impenetrably illogical.

***This Court should deny Mr. Bowdoin's request to re-issue its Decision of November 10, 2009***:

2. With respect to re-issuing the order of November 10, 2009, Mr. Bowdoin's Rule 60 motion cannot withstand scrutiny. First, he was on notice of the ruling. Second, he has not articulated any excusable neglect – the neglect he mentions seems to do with the other ruling he wants re-issued (November 20, 2009), not this one. Third, the motion identifies no error in the ruling of November 10, 2009, so it never presents a *prima facie* argument for reversing it.

3. Contrary to Mr. Bowdoin's implication in his Rule 60 motion, the text of his "Motion For Disqualification Of Judge" filed December 17, 2009, shows that he was aware of the Court's ruling on November 10, 2009. See Docket Entry No. 164. In the accompanying Memorandum Of Law In Support Of Motion For Disqualification Of Judge, Mr. Bowdoin stated:

> In the present case, in a Memorandum Opinion filed on November 11, 2009, [*sic*] the Honorable Judge Rosemary M. Collyer denied co-claimant Thomas A. Bowdoin, Jr.'s Rule 60(b) motion to vacate a prior Order by the Court approving his ill-advised release of claims regarding the property the subject of this *in rem* forfeiture action. Supporting her reasoning in denying the Rule 60(b) motion, the Honorable Judge Collyer evidenced personal bias and prejudgment, stating that if Bowdoin were found eventually guilty of the criminal charges being now investigated by a grand jury, but upon which no indictment has yet been issued, Bowdoin "*will face* a term of incarceration *for sure*." . . . (emphasis added)."

Memorandum of Law, etc., at 4.[6]

4. Plainly, on December 17, 2009, at the very latest, Mr. Bowdoin was on notice of the Court's November 10th ruling. Indeed, it appears that this was the basis of the disqualification motion. On this record, lack of notice of the Court's ruling cannot possibly support any Rule 60 request for the Court to re-issue the order of November 10, 2009. Ultimately, the Court denied the disqualification motion the very next day, December 18, 2009. See Docket Entry No. 165. 6.[7]

5. Mr. Bowdoin's citation to Federal Rule of Appellate Procedure "4(B)" is inapposite and illogical.[8] Mr. Bowdoin asserts that the rule required the Court to wait 60 days from its decision of November 10, 2009, before entering a final order of forfeiture. In this view, the Court committed error on January 4, 2010, when granting the government's motion for default judgment and final forfeiture order. Even accepting *arguendo* the erroneous premise about Fed.R.App.4, this cannot justify re-issuing the ruling of November 10, 2009. If error there were under Fed.R.App. 4, it

---

[6] The Court's order and memorandum opinion denying Mr. Bowdoin's Motion to Rescind Release of Claims were signed and entered on November 10, 2009. See Docket Entry Nos. 155-156.

[7] Even if Mr. Bowdoin somehow had decided, as a tactical maneuver, to file the disqualification motion *in lieu* of noting an appeal from the November ruling, he knew that the disqualification motion had been denied well before the deadline for noting an appeal. Indeed, from December 18, 2009, until that deadline in January 2010, Mr. Bowdoin still had a week shy of a month to note an appeal. He never did so.

[8] Based upon the language quoted, the citation probably should be F.R.App.P. 4(a)(1)(B).

logically must have inhered in the issuance of the forfeiture order on January 4, 2010 – not in the original ruling back in November.  If it could be error to wait only 57 days before issuing a final order in January, that January error cannot infect the original November ruling.  In short, Mr. Bowdoin has failed to articulate any grounds rising to the level of excusable neglect to support the Court re-issuing the order of November 10, 2009.[9]

***This Court should deny Mr. Bowdoin's request to re-issue its Decision of November 20, 2009***:

6.      Mr. Bowdoin's request that the Court also re-issue the order of November 20, 2009, is equally meritless.  Mr. Bowdoin cannot possibly show the meritorious defense necessary to grant a Rule 60 motion.  When the Court issued the "show-cause" order on November 20, 2009, the Court re-affirmed that Mr. Bowdoin was not a claimant or party to the case – and had not been for ten months.  As a result, it's nearly inconceivable that, as a non-claimant, non-party to a forfeiture action, Mr. Bowdoin somehow could have "shown cause" why the Court should not issue a final order of forfeiture, as the government had requested.

7.      Indeed, it is this very conundrum that explains why Mr. Bowdoin has conflated lack of notice and excusable neglect in his motion.  Unless the Court revises the earlier ruling that Mr. Bowdoin has irrevocably withdrawn from the case, it will make no difference if the Court then re-issues the later order to show cause.  If Mr. Bowdoin is not a claimant, he logically cannot show

---

[9] All that Fed.R.App. 4(a)(1)(B) states is: When the United States . . . is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered."  Mr. Bowdoin's allegation of error presupposes that the Federal Rules of Appellate Procedure creates an enforceable right estopping the Court from taking any action in a case for 60 days after any substantive ruling.  Nothing in Fed.R.App. 4(a)(1)(B) states that a District Court must wait 60 days before it may issue a final judgment.  Unsurprisingly, Mr. Bowdoin has cited no authority for such a reading of Rule 4(b).

Mr. Bowdoin also relies on the premise that Fed.R.App. 4(a)(1)(b) governs  this case in this Court, at a time when no appeal has been noted. Nothing in the Rule's language sustains this.

cause why the forfeiture should not be decreed.

8.  Mr. Bowdoin fares no better in his request for the Court to re-open the "show-cause process." Mr. Bowdoin specifically asserts that he never received notice of the show-cause order of November 20, 2010, and this is why he never filed a return to the order by December 20, 2009. To accept this assertion, of course, requires the Court to believe two remarkable things: (1) that the ECF notice of the show-cause order never reached Mr. Bowdoin, who also never checked a $65 million case's PACER docket sheet for a month; and, (2) when Mr. Bowdoin filed his disqualification motion by ECF on December 17, 2009, he did not notice the Court's show-cause order, which immediately precedes the disqualification motion on the PACER docket sheet. See Docket Entry Nos. 163 & 164.

9.  Regardless, Mr. Bowdoin asserts lack of actual notice – his motion states: "In circumstances where a forfeiture claimant is not given actual notice of a motion for default judgment, due process and equity demand that such claimant be relieved from the default judgment entered, so a to be afforded the opportunity to oppose on the merits." This contention does not justify granting the motion. Mr. Bowdoin received actual notice that the government had filed a motion for a default judgment and final order of forfeiture. As noted, the government sent an e-mail to counsel, which included as three attachments the this case's (a) Default Affidavit Default; (b) motion for a default judgment and final order of forfeiture; and, (c) the proposed order to enter a default judgment and issue a final forfeiture decree. These attachments were in the "PDF" format to ensure that they could be easily read on the computer. See Exhibit 1 to this memorandum. Thus, Mr. Bowdoin was on actual notice of the motion for a default judgment.

10.  Even if Mr. Bowdoin were not on actual notice, his argument does not apply to him

("due process and equity demand that [an non-noticed forfeiture] claimant be relieved from the default judgment entered, so a to be afforded the opportunity to oppose on the merits.")  To the extent due process and equity might shield a potential forfeiture claimant from the harshness of a default judgment, Mr. Bowdoin is not in the same position.  A potential claimant whose car has been forfeited in a proceeding of which the claimant was utterly ignorant might have an argument for Rule 60 rescission.  But, Mr. Bowdoin was on notice for at least 15 months of the forfeiture proceedings.  He actually had his day in Court, he simply chose not to appear for it.  Mr. Bowdoin has had a succession of counsel and has had the opportunity to advance every argument against the forfeiture.  Having had his say, Mr. Bowdoin chose to withdraw from the case, and then received full consideration from this Court when he wanted to re-enter the matter.  In short, he is not now in a position to claim Rule 60 relief because he had no notice nor opportunity to defend on the merits.  Mr. Bowdoin had both notice and sufficient opportunity to litigate the merits.  Therefore, the Court should deny his motion.

      **WHEREFORE**, plaintiff respectfully prays this Honorable Court to deny Mr. Bowdoin's Rule 60 motion in all respects.

      Respectfully submitted,

      */s/ Channing Phillips*
CHANNING PHILLIPS, D.C. Bar No. 415793
UNITED STATES ATTORNEY

      */s/ Deborah L. Connor*
DEBORAH L. CONNOR, D.C. Bar No. 452414
Assistant United States Attorney

      */s/ Barry Wiegand*
BARRY WIEGAND, D.C. Bar No. 424288
Assistant  United States Attorney
Criminal Division, Asset Forfeiture Unit

555 Fourth Street, N.W., Fourth Floor
Washington, D.C. 20530
(202) 307-0299
William.B.Wiegand@USDoJ.Gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have caused the foregoing PLAINTIFF UNITED STATES GOVERNMENT'S OPPOSITION TO MOTION FOR RELIEF FROM THE JUDGMENT, *etc.*, to be filed through the Court's ECF system on or before the ninth day of February 2010. As of this date, the only other parties to this action were the defendant properties, which are inanimate objects not represented by counsel. Further, I have transmitted this pleading by e-mail to Mr. Charles A. Murray, Esq.

 /s/ *Barry Wiegand*
Barry Wiegand